1   DAVID C. SHONKA
    Acting General Counsel
2   SARAH WALDROP
    MICHELLE SCHAEFER
3   Attorneys
    Federal Trade Commission
4   600 Pennsylvania Avenue NW
    Mailstop CC-9528
5   Washington, DC 20580
    Telephone: 202-326-3444 (Waldrop)
6   Telephone: 202-326-3515 (Schaefer)
    Facsimile: 202-326-3197
7   Email: swaldrop@ftc.gov, mschaefer@ftc.gov

8   STEVEN W. MYHRE
    Acting United States Attorney
9   BLAINE T. WELSH
    Assistant United States Attorney
10  Nevada Bar No. 4790
    333 Las Vegas Blvd. South, Suite 5000
11  Las Vegas, Nevada 89101
    Phone: 702-388-6336
12  Facsimile: 702-388-6787
    Email: blaine.welsh@usdoj.gov

13
    *Attorneys for Plaintiff Federal Trade Commission.*
14

                    **2:17-cv-02000-APG-GWF**

15          **UNITED STATES DISTRICT COURT**

16              **DISTRICT OF NEVADA**

17  FEDERAL TRADE COMMISSION,              )
    Plaintiff,                            )  Case No:
18                                         )
    v.                                     )
19                                         )  **FILED UNDER SEAL**
    REVMOUNTAIN, LLC, a Nevada limited     )
20  liability company,                     )
                                           )
21  ROADRUNNER B2C, LLC, also d/b/a        )
    REVGO, a Nevada limited liability company, )
22                                         )  **COMPLAINT FOR PERMANENT**
    WAVE ROCK, LLC, a Nevada limited       )  **INJUNCTION AND OTHER**
23  liability company,                     )  **EQUITABLE RELIEF**
                                           )
24  JUNIPER SOLUTIONS, LLC, a Nevada       )
    limited liability company,             )
25                                         )
    JASPER WOODS, LLC, a Nevada limited    )
26  liability company,                     )
                                           )
27  WHEELER PEAK MARKETING, LLC, a         )

28

                            1

Nevada limited liability company,   )

ROIRUNNER, LLC, a Nevada limited   )
liability company,   )

CHERRY BLITZ, LLC, a Nevada limited   )
liability company,   )

FLAT IRON AVENUE, LLC, a Nevada   )
limited liability company,   )

ABSOLUTELY WORKING, LLC, a Nevada   )
limited liability company,   )

THREE LAKES, LLC, a Nevada limited   )
liability company,   )

BRIDGE FORD, LLC, a Nevada limited   )
liability company,   )

HOW AND WHY, LLC, a Nevada limited   )
liability company,   )

SPRUCE RIVER, LLC, a Nevada limited   )
liability company,   )

TRIMXT, LLC, a Nevada limited liability   )
company,   )

ELATION WHITE, LLC, a Nevada limited   )
liability company,   )

IVORYPRO, LLC, a Nevada limited liability   )
company,   )

DOING WHAT'S POSSIBLE, LLC, a   )
Nevada limited liability company,   )

REVGUARD, LLC, a Colorado limited   )
liability company,   )

REVLIVE!, LLC, a Colorado limited liability   )
company,   )

BLUE ROCKET BRANDS, LLC, a   )
Colorado limited liability company,   )

CONVERTIS, LLC, a Colorado limited   )
liability company,   )

CONVERTIS MARKETING, LLC, a   )
Colorado limited liability company,   )

1   TURTLE MOUNTAINS, LLC, a Colorado   )
    limited liability company,                          )
2                                                       )
    BOULDER BLACK DIAMOND, LLC, a        )
3   Colorado limited liability company,           )
                                                        )
4   MINT HOUSE, LLC, a Colorado limited  )
    liability company,                               )
5                                                       )
    THUNDER AVENUE, LLC, a Colorado      )
6   limited liability company,                       )
                                                        )
7   UNIVERSITY & FOLSOM, LLC, a           )
    Colorado limited liability company,           )
8                                                       )
    BOULDER CREEK INTERNET               )
9   SOLUTIONS, INC., a Colorado corporation, )
                                                        )
10  WALNUT STREET MARKETING, INC., a     )
    Colorado corporation,                           )
11                                                      )
    SNOW SALE, LLC, a Colorado limited    )
12  liability company,                               )
                                                        )
13  BRAND FORCE, LLC, a Colorado limited  )
    liability company,                               )
14                                                      )
    WILD FARMS, LLC, a Colorado limited   )
15  liability company,                               )
                                                        )
16  SALAMONIE RIVER, LLC, an Indiana      )
    limited liability company,                       )
17                                                      )
    INDIGO SYSTEMS, LLC, an Indiana        )
18  limited liability company,                       )
                                                        )
19  NIGHT WATCH GROUP, LLC, an Indiana    )
    limited liability company,                       )
20                                                      )
    NEWPORT CROSSING, LLC, an Indiana     )
21  limited liability company,                       )
                                                        )
22  GREENVILLE CREEK, LLC, an Indiana     )
    limited liability company,                       )
23                                                      )
    BROOKVILLE LANE, LLC, an Indiana      )
24  limited liability company,                       )
                                                        )
25  ANASAZI MANAGEMENT PARTNERS,         )
    LLC, a Wyoming limited liability company, )
26                                                      )
    HONEY LAKE, LLC, a Wyoming limited    )
27  liability company,                               )

28

1  
2   CONDOR CANYON, LLC, a Wyoming          )
    limited liability company,                            )
3                                                         )
    BRASS TRIANGLE, LLC, an Arizona        )
    limited liability company,                            )
4                                                         )
    SOLID ICE, LLC, an Arizona limited     )
5   liability company,                                    )
                                                          )
6   SANDSTONE BEACH, LLC, an Arizona       )
    limited liability company,                            )
7                                                         )
    DESERT GECKO, LLC, an Arizona limited  )
8   liability company,                                    )
                                                          )
9   BLIZZARDWHITE, LLC, an Arizona         )
    limited liability company,                            )
10                                                        )
    ACTION PRO WHITE, LLC, an Arizona      )
11  limited liability company,                            )
                                                          )
12  FIRST CLASS WHITENING, LLC, an         )
    Arizona limited liability company,                    )
13                                                        )
    SPARK WHITENING, LLC, an Arizona       )
14  limited liability company,                            )
                                                          )
15  TITANWHITE, LLC, an Arizona limited    )
    liability company,                                    )
16                                                        )
    DENTAL PRO AT HOME, LLC, an Arizona    )
17  limited liability company,                            )
                                                          )
18  SMILE PRO DIRECT, LLC, an Arizona      )
    limited liability company,                            )
19                                                        )
    CIRCLE OF YOUTH SKINCARE, LLC, an      )
20  Arizona limited liability company,                    )
                                                          )
21  DERMAGLAM, LLC, an Arizona limited     )
    liability company,                                    )
22                                                        )
    SEDONA BEAUTY SECRETS, LLC, an         )
23  Arizona limited liability company,                    )
                                                          )
24  BELLAATHOME, LLC, an Arizona limited   )
    liability company,                                    )
25                                                        )
    SKINNYIQ, LLC, an Arizona limited      )
26  liability company,                                    )
                                                          )
27  BODY TROPICAL, LLC, an Arizona limited )

28

1  liability company,                                    )
                                                         )
2  BLAIR MCNEA, individually and as an                   )
   officer of REVGUARD, LLC,                             )
3                                                        )
   DANIELLE FOSS, individually and as an                 )
4  officer of BLUE ROCKET BRANDS, LLC                    )
   and CONVERTIS, LLC,                                   )
5                                                        )
                          and                            )
6                                                        )
   JENNIFER JOHNSON, individually and as                 )
7  an officer of REVMOUNTAIN, LLC,                       )
                                                         )
8                          Defendants.                   )

9  ────────────────────────────────────

10         Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), for its

11 Complaint alleges:

12 1.  The FTC brings this action under Section 13(b) of the Federal Trade Commission Act

13     ("FTC Act"), 15 U.S.C. § 53(b), and Section 5 of the Restore Online Shoppers' Confidence

14     Act ("ROSCA"), 15 U.S.C. § 8404, to obtain permanent injunctive relief, rescission or

15     reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten

16     monies, and other equitable relief for Defendants' acts or practices in violation of Section

17     5(a) of the FTC Act, 15 U.S.C. § 45(a), and Section 4 of ROSCA, 15 U.S.C. § 8403, in

18     connection with Defendants' online marketing of personal care products.

19                          **JURISDICTION AND VENUE**

20 2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1345;

21     15 U.S.C. §§ 45(a) and 53(b); and Section 5(a) of ROSCA, 15 U.S.C. § 8404(a).

22 3.  Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2), (b)(3), (c)(2), and (c)(3), and

23     15 U.S.C. § 53(b).

24                               **PLAINTIFF**

25 4.  The FTC is an independent agency of the United States Government created by statute.  15

26     U.S.C. §§ 41-58.  The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which

27

28

1    prohibits unfair or deceptive acts or practices in or affecting commerce.  The FTC also

2    enforces ROSCA, 15 U.S.C. §§ 8401-8405.  ROSCA prohibits the sale of goods or services

3    on the Internet through negative option marketing without meeting certain requirements to

4    protect consumers.  A negative option is an offer in which the seller treats a consumer's

5    silence – their failure to reject an offer or cancel an agreement – as consent to be charged for

6    goods or services.

7    5.   The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to

8         enjoin violations of the FTC Act and ROSCA and to secure such equitable relief as may be

9         appropriate in each case, including rescission or reformation of contracts, restitution, the

10        refund of monies paid, and the disgorgement of ill-gotten monies.  15 U.S.C. §§ 53(b),

11        56(a)(2)(A), and 8404.

12                                          **DEFENDANTS**

13   6.   Defendant RevMountain, LLC, is a Nevada limited liability company with its principal

14        place of business at 7251 West Lake Mead Boulevard, Suite 310, Las Vegas, Nevada.

15        RevMountain transacts or has transacted business in this district and throughout the United

16        States.

17   7.   Defendant RoadRunner B2C, LLC, d/b/a RevGo, is a Nevada limited liability company with

18        its principal place of business at 1712 Pioneer Ave., Suite 459, Cheyenne, Wyoming.

19        RoadRunner B2C transacts or has transacted business in this district and throughout the

20        United States.

21   8.   Defendant Wave Rock, LLC, is a Nevada limited liability company with its principal place

22        of business at 1712 Pioneer Ave., Suite 528, Cheyenne, Wyoming.  Wave Rock transacts or

23        has transacted business in this district and throughout the United States.

24   9.   Defendant Juniper Solutions, LLC, is a Nevada limited liability company with its principal

25        place of business at 1712 Pioneer Ave., Suite 459, Cheyenne, Wyoming.  Juniper Solutions

26        transacts or has transacted business in this district and throughout the United States.

27

28

10. Defendant Jasper Woods, LLC, is a Nevada limited liability company with its principal place of business at 7455 Arroyo Crossing, Suite 220, Las Vegas, Nevada. Jasper Woods transacts or has transacted business in this district and throughout the United States.

11. Defendant Wheeler Peak Marketing, LLC, is a Nevada limited liability company with its principal place of business at 1712 Pioneer Ave., Suite 528, Cheyenne, Wyoming. Wheeler Peak Marketing transacts or has transacted business in this district and throughout the United States.

12. Defendant ROIRunner, LLC, is a Nevada limited liability company with its principal place of business at 410 Rampart Boulevard, Suite 390, Las Vegas, Nevada. ROIRunner transacts or has transacted business in this district and throughout the United States.

13. Defendant Cherry Blitz, LLC, is a Nevada limited liability company with its principal place of business at 7565 Commercial Way, Unit E, Henderson, Nevada. Cherry Blitz transacts or has transacted business in this district and throughout the United States.

14. Defendant Flat Iron Avenue, LLC, is a Nevada limited liability company with its principal place of business 2850 West Horizon Ridge Parkway, Suite 200, Henderson, Nevada. Flat Iron Avenue transacts or has transacted business in this district and throughout the United States.

15. Defendant Absolutely Working, LLC, is a Nevada limited liability company with its principal place of business at 5310 NE County Line Road, Erie, Colorado. Absolutely Working transacts or has transacted business in this district and throughout the United States.

16. Defendant Three Lakes, LLC, is a Nevada limited liability company with its principal place of business at 200 S. Virginia St., 8th Floor, Reno, Nevada. Three Lakes transacts or has transacted business in this district and throughout the United States.

17. Defendant Bridge Ford, LLC, is a Nevada limited liability company with its principal place of business at 1780 Washington St., #304, Denver, Colorado. Bridge Ford transacts or has transacted business in this district and throughout the United States.

18. Defendant How and Why, LLC, is a Nevada limited liability company with its principal place of business at 2850 West Horizon Ridge Parkway, Suite 200, Henderson, Nevada. How and Why transacts or has transacted business in this district and throughout the United States.

19. Defendant Spruce River, LLC, is a Nevada limited liability company with its principal place of business at 6671 South Las Vegas Boulevard, Building D, Suite 210, Las Vegas, Nevada. Spruce River transacts or has transacted business in this district and throughout the United States.

20. Defendant TrimXT, LLC, is a Nevada limited liability company with its principal place of business at 170 S. Green Valley Parkway, Suite 300, Henderson, Nevada. TrimXT transacts or has transacted business in this district and throughout the United States.

21. Defendant Elation White, LLC, is a Nevada limited liability company with its principal place of business at 170 South Green Valley Parkway, Suite 300, Henderson, Nevada. Elation White transacts or has transacted business in this district and throughout the United States.

22. Defendant IvoryPro, LLC, is a Nevada limited liability company with its principal place of business at 170 S. Green Valley Parkway, Suite 300, Henderson, Nevada. Ivory Pro transacts or has transacted business in this district and throughout the United States.

23. Defendant Doing What's Possible, LLC, is a Nevada limited liability company with its principal place of business at 170 S. Green Valley Parkway, Suite 300, Henderson, Nevada. Doing What's Possible transacts or has transacted business in this district and throughout the United States.

24. Defendant RevGuard, LLC, is a Colorado limited liability company with its principal place of business at 6260 Lookout Road, Boulder, Colorado. RevGuard transacts or has transacted business in this district and throughout the United States.

25. Defendant RevLive!, LLC, is a Colorado limited liability company with its principal place of business at 2011 Cherry Street, Suite 202, Louisville, Colorado. RevLive! transacts or has transacted business in this district and throughout the United States.

26. Defendant Blue Rocket Brands, LLC, is a Colorado limited liability company with its principal place of business at 2011 Cherry Street, Suite 202, Louisville, Colorado. Blue Rocket Brands transacts or has transacted business in this district and throughout the United States.

27. Defendant Convertis, LLC, is a Colorado limited liability company with its principal place of business at 6260 Lookout Road, Boulder, Colorado. Convertis transacts or has transacted business in this district and throughout the United States.

28. Defendant Convertis Marketing, LLC, is a Colorado limited liability company with its principal place of business at 6260 Lookout Road, Boulder, Colorado. Convertis Marketing transacts or has transacted business in this district and throughout the United States.

29. Defendant Turtle Mountains, LLC, is a Colorado limited liability company with its principal place of business at 6331 Snowberry Lane, Niwot, Colorado. Turtle Mountains transacts or has transacted business in this district and throughout the United States.

30. Defendant Boulder Black Diamond, LLC, is a Colorado limited liability company with its principal place of business at 6331 Snowberry Lane, Niwot, Colorado. Boulder Black Diamond transacts or has transacted business in this district and throughout the United States.

31. Defendant Mint House, LLC, is a Colorado limited liability company with its principal place of business at 9233 Park Meadows Drive, Lone Tree, Colorado. Mint House transacts or has transacted business in this district and throughout the United States.

32. Defendant Thunder Avenue, LLC, is a Colorado limited liability company with its principal place of business at 100 Fillmore Street, Floor 5, Denver, Colorado. Thunder Avenue transacts or has transacted business in this district and throughout the United States.

33. Defendant University & Folsom, LLC, is a Colorado limited liability company with its principal place of business at 9800 Mount Pyramid Court, Suite 400, Englewood, Colorado. University & Folsom transacts or has transacted business in this district and throughout the United States.

34. Defendant Boulder Creek Internet Solutions, Inc., is a Colorado corporation with its principal place of business at 390 Interlocken Crescent, 3rd Floor, Broomfield, Colorado. Boulder Creek Internet Solutions transacts or has transacted business in this district and throughout the United States.

35. Defendant Walnut Street Marketing, Inc., is a Colorado corporation with its principal place of business at 11001 West 120th Avenue, Suite 400, Broomfield, Colorado. Walnut Street Marketing transacts or has transacted business in this district and throughout the United States.

36. Defendant Snow Sale, LLC, is a Colorado limited liability company with its principal place of business at 4845 Pearl East Circle, Suite 101, Boulder, Colorado. Snow Sale transacts or has transacted business in this district and throughout the United States.

37. Defendant Brand Force, LLC, is a Colorado limited liability company with its principal place of business at 357 S. McCaslin Boulevard, Suite 200, Louisville, Colorado. Brand Force transacts or has transacted business in this district and throughout the United States.

38. Defendant Wild Farms, LLC, is a Colorado limited liability company with its principal place of business at 2 West Dry Creek Circle, Suite 100, Littleton, Colorado. Wild Farms transacts or has transacted business in this district and throughout the United States.

39. Defendant Salamonie River, LLC, is an Indiana limited liability company with its principal place of business at 9465 Counselors Row, Suite 200, Indianapolis, Indiana. Salamonie River transacts or has transacted business in this district and throughout the United States.

40. Defendant Indigo Systems, LLC, is an Indiana limited liability company with its principal place of business at 8888 Keystone Crossing Suite 1300, Indianapolis, Indiana. Indigo Systems transacts or has transacted business in this district and throughout the United States.

41. Defendant Night Watch Group, LLC is an Indiana limited liability company with its principal place of business at 450 E. 96th St., Suite 500, Indianapolis, Indiana.  Night Watch Group transacts or has transacted business in this district and throughout the United States.

42. Defendant Newport Crossing, LLC, is an Indiana limited liability company with its principal place of business at 3815 River Crossing Parkway, Suite 100, Indianapolis, Indiana. Newport Crossing transacts or has transacted business in this district and throughout the United States.

43. Defendant Greenville Creek, LLC, is an Indiana limited liability company with its principal place of business at 201 North Illinois Street, 16th Floor, South Tower, Indianapolis, Indiana.  Greenville Creek transacts or has transacted business in this district and throughout the United States.

44. Defendant Brookville Lane, LLC, is an Indiana limited liability company with its principal place of business at 10475 Crosspoint Boulevard, Suite 250, Indianapolis, Indiana. Brookville Lane transacts or has transacted business in this district and throughout the United States.

45. Defendant Anasazi Management Partners, LLC, is a Wyoming limited liability company with its principal place of business at 1712 Pioneer Ave., Suite 251, Cheyenne, Wyoming. Anasazi Management Partners transacts or has transacted business in this district and throughout the United States.

46. Defendant Honey Lake, LLC, is a Wyoming limited liability company with its principal place of business at 1712 Pioneer Ave., Suite 528, Cheyenne, Wyoming.  Honey Lake transacts or has transacted business in this district and throughout the United States.

47. Defendant Condor Canyon, LLC, is a Wyoming limited liability company with its principal place of business at 1712 Pioneer Ave., Suite 459, Cheyenne, Wyoming.  Condor Canyon transacts or has transacted business in this district and throughout the United States.

48. Defendant Brass Triangle, LLC, is an Arizona limited liability company with its principal place of business 4600 East Washington Street, Suite 300 Phoenix, Arizona. Brass Triangle transacts or has transacted business in this district and throughout the United States.

49. Defendant Solid Ice, LLC, is an Arizona limited liability company with its principal place of business at 1910 S. Stapley Drive, Suite 221, Mesa, Arizona.  Solid Ice transacts or has transacted business in this district and throughout the United States.

50. Defendant Sandstone Beach, LLC, is an Arizona limited liability company with its principal place of business at 3420 East Shea Blvd., Suite 200, Phoenix, Arizona. Sandstone Beach transacts or has transacted business in this district and throughout the United States.

51. Defendant Desert Gecko, LLC, is an Arizona limited liability company with its principal place of business at 1 East Washington Street, Suite 500, Phoenix, Arizona.  Desert Gecko transacts or has transacted business in this district and throughout the United States.

52. Defendant Blizzardwhite, LLC, is an Arizona limited liability company with its principal place of business at 7702 East Doubletree Ranch Road, #300, Scottsdale, Arizona.  Blizzard White transacts or has transacted business in this district and throughout the United States.

53. Defendant Action Pro White, LLC, is an Arizona limited liability company with its principal place of business at 7702 East Doubletree Ranch Road, Suite 300, Scottsdale, Arizona. Action Pro White transacts or has transacted business in this district and throughout the United States.

54. Defendant First Class Whitening, LLC, is an Arizona limited liability company with its principal place of business at 7702 East Doubletree Ranch Road, Suite 300, Scottsdale, Arizona.  First Class Whitening transacts or has transacted business in this district and throughout the United States.

55. Defendant Spark Whitening, LLC, is an Arizona limited liability company with its principal place of business at 7702 East Doubletree Ranch Road, Suite 300, Scottsdale, Arizona. Spark Whitening transacts or has transacted business in this district and throughout the United States.

56. Defendant Titanwhite, LLC, is an Arizona limited liability company with its principal place of business at 7702 East Doubletree Ranch Road, #300, Scottsdale, Arizona. Titanwhite transacts or has transacted business in this district and throughout the United States.

57. Defendant Dental Pro At Home, LLC, is an Arizona limited liability company with its principal place of business at 7702 East Doubletree Ranch Road, #300, Scottsdale, Arizona. Dental Pro At Home transacts or has transacted business in this district and throughout the United States.

58. Defendant Smile Pro Direct, LLC, is an Arizona limited liability company with its principal place of business at 7702 East Doubletree Ranch Road, #300, Scottsdale, Arizona. Smile Pro Direct transacts or has transacted business in this district and throughout the United States.

59. Defendant Circle of Youth Skincare, LLC, is an Arizona limited liability company with its principal place of business at 7702 East Doubletree Ranch Road, #300, Scottsdale, Arizona. Circle of Youth Skincare transacts or has transacted business in this district and throughout the United States.

60. Defendant DermaGlam, LLC, is an Arizona limited liability company with its principal place of business at 7702 East Doubletree Ranch Road, #300, Scottsdale, Arizona. DermaGlam transacts or has transacted business in this district and throughout the United States.

61. Defendant Sedona Beauty Secrets, LLC, is an Arizona limited liability company with its principal place of business at 7702 East Doubletree Ranch Road, #300, Scottsdale, Arizona. Sedona Beauty Secrets transacts or has transacted business in this district and throughout the United States.

62. Defendant Bellaathome, LLC, is an Arizona limited liability company with its principal place of business at 7702 East Doubletree Ranch Road, Suite 300, Scottsdale, Arizona. Bellaathome transacts or has transacted business in this district and throughout the United States.

1    63. Defendant SkinnyIQ, LLC, is an Arizona limited liability company with its principal place

2        of business at 7702 East Doubletree Ranch Road, #300, Scottsdale, Arizona.  SkinnyIQ

3        transacts or has transacted business in this district and throughout the United States.

4    64. Defendant Body Tropical, LLC, is an Arizona limited liability company with its principal

5        place of business at 7702 East Doubletree Ranch Road, #300, Scottsdale, Arizona.  Body

6        Tropical transacts or has transacted business in this district and throughout the United

7        States.

8    65. Defendant Blair McNea directly or indirectly owns or controls all of the entities listed in

9        Paragraphs 6-64 above (collectively, "Corporate Defendants").  He is the founder and CEO

10       of Defendant RevGuard, the founder of Defendants RevMountain and Boulder Black

11       Diamond, and the organizer of Defendants Anasazi Management Partners, Jasper Woods,

12       Turtle Mountains, and Convertis.  He also has signed corporate filings on behalf of

13       Defendants Condor Canyon, Thunder Avenue, University & Folsom, and How and Why,

14       and he is, or has been, a signatory to at least 73 of the operation's bank accounts, including

15       accounts for 12 now-defunct entities and 39 of the currently active Corporate Defendants.

16       At all times material to this Complaint, acting alone or in concert with others, he has

17       formulated, directed, controlled, had the authority to control, or participated in the acts and

18       practices of the Corporate Defendants, including the acts and practices set forth in this

19       Complaint.  Defendant Blair McNea, in connection with the matters alleged herein, transacts

20       or has transacted business in this district and throughout the United States.

21   66. Defendant Danielle Foss is senior vice president of Defendant Blue Rocket Brands.  She has

22       signed corporate filings on behalf of Defendants Bridge Ford, Absolutely Working, Flat Iron

23       Avenue, Wave Rock, Salamonie River, How and Why, Condor Canyon, Sandstone Beach,

24       Three Lakes, Mint House, and Doing What's Possible.  She is, or has been, a signatory to at

25       least 30 of the operation's bank accounts held by 22 of the Corporate Defendants.  At all

26       times material to this Complaint, acting alone or in concert with others, she has formulated,

27       directed, controlled, had the authority to control, or participated in the acts and practices of

28

14

1   the Corporate Defendants, including the acts and practices set forth in this Complaint.

2   Defendant Danielle Foss, in connection with the matters alleged herein, transacts or has

3   transacted business in this district and throughout the United States.

4   67. Defendant Jennifer Johnson is the CEO of Defendant RevMountain. She has signed

5   corporate filings on behalf of Defendants Salamonie River, Sandstone Beach, Desert Gecko,

6   Brass Triangle, Indigo Systems, Greenville Creek, Thunder Avenue, Doing What's

7   Possible, University & Folsom, ROIRunner, and RevMountain. She is, or has been, the

8   signatory to at least 23 of the operation's bank accounts for 23 separate Corporate

9   Defendants. At all times material to this Complaint, acting alone or in concert with others,

10   she has formulated, directed, controlled, had the authority to control, or participated in the

11   acts and practices of the Corporate Defendants, including the acts and practices set forth in

12   this Complaint. Defendant Jennifer Johnson, in connection with the matters alleged herein,

13   transacts or has transacted business in this district and throughout the United States.

14   **COMMON ENTERPRISE**

15   68. Since at least 2013, Defendants have conducted the business practices described below

16   through an interrelated network of 78 companies that have common ownership, officers,

17   managers, business functions, employees, office locations, and bank accounts. Defendants

18   frequently create, and occasionally abandon, LLCs, leaving 59 currently active Corporate

19   Defendants and 19 defunct LLCs in their corporate structure. Each Corporate Defendant

20   plays a role – whether merchant entity, holding company, or service provider – in a unified

21   continuity plan operation.

22   69. Defendants Blair McNea, Danielle Foss, and Jennifer Johnson serve as officers and

23   organizers of many of the Corporate Defendants.

24   70. The Corporate Defendants share a single warehouse in Nevada and employ shared mailbox

25   locations in several states that forward mail to two Boulder-area offices. Further, the

26   companies commingle funds in corporate bank accounts, regularly transfer funds between

27   corporate accounts, and use unified sales techniques.

28

71. Because the Corporate Defendants operate as a common enterprise, each of them is jointly and severally liable for the acts and practices alleged below.

72. Defendants Blair McNea, Danielle Foss, and Jennifer Johnson have formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise.

## COMMERCE

73. At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

74. Since the mid-2000s, the Defendants have sold personal care products online through negative option marketing – charging consumers monthly for auto-shipments unless consumers take action to cancel.

75. Defendants obtain consumers' credit-card information for these charges by enticing consumers to sign up for a low-cost "trial" product.

76. Among other goods, Defendants currently sell tooth-whitening products through negative option trial marketing under various names, including:  Smile Vitalize, Smile Pro Direct, First Class Whitening, Whitening Coach, Action Pro, Bella at Home, and Innovation White.

77. Different Corporate Defendants fulfill different roles within the negative option operation, from credit-card processing to web services to product packing and shipping.

78. Defendants RevLive, RevGuard, RevMountain, RoadRunner B2C (d/b/a RevGo), and Blue Rocket Brands provide back-end support to Defendants' scheme.  RoadRunner/RevGo warehouses, packs, and ships Defendants' products from the operation's warehouse in Henderson, Nevada.  RevGuard provides "A/B testing" for the merchant websites. RevMountain provides "traffic monetization."  RevLive! provides call centers to receive cancellation requests and complaints.  Blue Rocket Brands manages the merchant entities.

79. Defendants Convertis, Convertis Marketing, Anasazi Management Partners, Turtle Mountains, Salamonie River, Honey Lake, Wave Rock, Condor Canyon, Juniper Solutions, Jasper Woods, Wheeler Peak Marketing, ROIRunner, Boulder Black Diamond, and Cherry Blitz hold central bank accounts used by the Defendants to move money and pay affiliate networks and other third-party vendors. These companies also act as intermediary holding companies in the operation's corporate structure.

80. Defendants Brass Triangle, Flat Iron Avenue, Indigo Systems, Solid Ice, Sandstone Beach, Absolutely Working, Three Lakes, Mint House, Thunder Avenue, Doing What's Possible, University & Folsom, Greenville Creek, Brookville Lane, Newport Crossing, Night Watch Group, Boulder Creek Internet Solutions, Bridge Ford, Walnut Street Marketing, How and Why, Desert Gecko, Snow Sale, Spruce River, Blizzard White, Action Pro White, Brand Force, Wild Farms, TrimXT, Elation White, IvoryPro, First Class Whitening, Spark Whitening, Titanwhite, Dental Pro At Home, Smile Pro Direct, Circle of Youth Skincare, DermaGlam, Sedona Beauty Secrets, Bellaathome, SkinnyIQ, and Body Tropical obtain merchant accounts to process consumers' credit-card payments and bank accounts to receive the credit-card settlements for purchases from Defendants' websites.

**Defendants' Websites**

81. Defendants own and operate at least 87 websites offering personal care products, including tooth-whitening products.

82. Many of Defendants' websites make trial offers associated with negative option plans. These websites include: whiteningcoach.com, firstclasswhitening.com, smileprodirect.com, smilevitalize.com, and titanwhite.com.

83. Defendants drive traffic to their trial-offer websites through "affiliate networks." "Affiliates," or advertisers, link to Defendants' websites from traffic generators such as blog posts, surveys, and banner advertisements.

84. For example, one affiliate network drove traffic to Defendants' trial-offer sites through emails inviting consumers to fill out "customer satisfaction surveys" for trusted merchants,

including department store Kohl's and online retailer Amazon. In fact, the surveys were not affiliated with these retailers. Their emails asked consumers to answer a series of questions about their "satisfaction" with the named retailers. At the end of the survey, the affiliate marketer offered consumers a choice of "rewards" for participating in the survey. In numerous instances, the affiliate directed consumers who clicked on the tooth-whitening reward to one of Defendants' websites offering trial products for $1.03 plus shipping, including the sites listed in Paragraph 82.

85. Defendants pay their affiliate networks for each click or trial signup generated by the network's advertisements. For example, from January 2010 through October 2012, Defendants paid affiliate network Acquinity Interactive, LLC, $31 to $33 for each consumer who clicked through from an Acquinity advertisement and signed up for one of Defendants' $1.03 trials.

86. In many instances, Defendants' websites have both a "back-door" landing page, displayed only when a consumer reaches the page through affiliate marketing links, and a "front-door" version displayed when a consumer navigates directly to the domain by typing in the URL or searching through a search engine.

87. The "front-door" versions of Defendants' sites generally do not offer trial products. In a few instances, the "front-door" sites offer the option to sign up for monthly billing and cancel at no cost within a short period, but the sites do not make trial offers. Defendants list the URLs for their "front-door" sites in their applications to banks for merchant accounts.

88. The "back-door" versions of Defendants' sites – the versions consumers actually see after clicking on an affiliate advertisement – invariably and prominently offer low-cost trials.

89. Defendants' "back-door" landing pages are substantially similar to one another. For example, landing pages for First Class Whitening, Whitening Coach, Titan White, and Smile Vitalize use the same text, graphics, and user interface.

90. These landing pages do not contain any information about recurring shipments or monthly charges for enrollment in a negative option continuity plan.

91. The back-door landing pages direct consumers to provide their address information in a section titled "TELL US WHERE TO SEND YOUR TRIAL TODAY!"  The contact form has a large green "RUSH MY TRIAL" button at the bottom.

92. If consumers input their information, and click "Rush my Trial," they are taken to a checkout page.  The checkout page prominently displays information about the cost of the trial: "Price $1.03; TOTAL $1.03 + S&P."  The page directs consumers to enter their credit card information, and a large blue arrow directs them to click a blinking yellow "Complete Checkout."  The "Complete Checkout" button is the only button on the page.

93. At the bottom of the checkout page, below the blue arrow and blinking "Complete Checkout" button, there is a ten-line block of small-print gray text against a white background.  The checkout page within each of Defendant's "back-door" websites contains nearly identical text.  For example, the text on the First Class Whitening payment page reads:

> Risk Free Trial Terms and Conditions: 1. You must be 18 years old or older to participate in this Risk Free Trial. 2. You must use your own credit card or debit card. 3. Start your Risk Free Trial now to receive a trial supply of First Class Whitening. You simply invest $1.03, plus a S&P fee of up to $3.87, to evaluate this great teeth whitening product for yourself. 4. Your credit card will be charged the selected S&P charge above. 5. If First Class Whitening is not right for you, call 1-866-221-1656 within 8 days from your order date to cancel your trial and you owe nothing more. 6. By participating in the Risk Free Trial, you are getting the rate of $94.31 a discount of 40% off of the normal retail price and you will be responsible for taking affirmative action during the Risk Free Trial period to avoid further charges outlined in How the Offer Works. 7. By clicking on the button above, you are agreeing to the terms and conditions in How the Offer Works, including the Arbitration and Waiver of Class Actions section. 8. You may call 1-877-530-9637 anytime to contact customer service regarding your shipment.

94. If consumers scroll to the bottom of the page, past the checkout button, and click a link labeled "How the Offer Works," a pop-up window is displayed that states, in the second paragraph:

> We'll enter you into our First Class Whitening Club. With the Club you'll get a package of First Class Whitening Teeth Whitening Pens so you can maintain your whiter teeth. (8) days from the date of order processing, unless you decide to take an action to cancel (by calling our customer service center at 1-877-530-9637 or www.FirstClassWhitening.com), we'll conveniently bill your credit card $94.31 for the full 30 day First Class Whitening System. Plus, you'll also get a package of First Class

Whitening Teeth Whitening Pens about every 30 days. All this at the same monthly in-home price you paid for the original First Class Whitening System plus $10.91 in shipping, conveniently billed to your credit card.

95. Defendants' other "back-door" landing pages contain the same text behind the same hyperlink, with only the product name, telephone number, trial length (usually 8 to 10 days, depending on the product), and cancellation URL changed.

96. Once consumers click "Complete Checkout" on the payment page, Defendants enroll them in a negative option plan. Consumers receive a month's supply of the tooth whitening product and Defendants charge them approximately $100 every month unless and until they affirmatively cancel the plan.

97. Defendants begin charging consumers for monthly shipments approximately eight to ten days after consumers place the trial order (depending on the offer), even if the consumer has not yet received the "trial" product.

98. Consumers initially receive a single shipment containing two containers of tooth whitening product. One is the "trial" container, and the other is the first month's shipment under the negative option plan.

99. Even consumers who cancel the plan within the prescribed period after ordering the products are, in some instances, billed $94.31 for the initial shipment unless they return the first shipment at their own expense.

100.    Many consumers who click "Complete Checkout" to obtain a trial product do so without realizing that they will incur monthly charges.

**Upsell Offers**

101.    In numerous instances, after consumers click "complete checkout" on the payment page as described in Paragraphs 92 to 95 above, Defendants' websites display an additional page. This page contains the name of the initial product in the upper left corner and displays an image that looks like a coupon for a different whitening product. Below the coupon image is the same block of gray text described in paragraph 93 above. Below the gray text is a

1   large yellow button labeled "Complete Checkout." The "Complete Checkout" button is the

2   only button on the page.

3   102.   If consumers click the "Complete Checkout" button on this page, they receive a second

4   trial tooth whitening product and are enrolled in a second negative option plan for an

5   additional $100 per month. Consumers who click the second "Complete Checkout" button

6   will therefore receive two sets of tooth whitening solutions and have approximately $200

7   monthly billed to the credit card provided during the initial transaction.

8   103.   The second "Complete Checkout" button appears to be a reconfirmation of consumers'

9   original order, and nothing on the upsell page alerts consumers that clicking it will initiate a

10   second order. Many consumers who click the second "Complete Checkout" button do not

11   realize that clicking it will initiate a new transaction and enroll them in a second monthly

12   billing program.

13   <u>**VIOLATIONS OF THE FTC ACT**</u>

14   104.   Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or

15   practices in or affecting commerce."

16   105.   Misrepresentations or deceptive omissions of material fact constitute deceptive acts or

17   practices prohibited by Section 5(a) of the FTC Act.

18   **COUNT I**

19   **Misrepresentation of the Price of Trial Offers**

20   106.   In numerous instances, in connection with the advertising, marketing, promotion,

21   offering for sale, or sale of tooth whitening products, Defendants represented, directly or

22   indirectly, expressly or by implication, that: (a) Defendants will charge consumers only a

23   nominal fee (*e.g.*, $1.03) plus shipping and handling costs for a one-time trial shipment; and

24   (b) clicking through Defendants' pages will complete a single transaction for a single

25   product.

26   107.   In truth and in fact, in numerous instances, (a) Defendants charge consumers monthly

27   fees of about $100 per product in addition to the initial nominal fee and shipping costs, and

28

1  (b) clicking through Defendants' pages completes two transactions and enrolls consumers in

2  monthly subscriptions for two separate products.

3  108.   Therefore, Defendants' representations described in Paragraph 106 are false, and

4  constitute a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C.

5  § 45(a).

6  **VIOLATIONS OF THE RESTORE ONLINE SHOPPERS' CONFIDENCE ACT**

7  109.   In 2010, Congress passed the Restore Online Shoppers' Confidence Act, 15 U.S.C.

8  §§ 8401 et seq., which became effective on December 29, 2010.  Congress passed ROSCA

9  because "[c]onsumer confidence is essential to the growth of online commerce.  To continue

10  its development as a marketplace, the Internet must provide consumers with clear, accurate

11  information and give sellers an opportunity to fairly compete with one another for

12  consumers' business."  Section 2 of ROSCA, 15 U.S.C. § 8401.

13  110.   Section 4 of ROSCA, 15 U.S.C. § 8403, generally prohibits charging consumers for

14  goods or services sold in transactions effected on the Internet through a negative option

15  feature, as that term is defined in the Commission's Telemarketing Sales Rule ("TSR"), 16

16  C.F.R. § 310.2(w), unless the seller (1) clearly and conspicuously discloses all material

17  terms of the transaction before obtaining the consumer's billing information, (2) obtains the

18  consumer's express informed consent before making the charge, and (3) provides a simple

19  mechanism to stop recurring charges.  15 U.S.C. § 8403.

20  111.   The TSR defines a negative option feature as a provision in an offer or agreement to sell

21  or provide any goods or services "under which the customer's silence or failure to take an

22  affirmative action to reject goods or services or to cancel the agreement is interpreted by the

23  seller as acceptance of the offer."  16 C.F.R. § 310.2(w).

24  112.   As described in Paragraphs 74 to 103 above, Defendants have advertised and sold tooth

25  whitening products through a negative option feature as defined by the TSR.  16 C.F.R. §

26  310.2(w).

27

28

113.   Pursuant to Section 5 of ROSCA, 15 U.S.C. § 8404, a violation of ROSCA is a violation of a rule promulgated under Section 18 of the FTC Act, 15 U.S.C. § 57a.

## COUNT II

### Illegal Negative Option Marketing

114.   In numerous instances, in connection with charging consumers for tooth whitening products sold in transactions effected on the Internet through a negative option feature, Defendants failed to:

    a.    clearly and conspicuously disclose all material terms of the transactions before obtaining the consumers' billing information, including:  (i) the total cost of the transactions; (ii) that Defendants automatically enroll consumers in monthly negative option plans; (iii) that consumers must affirmatively cancel the plans to avoid charges; and

    b.    disclose before obtaining consumers' billing information that consumers who complete the transaction are purchasing two separate products with separate monthly negative option plans; and

    c.    obtain consumers' express informed consent before charging the consumers' credit cards, debit cards, bank accounts, or other financial accounts for products or services through such transactions.

115.   Defendants' acts or practices, as described in Paragraph 114 above, violate Section 4 of ROSCA, 15 U.S.C. § 8403.

## **CONSUMER INJURY**

116.   Consumers have suffered and will continue to suffer substantial injury because of Defendants' violations of the FTC Act and ROSCA.  In addition, Defendants have been unjustly enriched because of their unlawful acts or practices.  Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

1    **THIS COURT'S POWER TO GRANT RELIEF**

2    117.    Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant

3    injunctive and such other relief as the Court may deem appropriate to halt and redress

4    violations of any provision of law enforced by the FTC.  The Court, in the exercise of its

5    equitable jurisdiction, may award ancillary relief, including rescission or reformation of

6    contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies,

7    to prevent and remedy any violation of any provision of law enforced by the FTC.

8    **PRAYER FOR RELIEF**

9    118.    Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b),

10    Section 5 of ROSCA, 15 U.S.C. § 8404, and the Court's own equitable powers, requests that

11    the Court:

12    A.    Enter a permanent injunction to prevent future violations of the FTC Act and

13    ROSCA by Defendants;

14    B.    Award such relief as the Court finds necessary to redress injury to consumers

15    resulting from Defendants' violations of the FTC Act and ROSCA, including, but

16    not limited to, rescission or reformation of contracts, restitution, the refund of

17    monies paid, and the disgorgement of ill-gotten monies; and

18    C.    Award Plaintiff the costs of bringing this action, as well as such other and additional

19    relief as the Court may determine to be just and proper.

20

21    Respectfully submitted this 24th day of July, 2017.

22    DAVID C. SHONKA
Acting General Counsel

23

24    /s/ Sarah Waldrop
SARAH WALDROP

25    MICHELLE SCHAEFER
Attorneys

26    Federal Trade Commission
600 Pennsylvania Ave. NW

27    Mailstop CC-9528
Washington, DC 20580

28

24

Telephone: 202-326-3444 (Waldrop
Telephone: 202-326-3515 (Schaefer)
Facsimile: 202-326-3197
Email: swaldrop@ftc.gov, mschaefer@ftc.gov

STEVEN W. MYHRE
Acting United States Attorney
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Phone: 702-388-6336
Facsimile: 702-388-6787
Email: blaine.welsh@usdoj.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION