# FILED UNDER SEAL

DAVID C. SHONKA
Acting General Counsel
SARAH WALDROP
MICHELLE SCHAEFER
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue NW
Mailstop CC-9528
Washington, DC 20580
Telephone: 202-326-3444 (Waldrop)
Telephone: 202-326-3515 (Schaefer)
Facsimile: 202-326-3197
Email: swaldrop@ftc.gov, mschaefer@ftc.gov

STEVEN W. MYHRE
Acting United States Attorney
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Phone: 702-388-6336
Facsimile: 702-388-6787
Email: blaine.welsh@usdoj.gov

*Attorneys for Plaintiff Federal Trade Commission*

2:17-cv-02000-APG-GWF

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> REVMOUNTAIN, LLC, *et al.*, <br><br> Defendants. | Case No: <br><br> **FILED UNDER SEAL** <br><br> **PLAINTIFF FEDERAL TRADE COMMISSION'S EMERGENCY *EX PARTE* MOTION TO TEMPORARILY SEAL DOCKET AND ENTIRE FILE AND MEMORANDUM IN SUPPORT** |

Plaintiff Federal Trade Commission ("FTC") respectfully moves *ex parte* for an order temporarily sealing the entire docket and file in this matter, including this Motion, the Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), the Emergency Motion for *Ex Parte* Temporary Restraining Order ("TRO Motion"), and all other pleadings, exhibits, and

1

documents filed in support. A Court order sealing the entire docket until the Defendants are served, or until five (5) days after the Court enters the seal order, is necessary to prevent immediate and irreparable harm to the FTC's ability to obtain effective final relief in this matter.

In support of this Motion, the FTC states as follows:

1. The FTC requests that the seal of the entire docket and file remain in effect until it has served all Defendants, or until five (5) days following the entry of an order to seal the file, whichever occurs first.

2. As alleged in the Complaint, and described more fully in the TRO Motion and accompanying exhibits, this case concerns Defendants' online sales scam. Defendants tout cheap "trial" offers for personal-care products to obtain consumers' credit-card information. Defendants use deceptive websites to lure consumers in with $1.03 offers of product samples. Once they obtain card numbers, defendants begin charging consumers about $200 per month for regular shipments of products they did not order or want. Defendants' unauthorized charges have triggered more than a thousand consumer complaints and exceptionally high credit-card chargeback rates.

3. Defendants' deceptive practices violate Section 5(a) of the FTC Act, 15 U.S.C. §45(a), and Section 4 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8403.

4. As set forth in the Rule 65(b)(1) Certification of Plaintiff's counsel Sarah Waldrop in support of the TRO Motion, there is good cause for an order to temporarily seal the file and docket in this case. The FTC requests a temporary seal of the entire file for the same reason that it seeks a temporary restraining order pending a preliminary injunction hearing—namely, to maintain the *status quo* and to preserve the possibility of final relief.

5.      A temporary seal will help ensure that Defendants do not receive premature notice of this action directly or through third parties. Entry of an *ex parte* order temporarily sealing the file is consistent with the purpose of Fed. R. Civ. P. 65(b), which permits motions without notice to prevent "immediate irreparable injury, loss, or damage."

6.      If Defendants become aware of the FTC's case before the FTC can secure Defendants' records and serve the TRO on third parties that hold Defendants' assets, such as banks and payment processors, there is substantial risk that Defendants might conceal or dissipate assets or destroy documents, frustrating the FTC's law enforcement efforts and the Court's ability to provide restitution to the victims of Defendants' unlawful scheme.

7.      As detailed in the FTC's TRO Motion, Defendants' ongoing negative option marketing scheme demonstrates that they are likely to dissipate and hide assets and destroy evidence upon notice of the Complaint. Indeed, Blair McNea and his co-conspirators, Defendants Danielle Foss and Jennifer Johnson, take apparent steps to evade law enforcement detection though an intricate network of nested LLCs, bank accounts and continuous money transfers, dummy websites, and employees who provide cover to Defendants by using their own names to form LLCs and open merchant accounts.

8.      In fact, McNea has a history of trying to sidestep law enforcement. In 2014, the FTC sought information from his companies in connection with litigation against an affiliate network McNea had hired. McNea abruptly abandoned the LLCs the FTC had asked about and closed all of his bank accounts. McNea told the FTC he was shutting down his business at that time, but instead, he merely reorganized his operation by conducting his business under new names and opening new accounts. He then continued to run the business in the same way, operating websites that ensnared consumers with deceptive "trial" offers.

3

9. The public's interest in preserving the Court's ability to award monetary relief outweighs its interest in having access to the judicial records of this matter during the short seal period.

10. Moreover, this seal is narrowly tailored to its express purpose of preventing notice prior to service. Many courts in this district have granted similar relief in FTC enforcement cases. *See, e.g., FTC v. Health Formulas, LLC*, et al., No. 01649 (D. Nev. Oct. 9, 2014) (granting application to seal entire docket pending service on defendants); *FTC v. Ideal Fin. Sols., Inc., et al.*, No. 13-00143 (D. Nev. Jan. 30, 2011) (same); *FTC v. Ivy Capital, Inc., et al.*, No. 11-00283 (D. Nev. Feb. 22, 2011) (same); *FTC v. Grant Connect, LLC, et al.*, No. 09-01349 (D. Nev. July 28, 2009) (same); *FTC v. Infusion Media, Inc., et al.*, No. 09-01112 (D. Nev. June 23, 2009) (same); *FTC v. ERG Ventures, LLC*, No. 06-00578 (D. Nev. Oct. 31, 2006) (same); *FTC v. Global Net Sols., Inc.*, No. 05-0002 (D. Nev. Jan. 3, 2005) (same), *FTC v. Moneymaker*, No. 2:11-cv-00461 (D. Nev. Mar. 28, 2011) (same).

11. In light of the above, the FTC respectfully requests that the Court enter the accompanying proposed order to seal the entire file and docket in this matter until Defendants have been served, or until five (5) days following entry of the Court's sealing order, whichever occurs first.

Respectfully submitted this 24th day of July, 2017.

/s/ SARAH WALDROP
SARAH WALDROP
MICHELLE SCHAEFER
Attorneys for Plaintiff Federal Trade Commission

4

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>REVMOUNTAIN, LLC, *et al.*,<br><br>Defendants. | Case No:<br><br>**FILED UNDER SEAL**<br><br>**ORDER TO TEMPORARILY SEAL DOCKET AND ENTIRE FILE** |

**THIS MATTER** is before the Court upon Plaintiff Federal Trade Commission's Emergency *Ex Parte* Motion to Temporarily Seal the Docket and Entire File. The Court has considered the merits of said Motion. Accordingly, after due consideration, it is:

**ORDERED** that Plaintiff's Emergency *Ex Parte* Motion to Temporarily Seal the Docket and Entire File is hereby **GRANTED**. It is further:

**ORDERED** that the Clerk of the Court is hereby **DIRECTED** to file and maintain said case under seal and to maintain the seal until the Defendants are served, or five (5) days after the Court enters the seal order, whichever occurs first, after which point the Clerk or the Court shall unseal the docket and entire file without further notice or hearing. Plaintiff shall notify the Clerk of the Court if it serves all Defendants before the expiration of the five (5) days.

**IT IS SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE

DATED: 7/24/2017

1