# EXHIBIT 5

## CASE NO. 2:17-cv-02000-APG-GWF

Copy of *FTC v. Burnlounge, Inc.,* Case No. 2:07-cv-03654-GW-FMO (C.D. Ca. Aug. 8, 2007), Stipulated Preliminary Injunction Order, ECF No. 83

# ORIGINAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. **2:07-cv-03654-GW-FMO** |
| Plaintiff | [Proposed] **STIPULATED PRELIMINARY INJUNCTION ORDER WITH ASSET FREEZE, REQUIRED ACCOUNTING, AND OTHER EQUITABLE RELIEF AS TO DEFENDANT JOHN TAYLOR** |
| v. | |
| BURNLOUNGE, INC., a corporation; JUAN ALEXANDER ARNOLD, an individual; JOHN TAYLOR, an individual; ROB DEBOER, an individual; and SCOTT ELLIOTT, an individual, | |
| Defendants. | |



FILED
CLERK, U.S DISTRICT COURT

AUG - 8 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ✔
Send ✔
Enter _____
Closed _____
JS-5/JS-6 _____
JS-2/JS-3 _____
Scan Only _____

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), having filed a Complaint for Injunctive and Other Equitable Relief, including redress to consumers, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), and having moved for an order to show cause why a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure and C.D. Ca. L.R. 65-1, and the Court having considered Complaint, declarations, exhibits, memorandum of points and authorities, and other material filed by the parties, finds that:

1.   This Court has jurisdiction of the subject matter of this case and there is good cause to believe it will have jurisdiction of all parties hereto;

2.   There is good cause to believe that venue properly lies with this Court;

3.   There is good cause to believe that the Individual Defendant John Taylor has engaged and is likely to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that the Commission is therefore likely to prevail on the merits of this action.

DOCKETED ON CM

AUG - 8 2007

BY _____ 009

4. The evidence set forth in the "Plaintiff Federal Trade Commission's Memorandum of Points and Authorities Supporting the Application for a Noticed *Ex Parte* Temporary Restraining Order" and in the accompanying exhibits, and all other documents filed by the parties show that the Individual Defendants engaged in a classic pyramid scheme in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a). In accordance with Fed. R. Civ. P. 65, good cause therefore exists for issuing this preliminary injunction. Furthermore, to preserve the Court's ability to grant effective relief, there is good cause for the Court to enter an order preserving certain assets and to require that they provide an accounting of their assets and of the monies that they have received as a result of their activities challenged in the Complaint and expedited discovery.

5. Weighing the equities and considering the Commission's likelihood of ultimate success, a preliminary injunction with asset freeze, requiring an accounting and other equitable relief is in the public interest.

6. No provision of this Order shall be construed as an admission or denial that Defendant John Taylor has engaged in any violations of the FTC Act. Factual stipulations herein are only for the purpose of entry of this stipulated preliminary injunction.

7. As an agency of the United States, no security is required of the Commission for the issuance of a preliminary injunction. *See* Fed. R. Civ. P. 65.

### Definitions

For the purpose of this preliminary injunction, the following definitions shall apply:

1. **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, inventory, checks, notes, leaseholds, effects, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, mortgages, premises, receivables, funds,

2

and cash, wherever located, whether in the United States or abroad, and shall include both existing assets and assets acquired after the date of entry of this Order.

2. **"Individual Defendant"** means John Taylor.

3. **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind including, but not limited to any brokerage house, money market or mutual fund, telephone or common carrier, storage company, trustee, broker-dealer, escrow agent, title company, commodity trading company, credit card company, or precious metal dealer, or any other person, partnership, corporation, or other legal entity maintaining or having control of any records, accounts or other assets owned directly or indirectly, of record or beneficially, by the Individual Defendant, including accounts or other assets that any Defendant may control by virtue of being a signatory on said accounts.

4. **"Marketing Program"** means any multi-level marketing program, pyramid marketing scheme, Ponzi scheme, or chain marketing scheme.

5. **"Mogul Program"** means the BurnLounge Mogul Program through which participants earn monetary rewards.

6. **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, or cooperative, or any other group or combination acting as an entity.

7. **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

8. The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively as necessary, to make the applicable sentence or phrase inclusive rather than exclusive.

# ORDER
# I. PYRAMID PROHIBITION

3

**IT IS THEREFORE ORDERED** that the Individual Defendant is temporarily restrained and enjoined from engaging, participating or assisting in, any manner or capacity whatsoever, from operating the Mogul Program or any Marketing Program that constitutes a pyramid scheme.

## II. INJUNCTION AGAINST MISREPRESENTATION

IT IS FURTHER ORDERED that, in connection with the advertising, promoting, marketing, offering or providing, or assisting others in the advertising, promoting, marketing, offering or providing the Mogul Program, Marketing Program or any business investment opportunity, the Individual Defendant is hereby temporarily restrained and enjoined from making or assisting in the making of, expressly or by implication, orally or in writing, any false or misleading statement or representation of material fact, including, but not limit to: misrepresenting that consumers who participate in the Mogul Program, Marketing Program or business investment opportunity will or are likely to receive substantial income.

## III. INJUNCTION AGAINST MATERIAL OMISSIONS

IT IS FURTHER ORDERED that, in connection with the advertising, promoting, marketing, offering or providing, or assisting others in the advertising, promoting, marketing, offering or providing the Mogul Program, Marketing Program or any business investment opportunity, the Individual Defendant is hereby temporarily restrained and enjoined from failing to disclose, clearly and conspicuously, orally or in writing, all information material to a consumer's decision to participate in the Mogul Program, Marketing Program or business investment opportunity, including, but not limited to, the fact that the structure of the Mogul Program, Marketing Program or business investment opportunity prevents the vast majority of participants from making substantial income.

## IV. ASSET FREEZE

4

IT IS FURTHER ORDERED that the Individual Defendant is hereby temporarily restrained and enjoined from:

A. Transferring, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, or otherwise disposing of any assets, wherever located, that are (1) owned or controlled, in whole or in part, by the Individual Defendant; (2) titled or held in the name, singly or jointly, of the Individual Defendant; (3) in the actual or constructive possession of the Individual Defendant; or (4) owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with, the Individual Defendant including, but not limited to, any assets held by or for the Individual Defendant at any bank or savings and loan institution, or with any financial institution, as defined above, or other depository of any kind;

B. Opening or causing to be opened any safe deposit boxes or other storage facility or container titled in the name of or subject to access by the Individual Defendant;

C. Incurring charges or cash advances on any credit card, debit card, or checking card issued in the name, singly or jointly, of the Individual Defendant; and

D. Securing a loan with or incurring a lien on the real property, the personal property, or other asset in the name, singly or jointly, of the Individual Defendant.

Provided further, the Individual Defendant shall be allowed to spend funds from frozen assets to pay reasonable ordinary and necessary monthly living expenses (not to exceed $5000 per month) established prior to the filing of the instant litigation, including mortgage payments, rent, car payments, alimony, child

1   support, and medical expenses. The Individual Defendant may also spend any

2   future earnings. The Indiviudal Defendant may use debit cards with regards to any

3   future earnings. The Individual Defendant shall incur no new debt provided that he

4   may use credit cards to pay reasonable ordinary and necessary monthly living

5   expenses established prior to the filing of the instant litigation within the limitation of

6   spending funds from frozen assets provided in this paragraph. Provided further,

7   the Plaintiff shall have the right to move to modify this order after receipt of

8   information required to be disclosed by the Individual Defendant under Paragraph

9   VIII on the grounds that the living expenses of the Individual Defendant are not

10   reasonable.

11        Provided further, that the Individual Defendant shall be allowed to expend

12   $20,000 for attorneys' fees. In the event, the Individual Defendant seeks to pay his

13   attorneys more than the initial $20,000 for attorneys' fees, the Individual Defendant

14   shall provide Counsel for Plaintiff with a description of the fees and a general

15   description of the legal services rendered. Each such request shall be no more than

16   $20,000 at a time. If Plaintiff objects to payment of the fees within ten days of

17   receipt of the description of the fees and legal services by communicating such

18   objection to Counsel for the Individual Defendant, the Individual Defendant shall

19   then submit his request to pay such fees to the Court for such order as Court

20   deems appropriate.

21               **V. DUTIES OF THIRD-PARTY ASSET HOLDERS**

22        IT IS FURTHER ORDERED that any financial institution, business entity,

23   or person that holds, controls or maintains custody of any account or asset titled in

24   the name of, held for the benefit of, or otherwise under the control of the Individual

25   Defendant, or has held, controlled or maintained custody of any such account or

26   asset at any time since October 1, 2005, shall:

27        A.     Prohibit any person or entity from withdrawing, removing, assigning,

28               transferring, pledging, encumbering, disbursing, dissipating,

6

converting, selling, or otherwise disposing of any such asset except as provided in Paragraph IV or directed by further order of the Court;

B. Deny any person or entity access to any safe deposit box or other storage facility that is:

 1. titled in the name of the Individual Defendant, either individually or jointly; or

 2. otherwise held for the benefit of or subject to access by the Individual Defendant.

C. Provide counsel for the Commission, within five (5) business days of receiving a copy of this Order, a sworn statement setting forth:

 1. the identification number of each such account or asset titled in the name, individually or jointly, or held on behalf of, or for the benefit of, the Individual Defendant;

 2. the balance of each such account, or a description of the nature and value of such asset as of the time this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

 3. the identification of any safe deposit box or other storage facility or container that is either titled in the name, individually or jointly, of the Individual Defendant or is otherwise subject to access by the Individual Defendant;

D. Upon the request by the Commission, promptly provide, within five (5) business days of receipt of the request, the Commission with copies of records or other documentation requested by the Commission pertaining to such account or asset, including but not limited to originals or copies of account applications, account

7

134

statements, signature cards, checks, drafts, deposit tickets, transfers
to and from the accounts, all other debit and credit instruments or
slips, currency transaction reports, 1099 forms, and safe deposit box
logs; and

E.  Cooperate with all reasonable requests of the Commission relating to
implementation of this Order.

## VI. FOREIGN ASSET REPATRIATION

IT IS FURTHER ORDERED that within five (5) business days following the
service of this Order, the Individual Defendant shall:

A.  Provide the Commission with a full accounting of all funds,
documents, and assets located outside of the United States which are
(1) titled in the name, individually or jointly, of the Individual
Defendant; or (2) held by any person or entity for the benefit of the
Individual Defendant; or (3) under the direct or indirect control,
whether jointly or singly, of the Individual Defendant;

B.  Transfer to the territory of the United States all funds, documents, and
assets located outside of the United States which are (1) titled in the
name individually or jointly of the Individual Defendant; or (2) held by
any person or entity for the benefit of the Individual Defendant; or (3)
under the Individual Defendant's direct or indirect control, whether
jointly or singly;

C.  Hold and retain all repatriated funds, documents, and assets, and
prevent any transfer, disposition, or dissipation whatsoever of any
funds or assets, except as required by this Order; or for any funds,
documents, or assets held by or in the name of the Individual
Defendant; and

D.  Provide the Commission access to all records of funds, documents,
or assets of the Individual Defendant held by financial institutions or

8

other entities or individuals located outside the United States by signing a Consent to Release of Financial Records, to be supplied by Plaintiff.

## VII. INTERFERENCE WITH REPATRIATION

IT IS FURTHER ORDERED that the Individual Defendant is hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of funds, documents, or assets held outside of the United States, or in the hindrance of the repatriation required by the preceding Section of this Order, including but not limited to:

A. Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to the preceding Section of this Order; and

B. Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to the preceding Section of this Order.

## VIII. FINANCIAL STATEMENTS AND ACCOUNTING

IT IS FURTHER ORDERED that, within five (5) business days after service of this Order, the Individual Defendant shall provide to counsel for Plaintiff:

A. A completed financial statement signed under penalty of perjury and accurate as of the date of entry of this Order, in the form provided as Attachment A; and

B. A full and complete disclosure of all financial information and records in their care, custody or control that relates to any financial transaction with BurnLounge.

9

136

1  Provided that prior submission to Plaintiff of the information required by this

2  paragraph shall be deemed to satisfy this paragraph.

3  ### IX.  MAINTENANCE OF RECORDS

4  IT IS FURTHER ORDERED that the Individual Defendant, and his officers,

5  agents, servants, employees, and attorneys, and those in active concert or

6  participation with them who receive actual notice of this Order, are hereby

7  temporarily restrained and enjoined from directly or indirectly destroying,

8  mutilating, erasing, altering, concealing or disposing of, in any manner, directly or

9  indirectly, any documents that relate to the business practices or business or

10  personal finances of the Individual Defendant.

11  ### X.  SERVICE OF ORDER BY FAX

12  IT IS FURTHER ORDERED that copies of this Order may be served by

13  any means, including facsimile transmission, upon any financial institution or other

14  entity or person that may have possession, custody, or control of any documents

15  or assets of the Individual Defendant, or that may be subject to any provision of

16  this Order.

17  ### XI. CONSUMER CREDIT REPORTS

18  IT IS FURTHER ORDERED that, pursuant to Section 604 of the Fair

19  Credit Reporting Act, 15 U.S.C. §1681b, any consumer reporting agency may

20  furnish the Commission with a consumer report concerning the Individual

21  Defendant.

22  ### XII. SERVICE ON THE COMMISSION

23  IT IS FURTHER ORDERED that, with regard to any correspondence,

24  pleadings, or notifications related to this Order, service on the Commission shall be

25  performed by personal or facsimile delivery (but not delivery by U.S. Mail) to the

26  attention of:

27

28  Chris M. Couillou, Esq.

10

Federal Trade Commission
225 Peachtree Street, Suite 1500
Atlanta, Georgia 30303,
facsimile number (404) 656-1379

before 5:00 pm (EDT) of the day that such service is due.

## XIII. NOTIFICATION OF EMPLOYMENT

IT IS FURTHER ORDERED that the Individual Defendant shall notify Plaintiff of any employment with or work for a company using multi-level marketing within seven (7) days of the begining of such employment or work. Such notification shall include the name and address of the company.

SO ORDERED, this 7ᵗʰ day of _August_, 2007.

_George H. Wu_
Hon. George H. Wu
United States District Judge

11

138

**THE PARTIES STIPULATE TO THE FOREGOING ORDER:**

Chris M. Couillou
ccouillou@ftc.gov
Counsel for the Plaintiff
Federal Trade Commission
225 Peachtree Street, Suite 1500
Atlanta, GA 30303
(404) 656-1353 (voice)
(404) 656-1379 (fax)

David J. Pasternak, Esq.                     Defendant John Marcus Taylor
Pasternak, Pasternak & Patton
Counsel for Defendant John Taylor
djp@paslaw.com
1875 Century Park East, Suite 2200
Los Angeles, CA 90067-2523
(310) 553-1500 (voice)
(310) 553-1540 (fax)

Case 2:07-cv-01388-KJM-DAD Document 4-6 Filed 08/08/07 Page 13 of 113 Page ID #:143

## BACKGROUND INFORMATION

**Item 1.**      **Information About You**

Your Full Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____ Drivers License No. _____

Current Address _____ From (Date) _____

Rent or Own? _____ Telephone No. _____ Facsimile No. _____

E-Mail Address _____ Internet Home Page _____

Previous Addresses for past five years:

Address_____ Rent or Own?_____ From/Until_____

Address_____ Rent or Own?_____ From/Until_____

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they

were used_____

**Item 2.**      **Information About Your Spouse or Live-In Companion**

Spouse/Companion's Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____

Identify any other name(s) and/or social security number(s) your spouse/companion has used, and the time period(s)

during which they were used _____

Address (if different from yours) _____

From (Date) _____ Rent or Own? _____ Telephone No._____

Employer's Name and Address _____

Job Title _____ Years in Present Job _____ Annual Gross Salary/Wages $_____

**Item 3.**      **Information About Your Previous Spouse**

Previous Spouse's Name & Address _____

_____ Social Security No. _____ Date of Birth _____

**Item 4.**      **Contact Information**

Attachment A, page 13          Initials _____

Name & Address of Nearest Living Relative or Friend _____

_____ Telephone No. _____

<u>Item 5.</u>    **Information About Dependents Who Live With You**

›Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

›Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

•Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

<u>Item 6.</u>    **Information About Dependents Who Do Not Live With You**

›Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

›Name Address _____

Date of Birth _____ Relationship _____ Social Security No._____

›Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

<u>Item 7.</u>    **Employment Information**

Provide the following information for this year-to-date and for each of the previous five full years, for each company of which you were a director, officer, employee, agent, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties or other benefits for which you did not pay (e.g., health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

•Company Name & Address _____

Dates Employed: From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

<u>Item 7. continued</u>

Attachment A, page 14

Initials _____

Income Received: This year-to-date: $_____ _____: $_____

20____: $_____ _____: $_____

_____: $_____ _____: $_____

▸Company Name & Address _____

Dates Employed: From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received: This year-to-date: $_____ _____: $_____

20____: $_____ _____: $_____

_____: $_____ _____: $_____

▸Company Name & Address _____

Dates Employed: From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received: This year-to-date: $_____ _____: $_____

20____: $_____ _____: $_____

_____: $_____ _____: $_____

Item 8.    Pending Lawsuits Filed by You or Your Spouse

List all pending lawsuits that have been filed by you or your spouse in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Item 9.    Pending Lawsuits Filed Against You or Your Spouse

List all pending lawsuits that have been filed against you or your spouse in court or before an administrative agency. (List

Attachment A, page 15

Initials _____

142

lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

## Item 10.          Safe Deposit Boxes

List all safe deposit boxes, located within the United States or elsewhere, held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
| --- | --- | --- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## Item 11.     Business Interests

List all businesses for which you, your spouse, or your dependents are an officer or director.

▸Business' Name & Address _____

Business Format (e.g., corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

•Business' Name & Address _____

Business Format (e.g., corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

▸Business' Name & Address _____

Business Format (e.g., corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

Attachment A, page 16       Initials _____

143

# FINANCIAL INFORMATION: ASSETS AND LIABILITIES

SCANNED

**REMINDER:** "Assets" and "Liabilities" include **ALL** assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

**Item 12.**      **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____      Cash Held For Your Benefit $_____

| Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
|---|---|---|---|
| | | | $_____ |
| | | | $_____ |
| | | | $_____ |
| | | | $_____ |
| | | | $_____ |
| | | | $_____ |

**Item 13.**      **U.S. Government Securities**

List all U.S. Government securities, including but not limited to, savings bonds, treasury bills, and treasury notes, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Name on Account | Type of Obligation | Security Amount | Maturity Date |
|---|---|---|---|
| | | $_____ | |
| | | $_____ | |
| | | $_____ | |

**Item 14.**      **Publicly Traded Securities and Loans Secured by Them**

Attachment A, page 17      Initials _____

144

List all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

**Item 15.     Other Business Interests**

List all other business interests, including but not limited to, non-public corporations, subchapter-S corporations, limited liability corporations ("LLCs"), general or limited partnership interests, joint ventures, sole proprietorships, and oil and mineral leases, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

**Item 16.     Monetary Judgments or Settlements Owed to You, Your Spouse, or Your Dependents**

List all monetary judgments or settlements owed to you, your spouse, or your dependents.

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

**Item 17.     Other Amounts Owed to You, Your Spouse, or Your Dependents**

Attachment A, page 18

Initials _____

145

List all other amounts owed to you, your spouse, or your dependents.

Debtor's Name, Address, & Telephone No. _____

Original Amount Owed $_____ Current Amount Owed $_____ Monthly Payment $_____

### Item 18.    Life Insurance Policies

List all life insurance policies held by you, your spouse, or your dependents.

‣Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

‣Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

### Item 19.    Deferred Income Arrangements

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, and other retirement accounts, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

‣Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____ Surrender Value $_____

‣Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____ Surrender Value $_____

### Item 20.    Personal Property

List all personal property, by category, whether held for personal use or for investment, including but not limited to,

Attachment A, page 25

Initials _____

146

furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |

**Item 21.     Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles**

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

▸Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

**Item 21. Continued**

▸Vehicle Type _____ Make _____ Model _____ Year _____

Attachment A, page 20          Initials _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

<u>Item 22.</u>    **Real Property**

List all real estate held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

▸Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

<u>Item 23.</u>    **Credit Cards**

List each credit card held by you, your spouse, or your dependents. Also list any other credit cards that you, your spouse, or your dependents use.

Attachment A, page 21 25

Initials _____

148

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance | Minimum Monthly Payment |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

**Item 24.**  **Taxes Payable**

List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependants.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |
| | $ | |

**Item 25.**  **Judgments or Settlements Owed**

List all judgments or settlements owed by you, your spouse, or your dependants.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Attachment A, page 22      Initials ___ ___ ___

149

**Item 26.**     **Other Loans and Liabilities**

List all other loans or liabilities in your, your spouse's, or your dependents' names.

‣Name & Address of Lender/Creditor _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____

‣Name & Address of Lender/Creditor _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____

## OTHER FINANCIAL INFORMATION

**Item 27.**     **Tax Returns**

List all federal tax returns that were filed during the last three years by or on behalf of you, your spouse, or your dependents. *Provide a copy of each signed tax return that was filed during the last three years.*

| Tax Year | Name(s) on Return | Refund Expected |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

**Item 28.**     **Applications for Credit**

List all applications for bank loans or other extensions of credit that you, your spouse, or your dependents have submitted within the last two years. *Provide a copy of each application, including all attachments.*

| Name(s) on Application | Name & Address of Lender |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**Item 29.**     **Trusts and Escrows**

23
Attachment A, page 27         Initials _____

150

Case 2:06-cr-00319-ID-CSC Document 408/0Filed 08/08/124 of 30 Page 25 Page #:2524

List all funds or other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents. Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity. *Provide copies of all executed trust documents.*

| Trustee or Escrow Agent's Name & Address | Date Established | Grantor | Beneficiaries | Present Market Value of Assets |
|---|---|---|---|---|
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |

**Item 30.    Transfers of Assets**

List each person to whom you have transferred, in the aggregate, more than $2,500 in funds or other assets during the previous three years by loan, gift, sale, or other transfer. For each such person, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |

Attachment A, page 24

Initials _____ __

## SUMMARY FINANCIAL SCHEDULES

<u>Item 31.</u>    Combined Balance Sheet for You, Your Spouse, and Your Dependents

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| Cash on Hand<br>(Item 12) | $_____ | Credit Cards<br>(Item 23) | $_____ |
| Cash in Financial Institutions<br>(Item 12) | $_____ | Motor Vehicles - Liens<br>(Item 21) | $_____ |
| U.S. Government Securities<br>(Item 13) | $_____ | Real Property - Encumbrances<br>(Item 22) | $_____ |
| Publicly Traded Securities<br>(Item 14) | $_____ | Loans Against Publicly Traded Securities<br>(Item 14) | $_____ |
| Other Business Interests<br>(Item 15) | $_____ | Taxes Payable<br>(Item 24) | $_____ |
| Judgments or Settlements Owed<br>to You  (Item 16) | $_____ | Judgments or Settlements Owed<br>(Item 25) | $_____ |
| Other Amounts Owed to You<br>(Item 17) | $_____ | Other Loans and Liabilities<br>(Item 26) | $_____ |
| Surrender Value of Life Insurance<br>(Item 18) | $_____ | | |
| Deferred Income Arrangements<br>(Item 19) | $_____ | <u>Other Liabilities (Itemize)</u> | |
| Personal Property<br>(Item 20) | $_____ | _____ | $_____ |
| Motor Vehicles<br>(Item 21) | $_____ | _____ | $_____ |
| Real Property<br>(Item 22) | $_____ | _____ | $_____ |
| | | _____ | $_____ |
| <u>Other Assets (Itemize)</u> | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| Total Assets | $_____ | Total Liabilities | $_____ |

Attachment A, page 25

Initials _____

Case 1:08-cv-03086-GBD Document 406-8 Filed 08/18/12 Page 27 of 29 Page ID #: 156

**Item 32.** **Combined Average Monthly Income and Expenses for You, Your Spouse, and Your Dependents for the Last 6 Months**

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last 6 months. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| INCOME | | EXPENSES | |
|---|---|---|---|
| Salary - After Taxes | $_____ | Mortgage Payments for Residence(s) | $_____ |
| Fees, Commissions, and Royalties | $_____ | Property Taxes for Residence(s) | $_____ |
| Interest | $_____ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $_____ |
| Dividends and Capital Gains | $_____ | Car or Other Vehicle Lease or Loan Payments | $_____ |
| Gross Rental Income | $_____ | Food Expenses | $_____ |
| Profits from Sole Proprietorships | $_____ | Clothing Expenses | $_____ |
| Distributions from Partnerships, S-Corporations, and LLCs | $_____ | Utilities | $_____ |
| Distributions from Trusts and Estates | $_____ | Medical Expenses, Including Insurance | $_____ |
| Distributions from Deferred Income Arrangements | $_____ | Other Insurance Premiums | $_____ |
| Social Security Payments | $_____ | Other Transportation Expenses | $_____ |
| Alimony/Child Support Received | $_____ | Other Household Expenses | $_____ |
| Gambling Income | $_____ | Other Expenses (Itemize) | |
| Other Income (Itemize) | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| Total Income | $_____ | Total Expenses | $_____ |

Attachment A, page 26

Initials _____

## ATTACHMENTS

**Item 33.** Documents Attached to this Financial Statement

List all documents that are being submitted with this financial statement.

| Item No. Document Relates To | Description of Document |
|---|---|
| | |
| | |

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____
(Date)                           Signature

Attachment A, page 27

Initials _____

154

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1875 Century Park East, Suite 2200, Los Angeles, California 90067-2523.

     On **August 3, 2007,** I served the foregoing document described as **[PROPOSED] STIPULATED PRELIMINARY INJUNCTION ORDER WITH ASSET FREEZE, REQUIRED ACCOUNTING, AND OTHER EQUITABLE RELIEF AS TO DEFENDANT JOHN TAYLOR** on all interested parties in this action as follows:

## SEE ATTACHED LIST

☐   **BY MAIL:** I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐   **BY FACSIMILE:** At or before 5:00 p.m., I caused said document(s) to be transmitted by facsimile. The telephone number of the sending facsimile machine was (310) 553-1540. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error..

☒   **BY E-MAIL:** The foregoing document was transmitted by electronic mail on said date.

☐   **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) being served.

☐   **BY PERSONAL SERVICE:** I personally delivered such envelope(s) directly to the person(s) being served.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     **Executed on August 3, 2007, at Los Angeles, California.**

_Ellen Phillips_
Ellen Phillips

PASTERNAK,
PASTERNAK
& PATTON

W \79908\0001\Pleadings\Proof of Service LKS 07-11-07 doc

155

1  ***Federal Trade Commission v. Burnlounge, Inc., Juan Alexander Arnold, John Taylor, Rob***
2  ***DeBoer and Scott Elliott, etc., et al.***
   ***United States District Court Western Division Case No. CV 07 03654 GW FMOx***
3

4                                              *Service List*

5  Chris M. Couillou, Esq.                      Counsel for Plaintiff,
   Gerald S. Sachs, Esq.                        Federal Trade Commission
6  225 Peachtree Street, NE, Suite 1500
   Atlanta, Georgia 30303
7  Telephone: 404.656.1353
   Facsimile: 404.656.1379
8  E-Mail: ccouillou@ftc.gov
9
   Thomas A. Brackey, II, Esq.
10 Freund & Brackey                             Counsel for Defendant, Rob Deboer,
   427 North Camden Drive                       Scott Elliott
11 Beverly Hills, CA 90210
   Telephone: 310.247.2165
12 Facsimile: 310.247.2190
13 E-Mail: tbrackey@freundandbrackey.com
14
   Sheldon Sloan, Esq.                          Co-Counsel for Burnlounge, Inc.
15 Lewis, D'Amato, Brisbois, etc.
   11111 Santa Monica Boulevard, Suite 230
16 Los Angeles, CA 90025
   Telephone: 310.268.0622
17 Facsimile: 310.268.2450
18 E-Mail: ssloanlaw@aol.com
19 D J. Poyfair, Esq.                           Co-Counsel for Burnlounge, Inc.
   Bennett L. Cohen, Esq.
20 Shughart, Thomson & Kilroy
   1050 17th Street, Suite 2300
21 Denver, CO 80265
   Telephone: 303.572.9300
22 Facsimile: 303.572.7883
23 E-Mail: djpoyfair@stklaw.com
24 Michael Wachtell, Esq.                       Counsel for Juan Alexander Arnold
   Buchalter Nemer
25 1000 Wilshire Boulevard, Suite 1500
   Los Angeles, California 90017-2457
26 Telephone: (213) 891-0700
   Facsimile: 213.630.5760
27 E-Mail: mwachtell@buchalter.com
28

PASTERNAK,
PASTERNAK
& PATTON

W:\79908\0001\Pleadings\Proof of Service LKS 07-11-07.doc          2

1 | Charles L. Kreindler, Esq.
2 | Beck, De Corso, Daly, Kreindler & Harris
    601 West Fifth Street, 12th floor
3 | Los Angeles, CA 90071-2025
    Telephone: 213. 683.8071
4 | Facsimile: 213.489.7532
    E-Mail: ckreindler@beckdecorso.com
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28