# EXHIBIT 6

CASE NO. 2:17-cv-02000-APG-GWF

Copy of *FTC v. Credit Bureau Center, LLC et al.*, Case No. 1:17-cv-00194 (N.D. Ill. Aug. 3, 2017), Order on Petition for Attorneys' Fees and Costs, ECF112

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17 C 194 |
| ) | |
| **CREDIT BUREAU CENTER, LLC,** ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER ON PETITION FOR ATTORNEYS' FEES AND COSTS

On January 10, 2017, the Federal Trade Commission sued Credit Bureau Center, LLC, Michael Brown, and others, alleging that they had violated section 5(a) of the FTC Act, 15 U.S.C. § 45(a); section 612(g)(1) of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681j(g)(1), and the Free Annual File Disclosures Rule (Free Reports Rule), 12 C.F.R. § 1022.138; and the Restore Online Shoppers' Confidence Act (ROSCA), 15 U.S.C. § 8403. The next day, another judge of this Court, sitting as "emergency judge" in the undersigned judge's absence, entered a temporary restraining order that included an asset freeze and the appointment of a receiver.

Brown learned of the TRO and asset freeze on January 13, 2017. Four days later, on January 17, 2017, he wired $150,000 to the Law Offices of Parker MacKay from an account held by Zenfia, LLC but controlled by Brown, who established Zenfia. This was unquestionably a violation of the TRO: all of the funds in the Zenfia account had come from a single wire transfer from CBC's account on December 30, 3016, and Brown had control of the account. *See* TRO ¶ II.A. Parker MacKay put the funds in its client trust account and has not withdrawn or transferred any of them. When the receiver learned that Brown had transferred the $150,000 to Parker MacKay, he sent the firm a letter, dated February 6, 2017, demanding turnover of the funds. Parker MacKay did not do so but instead represented that it would petition the Court to retain all or part of the funds—though it did not file that petition for nearly three months.

This Court held a hearing on the FTC's motion for a preliminary injunction on February 13-14, 2017. On February 21, 2017, the Court issued a decision granting the motion and extending the asset freeze as well as the receiver's appointment.

Three law firms that have represented Brown and CBC have petitioned for payment of a little over $139,000 from the funds held in the Parker MacKay client trust account. The three law firms are Parker MacKay itself, Barclay Damon LLP, and Taft Stettinius & Hollister LLP. The FTC opposes the petition, saying all of the funds should be devoted to compensate consumers injured by the defendants' scheme. Consumer injury is estimated to be around $7 million, and at present only around $2 million is available, including a little over $700,000 held by the receiver and amounts available or obtained from other defendants.

The Court has the authority to carve out from frozen assets funds to be used for attorney's fees. *FTC v. Am. Tax Relief, LLC*, 751 F. Supp. 2d 972, 987 (N.D. Ill. 2010); *FTC v. QT, Inc.*, 467 F. Supp. 2d 863, 866 (N.D. Ill. 2006). *Cf. FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564, 575 (7th Cir. 1989) (discussing district court's modification of asset freeze to allow for reasonable attorney's fees). In determining whether and the extent to which to do so, a court considers any reliance-based interests of counsel, the availability of other funds to pay counsel, and the claims of consumers. *See, e.g., QT, Inc.*, 467 F. Supp. 2d at 866-87.

It appears to be undisputed that Brown and CBC have no other funds available to pay counsel. But any reasonable "reliance-based interest" on the part of counsel is quite limited, at best. The TRO (and, later, the preliminary injunction) made no express provision for payment of attorney's fees, so unlike some cases counsel could not reasonably rely on the prospect of getting fees paid out of frozen funds. In addition, the $150,000 was transferred to counsel in clear violation of the asset freeze provisions of the TRO, and counsel either knew or recklessly disregarded this when they received the funds (Brown had a copy of the TRO at that point). Finally, though Brown had another line of business that appears to have been legitimate, the revenues from that business line were not segregated, and defendants have never quantified in any viable way the proportion of his assets that came from that business line.

By contrast, there is a significant interest in having funds available to satisfy claims by consumers. As matters stand, there will be nowhere near enough to pay back in full every consumer who was victimized by the scheme. The amount on deposit would not add much to the pot, but every dollar saved makes some difference. And although there has not been a final judgment against the defendants determining the amount due, see *Think Achievement Corp.*, 312 F.3d at 262, the Court held a contested evidentiary hearing on the motion for preliminary injunction, and the evidence overwhelmingly supported the FTC's claims.

That said, Brown and CBC had a legitimate interest in obtaining representation in order to defend against the FTC's charges, see *QT, Inc.*, 467 F. Supp. 2d at 866, and total denial of the fee petition would unduly undercut that interest. In determining the amount to be paid, the Court has weighed the competing interests and has also taken into account that although the matter is complex, it was overstaffed on the defense side to some extent—three actively-participating law firms were not required.

The Court concludes, in its equitable discretion, that counsel should receive from the funds in the client trust account one half of the amount requested. The Court therefore grants the fee petition in part. Counsel for CBC and Brown are authorized to withdraw $69,559.63 from the client trust account. They may distribute it among the three law firms as they agree, but if they cannot agree the distribution is to be in the proportions of their respective overall claims. Counsel for CBC and Brown are directed to turn over the remaining $69,559.63 to the receiver.

Date: August 3, 2017

_____
MATTHEW F. KENNELLY
United States District Judge

3

161