# EXHIBIT A

ERIC W. SWANIS
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone:  702-792-3773
Facsimile:   702-792-9002
Email: swanise@gtlaw.com

GIOVANNI M. RUSCITTI (Has complied with LR IA 11-2)
(*Pro Hac Vice Pending*)
BERG HILL GREENLEAF RUSCITTI LLP
1712 Pearl Street
Boulder, Colorado 80302
Telephone:  303-402.1600
Facsimile:   303-402-1601
Email: gmr@bhgrlaw.com

CLAUDE WILD (Has complied with LR IA 11-2)
(*Pro Hac Vice Pending*)
9247 Mornington Way
Lone Tree, CO 80124
Telephone:  303-916-9082
Email: cwild@claudewildlaw.com

*Attorneys for Defendants RevMountain, et al.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> REVMOUNTAIN, LLC, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 17-cv-02000-APG-GWF <br><br> **DECLARATION OF CRAIG CHANEY** |

I, Craig Chaney, hereby declare as follows:

1. I am over the age of twenty one and am a citizen of the United States.

1

2. Unless stated otherwise, I have personal knowledge of the facts stated herein and, if called as a witness, would completely testify thereto.

3. I am licensed CPA and am currently licensed in the State of Colorado and was previously in the State of California. I am a shareholder in Brock and Company CPAs PC, which is a 61-year-old accounting firm with five offices along the Colorado front range. We provide accounting, tax and business advisory services to individuals and businesses. I have been a licensed CPA since 1986 and provide business advisory services and tax services for businesses and the owners.

4. I have provided business advisory services and tax services to Mr. McNea and the corporate defendants since 2008. In that capacity, I have become familiar with their revenues, expenses, assets, liabilities, cash flow, taxes, and business structure. While preparing the tax returns for these entities, and through the process of analytical review, I am familiar with their financial statements, general business structure, and business operations.

5. With respect to RevGuard, RevLive and RevGo (which I will call the Rev Companies), I state as follows:

    a. <u>RevGuard</u>. RevGuard's revenues in 2017 (YTD) come from two general sources – 98.4% comes from unrelated third-party sources, and 1.6% comes from related business. <u>See</u> Attachment 1. For 2016, 2015, and 2014, the breakdown was as follows:

        i. 2016:    From unrelated third-party sources – 95.9%

                  From related business – 4.1%

        ii. 2015:   From unrelated third-party sources – 96.1%

                  From related business – 3.9%

        iii. 2014:  From unrelated third-party sources – 95.1%

                        From related business – 4.9%

  b. <u>RevLive</u>. RevLive's revenues in 2017 (YTD) come from two general sources – 96.5% comes from unrelated third-party sources, and 3.5% comes from related business. <u>See</u> Attachment 2. For 2016, 2015, and 2014, the breakdown was as follows:

    i. 2016:    From unrelated third-party sources – 87.4%

                   From related business – 12.6%

    ii. 2015:    From unrelated third-party sources – 92.1%

                   From related business – 7.9%

    iii. 2014:    From unrelated third-party sources – 87.9%

                   From related business – 12.1%

  c. <u>RevGo</u>. RevGo's revenues in 2017 (YTD) come from two general sources – 72% comes from unrelated third-party sources, and 28% comes from related business. <u>See</u> Attachment 3. For 2016, 2015, and 2014, the breakdown was as follows:

    i. 2016:    From unrelated third-party sources – 60%

                   From related business – 40%

    ii. 2015:    From unrelated third-party sources – 52%

                   From related business – 48%

    iii. 2014:    From unrelated third-party sources – 34%

                 From related business – 66%

6.    I prepare and file separate tax returns for the Rev Companies (2016 returns have not been filed yet), and issue K-1s to all members. These tax returns are different and separate from the tax returns that I prepare and file for the other corporate entities named in this lawsuit.

In addition, each of the corporate entities named in this lawsuit, including the Rev Companies, maintain separate books and records, separate bank accounts, are separate legal entities with separate legal organizational documents (which I have reviewed in connection with preparing their tax returns), and separate payroll with ADP. Also, based on my review of the books for 2013-2015 used to prepare the tax returns, I have not found evidence of any commingling of funds between and among (a) any of the Rev Companies or (b) any of the Rev Companies and any other entity named in this case. I have not yet reviewed this information for 2016 and 2017, but would have done so had the receiver not been appointed.

7. I have also reviewed Mr. McNea's individual tax returns and sources of income, including the K-1s for the companies named in this lawsuit, and state as follows:

a. 2017 *YTD (7/25/17)* W2 and K-1 Income:

  From the Rev Companies – $462,000

  From the subscription defendants – $102,000

  From other non-subscription companies - $0

b. 2016 W2 Income (K-1s not available):

  From the Rev Companies – $706,000

  From the subscription defendants – $109,000

  From other non-subscription companies – $11,000

c. 2015 W2 and K-1 Income:

  From the Rev Companies – $1,145,000

  From the subscription defendants - [$271,000]

  From other non-subscription companies – [$31,000]

d. 2014 W2 and K-1 Income:

  From the Rev Companies – $859,000

From the subscription defendants – $160,000

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 18, 2017.

_____
Craig J Chaney, CPA