**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff, ) | Case No: 17-cv-02000-APG-GWF |
| )<br>v. )<br>) | |
| REVMOUNTAIN, LLC, a Nevada limited )<br>liability company, ) | **STIPULATED PRELIMINARY INJUNCTION WITH ASSET FREEZE AND OTHER EQUITABLE RELIEF AS TO DEFENDANT DANIELLE FOSS** |
| )<br>ROADRUNNER B2C, LLC, also d/b/a )<br>REVGO, a Nevada limited liability company, ) | |
| )<br>WAVE ROCK, LLC, a Nevada limited )<br>liability company, ) | |
| )<br>JUNIPER SOLUTIONS, LLC, a Nevada )<br>limited liability company, ) | |
| )<br>JASPER WOODS, LLC, a Nevada limited )<br>liability company, ) | |
| )<br>WHEELER PEAK MARKETING, LLC, a )<br>Nevada limited liability company, ) | |
| )<br>ROIRUNNER, LLC, a Nevada limited )<br>liability company, ) | |
| )<br>CHERRY BLITZ, LLC, a Nevada limited )<br>liability company, ) | |
| )<br>FLAT IRON AVENUE, LLC, a Nevada )<br>limited liability company, ) | |
| )<br>ABSOLUTELY WORKING, LLC, a Nevada )<br>limited liability company, ) | |
| )<br>THREE LAKES, LLC, a Nevada limited )<br>liability company, ) | |
| )<br>BRIDGE FORD, LLC, a Nevada limited )<br>liability company, ) | |
| )<br>HOW AND WHY, LLC, a Nevada limited )<br>liability company, ) | |
| )<br>SPRUCE RIVER, LLC, a Nevada limited )<br>liability company, ) | |

| | |
|---|---|
| TRIMXT, LLC, a Nevada limited liability company, | ) |
| ELATION WHITE, LLC, a Nevada limited liability company, | ) |
| IVORYPRO, LLC, a Nevada limited liability company, | ) |
| DOING WHAT'S POSSIBLE, LLC, a Nevada limited liability company, | ) |
| REVGUARD, LLC, a Colorado limited liability company, | ) |
| REVLIVE!, LLC, a Colorado limited liability company, | ) |
| BLUE ROCKET BRANDS, LLC, a Colorado limited liability company, | ) |
| CONVERTIS, LLC, a Colorado limited liability company, | ) |
| CONVERTIS MARKETING, LLC, a Colorado limited liability company, | ) |
| TURTLE MOUNTAINS, LLC, a Colorado limited liability company, | ) |
| BOULDER BLACK DIAMOND, LLC, a Colorado limited liability company, | ) |
| MINT HOUSE, LLC, a Colorado limited liability company, | ) |
| THUNDER AVENUE, LLC, a Colorado limited liability company, | ) |
| UNIVERSITY & FOLSOM, LLC, a Colorado limited liability company, | ) |
| BOULDER CREEK INTERNET SOLUTIONS, INC., a Colorado corporation, | ) |
| WALNUT STREET MARKETING, INC., a Colorado corporation, | ) |
| SNOW SALE, LLC, a Colorado limited liability company, | ) |
| BRAND FORCE, LLC, a Colorado limited | ) |

liability company,  )

WILD FARMS, LLC, a Colorado limited  )
liability company,  )

SALAMONIE RIVER, LLC, an Indiana  )
limited liability company,  )

INDIGO SYSTEMS, LLC, an Indiana  )
limited liability company,  )

NIGHT WATCH GROUP, LLC, an Indiana  )
limited liability company,  )

NEWPORT CROSSING, LLC, an Indiana  )
limited liability company,  )

GREENVILLE CREEK, LLC, an Indiana  )
limited liability company,  )

BROOKVILLE LANE, LLC, an Indiana  )
limited liability company,  )

ANASAZI MANAGEMENT PARTNERS,  )
LLC, a Wyoming limited liability company,  )

HONEY LAKE, LLC, a Wyoming limited  )
liability company,  )

CONDOR CANYON, LLC, a Wyoming  )
limited liability company,  )

BRASS TRIANGLE, LLC, an Arizona  )
limited liability company,  )

SOLID ICE, LLC, an Arizona limited  )
liability company,  )

SANDSTONE BEACH, LLC, an Arizona  )
limited liability company,  )

DESERT GECKO, LLC, an Arizona limited  )
liability company,  )

BLIZZARDWHITE, LLC, an Arizona  )
limited liability company,  )

ACTION PRO WHITE, LLC, an Arizona  )
limited liability company,  )

FIRST CLASS WHITENING, LLC, an  )
Arizona limited liability company,  )

| | |
|---|---|
| 1 | SPARK WHITENING, LLC, an Arizona limited liability company, |
| 2 | |
| | TITANWHITE, LLC, an Arizona limited liability company, |
| 3 | |
| 4 | DENTAL PRO AT HOME, LLC, an Arizona limited liability company, |
| 5 | |
| | SMILE PRO DIRECT, LLC, an Arizona limited liability company, |
| 6 | |
| 7 | CIRCLE OF YOUTH SKINCARE, LLC, an Arizona limited liability company, |
| 8 | |
| | DERMAGLAM, LLC, an Arizona limited liability company, |
| 9 | |
| 10 | SEDONA BEAUTY SECRETS, LLC, an Arizona limited liability company, |
| 11 | |
| | BELLAATHOME, LLC, an Arizona limited liability company, |
| 12 | |
| 13 | SKINNYIQ, LLC, an Arizona limited liability company, |
| 14 | |
| | BODY TROPICAL, LLC, an Arizona limited liability company, |
| 15 | |
| 16 | BLAIR MCNEA, individually and as an officer of REVGUARD, LLC, |
| 17 | |
| 18 | DANIELLE FOSS, individually and as an officer of BLUE ROCKET BRANDS, LLC and CONVERTIS, LLC, |
| 19 | and |
| 20 | |
| 21 | JENNIFER JOHNSON, individually and as an officer of REVMOUNTAIN, LLC, |
| 22 | Defendants. |
| 23 | |

Plaintiff, the Federal Trade Commission ("FTC"), filed its Complaint for Permanent

Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade

Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and an Emergency Motion for *Ex Parte*

Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b).  On July 25, 2017, the Court granted the FTC's Emergency Motion for *Ex Parte* Temporary Restraining Order, including an order to show cause why a preliminary injunction should not issue, and entered a Temporary Restraining Order ("TRO").  Upon consideration of the material submitted by the parties and argument of counsel, the Court enters this Preliminary Injunction against Defendant Danielle Foss.

## FINDINGS OF FACT

The Court, having considered the Complaint, the Emergency Motion for *Ex Parte* Temporary Restraining Order and supplemental brief in support, declarations, exhibits, and memoranda filed in support thereof, and briefs, declarations, exhibits, and memoranda filed in opposition thereto, and being otherwise advised, finds that:

A.      This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over Defendant Danielle Foss and that venue in this district is proper.

B.      On July 24, 2017, the FTC filed its Complaint for Permanent Injunction and Other Equitable Relief, an Emergency Motion for *Ex Parte* Temporary Restraining Order, and related pleadings.

C.      On July 25, 2017, the Court entered the FTC's Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue.

D.      There is good cause to believe that Defendant Danielle Foss has engaged in and is likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a),

and Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8404, and that Plaintiff is therefore likely to prevail on the merits of this action.

E.  There is good cause to believe that immediate and irreparable harm will result from Defendant Danielle Foss's ongoing violations of the FTC Act and ROSCA unless she continues to be restrained and enjoined by order of this Court.

F.  There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers – including monetary restitution, rescission, disgorgement or refunds – will occur from the sale, transfer, destruction or other disposition or concealment by Defendant Danielle Foss of her Assets or records, unless she continues to be restrained and enjoined by order of this Court.

G.  Weighing the equities and considering the FTC's likelihood of ultimate success on the merits, a preliminary injunction order with Asset freeze and other equitable relief against Defendant Foss is in the public interest.

H.  No security is required of any agency of the United States for issuance of a preliminary injunction order.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Preliminary Injunction, the following definitions shall apply:

A.  "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B.  "**Billing Information**" means any data that enables any person to access a customer's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

C.     "**Charge**," "**Charged**," or "**Charging**" means any attempt to collect money or other consideration from a consumer, including but not limited to causing Billing Information to be submitted for payment, including against the consumer's credit card, debit card, bank account, telephone bill, or other account.

D.     "**Clear(ly) and conspicuous(ly)**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.     In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means;

2.     A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood;

3.     An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it;

4.     In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable;

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears;

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications;

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication; and

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

4. "**Close Proximity**" means immediately adjacent to the triggering representation. In the case of advertisements disseminated verbally or through audible means, the disclosure shall be made as soon as practicable after the triggering representation.

E. "**Corporate Defendants**" means RevMountain, LLC; RoadRunner B2C, LLC, d/b/a RevGo; Wave Rock, LLC; Juniper Solutions, LLC; Jasper Woods, LLC; Wheeler Peak Marketing, LLC; ROIRunner, LLC; Cherry Blitz, LLC; Flat Iron Avenue, LLC; Absolutely Working, LLC; Three Lakes, LLC; Bridge Ford, LLC; How and Why, LLC; Spruce River, LLC; TrimXT, LLC; Elation White, LLC; IvoryPro, LLC; Doing What's Possible, LLC; RevGuard, LLC; RevLive!, LLC; Blue Rocket Brands, LLC; Convertis, LLC; Convertis Marketing, LLC; Turtle Mountains, LLC; Boulder Black Diamond, LLC; Mint House, LLC; Thunder Avenue, LLC; University & Folsom, LLC; Boulder Creek Internet Solutions, Inc.; Walnut Street Marketing, Inc.; Snow Sale, LLC; Brand Force, LLC; Wild Farms, LLC; Salamonie River, LLC;

Indigo Systems, LLC; Night Watch Group, LLC; Newport Crossing, LLC; Greenville Creek, LLC; Brookville Lane, LLC; Anasazi Management Partners, LLC; Honey Lake, LLC; Condor Canyon, LLC; Brass Triangle, LLC; Solid Ice, LLC; Sandstone Beach, LLC; Desert Gecko, LLC; Blizzardwhite, LLC; Action Pro White, LLC; First Class Whitening, LLC; Spark Whitening, LLC; Titanwhite, LLC; Dental Pro At Home, LLC; Smile Pro Direct, LLC; Circle of Youth Skincare, LLC; DermaGlam, LLC; Sedona Beauty Secrets, LLC; Bellaathome, LLC; SkinnyIQ, LLC; Body Tropical, LLC; and each of their subsidiaries, affiliates, successors, and assigns.

F.    "**Defendant(s)**" means Corporate Defendants, Blair McNea, Danielle Foss, and Jennifer Johnson, individually, collectively, or in any combination.

G.    "**Stipulating Defendant**" means Defendant Danielle Foss.

H.    "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

I. **"Electronic Data Host"** means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

J. **"Negative Option Feature"** means, in an offer or agreement to sell or provide any good or service, a provision under which the consumer's silence or failure to take affirmative action to reject a good or service or to cancel the agreement is interpreted by the seller or provider as acceptance or continuing acceptance of the offer.

K. **"Receiver"** means the Receiver appointed by the Court and any deputy receivers or agents that shall be named by the Receiver.

L. **"Receivership Entities"** means Corporate Defendants as well as any other entity that has conducted any business related to Defendants' marketing of negative option offers, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

## ORDER

## I.      PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS THEREFORE ORDERED** that Stipulating Defendant, her officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or sale of any goods or services, are restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including:

A.      That consumers will only be charged a nominal fee plus shipping and handling costs for a one-time shipment; and

B.      That clicking through a website's pages will complete a single transaction for a single product.

## II.    REQUIRED DISCLOSURES RELATING TO NEGATIVE OPTION FEATURES

**IT IS FURTHER ORDERED** that Stipulating Defendant, her officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are restrained and enjoined from obtaining Billing Information from a consumer for any online transaction involving the advertising, marketing, promoting, offering for sale, or sale of any good or service that includes a Negative Option Feature, without first disclosing Clearly and Conspicuously, and in Close Proximity to where a consumer provides Billing Information, all material terms, including:

A.      The total cost (or range of costs) the consumer will be charged;

B.      That a consumer is automatically enrolled in a monthly negative option plan;

C.      The extent to which the consumer must take affirmative action(s) to avoid any Charges; and

D.      That consumers who complete a transaction are purchasing two separate products with separate monthly negative option plans.

## III.    OBTAINING EXPRESS INFORMED CONSENT

**IT IS FURTHER ORDERED** that Stipulating Defendant, her officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are restrained and enjoined from using Billing Information to obtain payment from a consumer for any online transaction in connection with the advertising, marketing, promoting, offering for sale, or sale of

any good or service with a Negative Option Feature, unless Stipulating Defendant first obtains the express informed consent of the consumer before Charging the consumer's credit card, debit cards, banks accounts or other financial accounts for products or services.

## IV.    PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendant, her officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

A.    Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B.    Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

Provided, however, that Stipulating Defendant may disclose such identifying information to a law enforcement agency, to her attorneys as required for her defense, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

## V.    ASSET FREEZE

**IT IS FURTHER ORDERED** that Stipulating Defendant and her officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of

12

them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

A.     Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

        1.     owned or controlled, directly or indirectly, by Stipulating Defendant;

        2.     held, in part or in whole, for the benefit of Stipulating Defendant;

        3.     in the actual or constructive possession of Stipulating Defendant; or

        4.     owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, Asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by Stipulating Defendant.

B.     Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of Stipulating Defendant or subject to access by her, except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order;

C.     Incurring charges or cash advances on any credit or bank card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by Stipulating Defendant or of which she is an officer, director, member, or manager.  This includes any corporate bankcard or corporate credit card account for which Stipulating Defendant is, or was on the date that this Order was signed, an authorized signor; or

D.   Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

E.   The Assets affected by this Section shall include:  (1) all Assets of Stipulating Defendant as of July 25, 2017; and (2) Assets obtained by Stipulating Defendant after July 25, 2017 if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order.  This Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this Order.

## VI.   DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or otherwise) and that (a) holds, controls, or maintains custody, through an account or otherwise, of any Document on behalf of Stipulating Defendant or any Asset that is:  owned or controlled, directly or indirectly, by Stipulating Defendant; held, in part or in whole, for the benefit of Stipulating Defendant; in the actual or constructive possession of Stipulating Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, Asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by Stipulating Defendant; (b) holds, controls, or maintains custody of any Document or Asset associated with credits, debits or charges made on behalf of Stipulating Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities; or (c) has held, controlled,

or maintained custody of any such Document, Asset, or account at any time since the date of entry of this Order shall:

A. Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets, except to the Receiver or by further order of this Court;

B. Deny any person, except the Receiver, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of Stipulating Defendant, either individually or jointly, or otherwise subject to access by Stipulating Defendant;

C. Immediately provide Plaintiff's counsel, to the extent not already provided pursuant to the TRO, a sworn statement setting forth:

1. The identification number of each such account or Asset;

2. The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

3. The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of Stipulating Defendant, or is otherwise subject to access by Stipulating Defendant; and

D.     Upon the request of Plaintiff's counsel, promptly provide Plaintiff's counsel with copies of all records or other Documents pertaining to such account or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

E.     This Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this order.

## VII.     FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that to the extent Stipulating Defendant has not yet provided financial statements in accordance with Section VII of the TRO, she shall immediately prepare and deliver to Plaintiff's counsel completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for each Individual Defendant, and **Attachment B** (Financial Statement of Corporate Defendant) for each Corporate Defendant.

## VIII.    FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that to the extent not already completed pursuant to the TRO, Stipulating Defendant shall immediately:

A.     Provide Plaintiff's counsel with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of the United States which are:  (1) titled in the name, individually or jointly, of Stipulating Defendant; (2) held by any person or entity for the benefit of Stipulating Defendant or for the benefit of any corporation, partnership, Asset protection trust, or other entity that is directly or indirectly

owned, managed, or controlled by Stipulating Defendant; or (3) under the direct or indirect control, whether jointly or singly, of Stipulating Defendant;

B. Take all steps necessary to provide Plaintiff's counsel access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to Release of Financial Records appended to this Order as **Attachment C**;

C. Transfer to the territory of the United States all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of Stipulating Defendant; (2) held by any person or entity for the benefit of Stipulating Defendant or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by Stipulating Defendant; or (3) under the direct or indirect control, whether jointly or singly, of Stipulating Defendant; and

D. The same business day as any repatriation, (1) notify counsel for Plaintiff of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## IX. NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Stipulating Defendant, her officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A. Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has

occurred under the terms of a foreign trust agreement until such time that all Stipulating Defendant's Assets have been fully repatriated pursuant to this Order; or

B.      Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that Stipulating Defendant's Assets have been fully repatriated pursuant to this Order.

## X.     CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning Stipulating Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## XI.     PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Stipulating Defendant, her officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A.      Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to:  (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any Defendant; and

B.    Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Stipulating Defendant's income, disbursements, transactions, and use of her Assets.

## XII.    REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Stipulating Defendant, her officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel with a written statement disclosing:  (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XIII.    PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that, to the extent not already completed pursuant to the TRO, Stipulating Defendant shall immediately provide to the Receiver:

A.    A list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any person or entity other than a Receivership Entity;

B.    A list of all agents, employees, officers, attorneys, servants and those persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

C.     A description of any documents covered by attorney-client privilege or attorney work product, including files where such documents are likely to be located, authors or recipients of such documents, and search terms likely to identify such electronic documents.

## XIV.          COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Stipulating Defendant, her officers, agents, employees, and attorneys, all other persons in active concert or participation with any of them, and any other person with possession, custody, or control of property of or records relating to the Receivership Entities who receive actual notice of this Order shall fully cooperate with and assist the Receiver.

A.     This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names and passwords required to access any computers, electronic devices, mobile devices, and machines (onsite or remotely) and any cloud account (including specific method to access account) or electronic file in any medium; advising all persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

B.     If any Documents, computers, or electronic storage devices containing information related to the business practices or finances of the Receivership Entities are at a location other than those listed herein, including personal residence(s) of Stipulating Defendant, then, immediately upon receiving notice of this order, Stipulating Defendant shall produce to the Receiver all such Documents, computers, and electronic storage devices, along with any codes or passwords needed for access.  In order to prevent the destruction of computer data, upon service

of this Order, any such computers or electronic storage devices shall be powered down in the normal course of the operating system used on such devices and shall not be powered up or used until produced for copying and inspection; and

C.      If any communications or records of any Receivership Entity are stored with an Electronic Data Host, Stipulating Defendant shall, immediately upon receiving notice of this order, provide the Receiver with the username, passwords, and any other login credential needed to access the communications and records, and shall not attempt to access, or cause a third-party to attempt to access, the communications or records.

## XV.    NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Stipulating Defendant, her officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order; and any other person served with a copy of this Order, are hereby preliminarily restrained and enjoined from directly or indirectly:

A.      Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B.      Transacting any of the business of the Receivership Entities;

C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

D.      Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XVI.   STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of any receivership ordered by the Court, Stipulating Defendant, her officers, agents, employees,

attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including, but not limited to:

A. Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 et seq., or of any similar insolvency proceeding on behalf of the Receivership Entities;

B. Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

C. Filing or enforcing any lien on any Asset of the Receivership Entities, taking or attempting to take possession, custody, or control of any Asset of the Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

D. Provided, however, that this Order does not stay: (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained

in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XVII.  DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that, to the extent not already completed pursuant to the TRO, Stipulating Defendant shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of Stipulating Defendant, and shall thereafter immediately provide Plaintiff with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone numbers, and email addresses of each such person or entity who received a copy of the Order.  Furthermore, Stipulating Defendant shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XVIII. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server, upon Stipulating Defendant or any Person (including any financial institution) that may have possession, custody, or control of any Asset or Document of Stipulating Defendant or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure.  For purposes of this Section,

service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

## XIX.   CORRESPONDENCE AND SERVICE ON PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

> **Sarah Waldrop**
> **Michelle Schaefer**
> Mailstop CC-9528
> 600 Pennsylvania Ave., NW
> Washington, DC 20580
> 202-326-3444
> 202-326-3197 (fax)
> swaldrop@ftc.gov
> mschaefer@ftc.gov

## XX.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

SO STIPULATED

**FOR THE PLAINTIFF FEDERAL TRADE COMMISSION:**

*/s/ Sarah Waldrop*
SARAH WALDROP
MICHELLE SCHAEFER
600 Pennsylvania Avenue, NW CC-9528
Washington, DC 20580
Tel. 202-326-3444, -3515
swaldrop@ftc.gov, mschaefer@ftc.gov

**FOR DEFENDANT DANIELLE FOSS:**

_____
RACHEL HIRSCH
Ifrah Law PLLC
1717 Pennsylvania Ave. NW, Suite 650
Washington, DC 20006
Tel. 202-524-4145

service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

### XIX. CORRESPONDENCE AND SERVICE ON PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

> **Sarah Waldrop**
> **Michelle Schaefer**
> Mailstop CC-9528
> 600 Pennsylvania Ave., NW
> Washington, DC 20580
> 202-326-3444
> 202-326-3197 (fax)
> swaldrop@ftc.gov
> mschaefer@ftc.gov

### XX. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

SO STIPULATED

**FOR THE PLAINTIFF FEDERAL TRADE COMMISSION:**

_____
SARAH WALDROP
MICHELLE SCHAEFER
600 Pennsylvania Avenue, NW CC-9528
Washington, DC 20580
Tel. 202-326-3515
swaldrop@ftc.gov, mschaefer@ftc.gov

**FOR DEFENDANT DANIELLE FOSS:**

*Rachel Hirsch*
RACHEL HIRSCH
Ifrah Law PLLC
1717 Pennsylvania Ave. NW, Suite 650
Washington, DC 20006
Tel. 202-524-4145

IT IS SO ORDERED.
Dated: September 7, 2017

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

rhirsch@ifrahlaw.com

**DEFENDANT DANIELLE FOSS**

DANIELLE FOSS

**IT IS SO ORDERED**, this _____ day of _____, 2017.


ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE