ERIC W. SWANIS (Nevada Bar No. 6840)
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone:  702-792-3773
Facsimile:   702-792-9002
Email: swanise@gtlaw.com

GIOVANNI M. RUSCITTI (Has complied with LR IA 11-2)
*(Admitted Pro Hac Vice)*
BERG HILL GREENLEAF RUSCITTI LLP
1712 Pearl Street
Boulder, Colorado 80302
Telephone: 303-402.1600
Facsimile:   303-402-1601
Email: gmr@bhgrlaw.com

CLAUDE C. WILD III (Has complied with LR IA 11-2)
*(Admitted Pro Hac Vice)*
9247 Mornington Way
Lone Tree, CO 80124
Telephone: 303-916-9082
Email: cwild@claudewildlaw.com

*Attorneys for Entity Defendants and Blair McNea*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) Case No. 17-cv-02000-APG-GWF<br>) |
| v. | ) **DEFENDANT REVGUARD, LLC'S,**<br>) **DEFENDANT REVLIVE!, LLC'S AND** |
| REVMOUNTAIN, LLC, *et al.*, | ) **DEFENDANT ROADRUNNER B2C, LLC'S**<br>) **COMBINED MOTION TO DISMISS** |
| Defendants. | )<br>**)** |

Defendants, RevLive!, LLC, RevGuard, LLC, and RoadRunner B2C LLC d/b/a RevGo, ("**Rev Companies**"), through their undersigned counsel and pursuant to F.R.C.P. 9(b) and F.R.C.P. 12(b)(6), respectfully move to dismiss the Federal Trade Commission's ("**FTC**")

1

Complaint for failure to state a claim upon which relief can be granted. In support thereof, the Rev Companies rely upon the attached Memorandum of Points and Authorities.[1]

DATED this 8th day of September, 2017.

| | |
|---|---|
| */s/ Eric W. Swanis* | */s/ Giovanni M. Ruscitti* |
| ERIC W. SWANIS (NV Bar #6840) | GIOVANNI M. RUSCITTI |
| GREENBERG TRAURIG, LLP | (*Admitted Pro Hac Vice*) |
| 3773 Howard Hughes Parkway | BERG HILL GREENLEAF RUSCITTI LLP |
| Suite 400 North | 1712 Pearl Street |
| Las Vegas, Nevada 89169 | Boulder, Colorado 80302 |
| Telephone:  702-792-3773 | Telephone:  303-402.1600 |
| Facsimile:  702-792-9002 | Facsimile:  303-402-1601 |
| Email:  swanise@gtlaw.com | Email:  gmr@bhgrlaw.com |

*/s/ Claude C. Wild III*
CLAUDE C. WILD III
(*Admitted Pro Hac Vice*)
9247 Mornington Way
Lone Tree, CO 80124
Telephone:  303-916-9082
Email:  cwild@claudewildlaw.com

*Attorneys for Corporate Defendants and Blair McNea*

---

[1] The Rev Companies deny all of the allegations in the Complaint.

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Federal Rule of Civil Procedure 9(b) requires a plaintiff alleging fraud to make specific and separate allegations stating what each defendant did to commit the alleged fraud or misrepresentation. Nevada federal courts have held that this heightened pleading standard applies to an action for deceptive trade practices brought by the FTC under Section 5 of the FTC Act because such an action "sounds in fraud." See *F.T.C. v. Ivy Capital, Inc.*, No. 2:11-CV-283,2011 WL 2118626 at *3 (D.Nev. May 25, 2011). In *Ivy Capital*, the court reasoned that the FTC had alleged the defendants collectively engaged in a unified course of fraudulent conduct, and rejected the FTC's arguments that because scienter need not be proved, the claim was not based in fraud: "The FTC's arguments to the contrary are unpersuasive: 'As Rule 9(b) particularity is not focused on intent, it would be anomalous to suggest that a section 5 claim is free from Rule 9(b)'s heightened pleading requirement because the FTC need not prove scienter....'" *Id*. (citing *FTC v. Wellness Support Network, Inc.,*No.C-10-04879, 2011 WL 1303419, at *9 (N.D.Cal. April 14, 2011) (*quoting FTC v. Swish Mktg.,*No. C-09-03814, 2010 WL 653486 (N.D.Cal. Feb. 22, 2010)).

Here, FTC claims against the Rev Companies fall well short of reaching these pleading standards. The Complaint groups together all 59 of the corporate defendants, including the Rev Companies, into a generic group called "Defendants." The FTC then accuses this group of "Defendants" of statutory violations while failing to make any individualized allegations against the Rev Companies. Indeed, the gravamen of the FTC's claims in this case is that the Defendants engaged in deceptive trade practices in connection with alleged illegal negative option marketing that was directed at consumers. These claims are premised on the basic allegation that the Corporate Defendants used deceptive websites to lure consumers with low price offers for products, and then, without the knowledge or consent of consumers, began charging consumers substantial amounts for regular shipments of products they did not want or order. To support these claims, the FTC makes provocative and sweeping allegations against all of the Defendants

largely in the form of unsubstantiated statements of counsel that distort the facts in an attempt to paint a nefarious picture of wrong doing and deceit.

Dispositive of the instant motion, the FTC has asserted these same claims against the Rev Companies, even though the Rev Companies <u>don't even market products to consumers</u>, and the FTC has failed to allege, nor can it, that the Rev Companies engaged in any unfair deceptive trade practices to consumers. Instead, the FTC has brought claims against the Rev Companies based on a faulty "common enterprise" legal theory that essentially asserts a claim for aiding and abetting. But, the FTC has failed to plead with the required particularity as it relates to the claims against the Rev Companies, and its common enterprise argument is based on no facts. And to the extent it has asserted an aiding and abetting claim, such a claim is not recognized by this Court.

Accordingly, this Court should dismiss the Rev Companies from this case.

## II.    SUMMARY OF ALLEGATIONS

The FTC's only individual mention of the Rev Companies in its 188-paragraph complaint falls on page 16 paragraph 78. Here, the FTC states that the Rev Companies:

> Provide back-end support to Defendants' scheme. RoadRunner/RevGo warehouses, packs, and ships Defendants' products from the operation's warehouses in Henderson, Nevada. RevGuard provides "A/B testing" for the merchant websites….RevLive! provides call centers to receive cancellation requests and complaints.

(Complaint at ¶78; hereinafter "Compl. ¶78.) Aside from these under-pleaded and false descriptions of the Rev Companies' contributions to the alleged "scheme", the FTC does not include any individualized allegations aimed specifically at the Rev Companies[2]. Instead, the FTC erroneously groups the Rev Companies with the other 59 defendants when it attempts to plead violations of the FTC Act and the Restore Online Shoppers' Confidence Act ("**ROSCA**").

To that end, the FTC first alleges that all of the Defendants, include the Rev Companies, misrepresented the price of trial offers in violation of Section 5(a) of the FTC Act. In Count I, the Complaint states that the Defendants misrepresented their service "in connection with

---

[2] Moreover, the FTC's allegations regarding "A/B testing" is false. To that end, RevGuard's A/B testing system is never used in the acquisition of consumers. Instead, the testing is used when consumers call in to cancel, putting them through a tested path which seeks to lift lifetime customer value while at the same time increasing customer satisfaction. This is hardly unlawful and should not form the basis of any of the claims that the FTC has asserted in this case.

4

*advertising, marketing, promotion*, or offering for sale, or sale of tooth whitening products." (Compl. ¶106) (emphasis added). This is not true – the Rev Companies do not market products to consumers. As a result of these assertions, the FTC then pleads that the "Defendants' *representations* described in Paragraph 106 are false, and constitute a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. §45." (Compl. ¶108) (emphasis added). Although the FTC relies on alleged fraudulent misrepresentations and omissions as the foundation for bringing FTC violations, there are no mentions of the Rev Companies advertising, marketing, promoting, or offering for sale of any products to any consumers. And that is because the FTC cannot assert such an allegation because it is not true.

The FTC then alleges ROSCA violations. The complaint states that "as described in Paragraphs 74-103 above, Defendants have advertised and sold tooth whitening products through a negative option feature…" (Compl. ¶112). Similarly to the aforementioned FTC violation claims, the Complaints fails to specifically indicate how the Rev Companies contributed to any alleged violation of ROSCA. The only arguable mention of the Rev Companies in the ROSCA pleadings is through the FTC's inclusion of "as described in Paragraphs 74-103 above." (Compl. ¶112.)

Finally, Count II of the Complaint alleges "Illegal Negative Option Marketing" in violation of ROSCA. (Compl. ¶¶ 114-115). The Complaint alleges that all of the Defendants failed to disclose material terms before obtaining consumers' billing information and failed to obtain consumer's express informed consent before charging the consumers. (Compl. ¶114(a-c).) The Complaint concludes that the Defendants' acts or practices, as described above, violate Section 4 of ROSCA. (Compl. ¶115). However, the Complaint fails to plead how the Rev Companies were specifically involved in these violations. And again, the FTC cannot plead this because it would be untrue.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) "mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted." *Corbo v. Laessig*, No. 2:10-CV-316, 2012 WL 1068271, at *2 (D. Nev. Mar. 28, 2012) (Navarro, J.). The Supreme Court has clarified

5

that in order to state a claim upon which relief may be granted so as to survive a motion to dismiss, a plaintiff must assert "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.* at 678 (quoting *Twombly,* 550 U.S. at 570), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

Importantly, the Supreme Court held in *Iqbal* that courts may infer from the factual allegations in the complaint "obvious alternative explanation[s]," which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. *Id.* at 682 (quoting *Twombly,* 550 U.S. at 567). The Court in *Iqbal* also held that the *Twombly* plausibility standard applies to <u>all</u> civil actions. *Id.* at 684.

The Ninth Circuit has summarized the governing standard, as follows: "In sum, for a [pleading] to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir.2009)(internal quotation marks omitted). In attempting to show that its "factual allegations 'plausibly give rise to an entitlement to relief,'" a plaintiff is "limited to the pleadings in the complaint." *Caviness v. Horizon Comm. Learning Ctr., Inc.*, 590 F.3d 806, 813 (9th Cir. 2010) (quoting *Iqbal,* 566 U.S. at 679).

Under *Iqbal*, plausibility is assessed in a two-step analysis. First, the Court begins "'by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Iqbal*, 566 U.S. at 679). The Court is to "disregard '[t]hreadbare recitals of the elements of a cause of

6

action, supported by mere conclusory statements ...."*Telesaurus,* 623 F.3d at 1003 (quoting *Iqbal,* 566 U.S. at 678). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009). Second, after eliminating all of the legal conclusions, the Court then identifies the "'well-pleaded factual allegations'" and determines "whether they plausibly give rise to an entitlement to relief.'" *Id.* at 970 (quoting *Iqbal*, 566 U.S. at 679).

Moreover, a heightened pleading standard applies to claims sounding in fraud, such as those asserted by the FTC here. Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This rule requires that claims of fraud be accompanied by the "who, what, when, where, and how" of the conduct charged. *Vess v. Ciba-Geigy Corp., USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (*quoting Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.1997)). These heightened pleading requirements serve three important purposes:

> (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints 'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [a] plaintiff[] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citations omitted); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011) (same) (quoting *Bly-Magee v. Cal.*, 236 F.3d 1014, 1018 (9th Cir. 2001)). This heightened pleading requirements for fraud "demand that the circumstances constituting the alleged be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir. 2009).

Importantly, when an action involves, as here, several different defendants, a plaintiff cannot simply "lump multiple defendants together" in the allegations of the complaint but must, at a minimum, identify each defendant's role in the alleged fraud. *Destfino v. Reiswig,* 630 F.3d 952, 958 (9th Cir. 2011); *Swartz v. KPMG LLP,* 476 F.3d 756, 764–65 (9th Cir. 2007). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id*. This requirement ensures that the defendants are on "notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp., USA,* 317 F.3d 1097, 1106 (9th Cir. 2003).

As stated above, Nevada Federal courts have held that this heighted pleading standard applies to an action for deceptive trade practices brought by the FTC because such an action sounds in fraud. *Ivy Capital,* WL 218626 at *3. Here, this Court should apply the higher pleading standard under Rule 9(b) because the allegations against the Rev Companies sound in fraud. The Complaint states that "misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act." (Compl. ¶105.) Count I alleges that "Defendants' *representations* described in Paragraph 106 are *false*, and *constitute a deceptive act* or practice in violation of Section 5(a) of the FTC Act." (Compl. ¶108) (emphasis added). In regard to alleged ROSCA violations, the Complaint claims that the Defendants' *failed to disclose material terms* of the transaction before obtaining the consumer's billing information. (Compl. ¶110) (emphasis added). Although the word "fraud" was not specifically mentioned by the FTC, "fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word "fraud" is not used)." *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "It is well-settled in the Ninth Circuit that misrepresentation claims

8

are a species of fraud, which must meet Rule 9(b)'s particularity requirement." *Meridian Project Sys., Inc. v. Hardin Constr. Co., LLC*, 404 F.Supp.2d 1214, 1219 (E.D. Cal. 2005); *see also Martinez v. Creative Concepts, Inc.*, No. 2:12-CV-227 JCM (PAL), 2012 WL 4490946, *3 (D. Nev. 2012).

## IV.   ARGUMENT

### A.   The FTC Failed to Plead Valid Violations of the FTC Act and ROSCA.

As stated above, the only issues raised by the FTC in this case relate to alleged deceptive trade practices relating to alleged illegal negative option marketing to <u>consumers</u>. Importantly, the FTC has failed to allege, and cannot allege, that the Rev Companies <u>themselves</u> engaged in any deceptive or unfair conduct and violation of the FTC Act or ROSCA. As a result, the claims must fail as a matter of law.

As stated above, Rule 9(b) "does not allow a complaint to …lump multiple defendants together, but require[s] plaintiffs to differentiate their allegations when suing more than one defendant." *Destfino,* 630 F.3d at 958. Rather, the plaintiff must include statements regarding the time, place, and nature of the alleged fraudulent activities, and "mere conclusory allegation of fraud are insufficient." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Here, the lack of detail in the FTC's allegations against the Rev Companies only compounds the FTC's improper "everyone did everything" pleading.

As stated above, paragraph 78 of the Complaint, contains the only reference of the Rev Companies' in the entire Complaint. Importantly, not once did the FTC plead "what, when, where, or how" the Rev Companies violated the FTC act nor ROSCA. Not once did the FTC plead that the Rev Companies made fraudulent misrepresentations to consumers through advertising, promoting, or selling their products and services to consumers. Finally, not once did the FTC plead with particularity that the Rev Companies had any control over the challenged advertising and marketing practices. The Complaint only alleges that the Rev Companies provided back-end support to Defendants' "scheme." (Compl. ¶78). This generic pleading, without specific allegations of misconduct, is insufficient to prove that the Rev Companies itself

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

violated the FTC Act or ROSCA. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotation marks omitted); *accord FTC v. Kuykendall,* 371 F.3d 745, 758 (10th Cir. 2004) (reversing district court order finding affiliates liable for conduct of another corporation where the FTC "failed to provide … any reason to believe the other corporate defendants could control DMS, or that the corporate structure was nothing more than an effort to conceal the assets of DMS and not a legitimate liability-limiting arrangement').

Accordingly, the claims must be dismissed. And to the extent that the FTC asks for leave to amend its Complaint, that request should be denied. The FTC has been investigating these parties for at least a year, and has had ample time to develop its case. This is the best it has. By filing the Complaint, the FTC has already killed 2 legitimate companies – RevGuard and RevGo and allowing them to continue to amend is only going to serve further injustice on these parties.

**B.     The FTC Has Not Plead Any of Its Claims With Facts Sufficient to Demonstrate Plausibility, Let Alone With Particularity As Required By Rule 9(b).**

All of the FTC's claims in this case sound in fraud because they are part of an alleged unified course of conduct of alleged deceptive lending practices. *See Kearns*, 567 F.3d at 1127; *FTC v. Lights of Am., Inc.*, 760 F. Supp. 2d 848, 851-54 (C.D. Cal. 2010). As such, each Count of the Complaint must be pled with particularity. See *Ivy Capital*, 2011 WL 2118626 at *3. The particularity requirements are rigorously enforced in multi-defendant cases such as this one, because they ensure that each individual defendant receives "'notice of the particular misconduct . . . so that [he] can defend against the charge and not just deny that [he has] done anything wrong.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558-59 (9th Cir. 2010) (internal citations omitted) (explaining why consumer deception claims must be pleaded with particularity). At the very least, the FTC must plead facts that demonstrate that its claims against the defendants are plausible. *Twombly*, 550 U.S. at 570. The FTC fails to meet either standard.

Specifically, the FTC has failed to plead <u>any</u> facts giving rise to plausible claims against the Rev Companies for any of the substantive violations alleged in the Complaint. The FTC clearly does not satisfy the requirements of Rule 9(b) as to any of its claims. The FTC improperly collectivizes all of the Defendants, and the FTC generically claims that all

10

Defendants engaged in each of the alleged unlawful practices. The FTC's conclusory allegations that all of the defendants, lumped together, engaged in deceptive or unlawful practices do not satisfy either Rule 9(b) or Rule 8. This is particularly true for the Rev Companies – who do not sell products to consumers. Simply put, the FTC has completely failed to identify what unlawful conduct or activities in which the Rev Companies engaged.

As this Court has explained, each individual defendant in a fraud case is entitled to "notice of the particular misconduct which is alleged" against him. *WMCV Phase 3, LLC v. Shushok & McCoy, Inc.*, 750 F. Supp. 2d 1180, 1187-88 (D. Nev. 2010) (Navarro, J.) (quoting *Swartz,* 476 F.3d at 764–65). This is especially true in fraudulent conspiracy cases because the "'bare allegation of a conspiracy is almost impossible to defend against ....'" *Goodwin v. Executive Tr. Servs.,* 680 F. Supp. 2d 1244, at 1254 (D. Nev. 2010)(quoting *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008); *see also Arroyo v. Wheat*, 591 F. Supp. 136, 140 (D. Nev. 1984) (same). While the Complaint vaguely identifies each defendant, the FTC makes no effort to describe what deceptive or unlawful action each defendant took, let alone what actions any of the Rev Companies, allegedly took.[3]

All of the FTC's allegations concerning the alleged unlawful business practices, as well as its claims for relief, utterly fail to differentiate between any of the defendants. Instead, the FTC generically ties all of its conclusory allegations to all of the defendants without any factual basis to do so. The Ninth Circuit does not accept this pleading approach; these "'everyone did everything' allegations" do not surpass the threshold required to state a claim for relief under the heightened pleading standard of FRCP 9(b). *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011). *See also, U.S. v. Corinthian Colls.*, 655 F.3d 984, 997-98 (9th Cir. 2011) (quoting *Swartz,* 476F.3d at 764–65). Accordingly, the FTC fails to allege the "who, what, when, where, and how" of the Rev Companies' alleged course of conduct, and all of its claims must be dismissed. *F.T.C. v. Lights of Am.*, 760 F. Supp. 2d 848, 854 (C.D. Cal. 2010); *Nev. ex rel. Hager v. Countrywide Home Loans Servicing, LP*, 812 F. Supp. 2d 1211, 1218-19 (D. Nev.

---

[3] For similar reasons as argued in this motion, each allegation in the Complaint against all Defendants fails for pleading without particularity, and therefore the Court would be justified in dismissing all of the claims asserted in this case.

2011) ("The TAC does not identify which particular Defendant did what, when, where, or how. As such, Defendants can only deny that they did anything wrong over a five-year time span.").

### C. The FTC Fails to Allege Sufficient Facts to Make Plausible Claims for Common Enterprise Liability Against the Rev Companies.

Unable to allege that the Rev Companies themselves committed any direct violation of the FTC Act or ROSCA, the FTC has relied on its crutch of asserting a contrived common enterprise theory. But those allegations are also devoid of facts and set forth only conclusions from counsel that must be disregarded and do not meet the plausibility test. Thus, all claims asserted against the Rev Companies must be dismissed.

The FTC's entire claim for common enterprise liability is encapsulated within Paragraphs 68-72 of the Complaint. These paragraphs merely recite the barelegal elements of a common enterprise without providing any facts whatsoever as to how the Rev Companies supposedly engaged in that enterprise, or how each individual defendant supposedly controlled that enterprise. Paragraph 70 states in pertinent part:

> The corporate Defendants share a single warehouse in Nevada and employ shared mailbox locations in several states that forward mail to tow Boulder-area offices. Further the companies commingle funds in corporate bank accounts, regularly transfer funds between corporate accounts, and use unified sales techniques.

(Compl. ¶70). In paragraph 71 the FTC generically alleges that:

> Because the Corporate Defendants operate as a common enterprise, each of them is jointly and severally liable for the acts and practices alleged below.

(Compl. ¶71). None of these paragraphs specifically provide facts as to how the Rev Companies were part of this alleged common enterprise. This "is precisely the 'formulaic recitation' of the elements of a claim" that triggered dismissal under Rule 8 in *Iqbal*. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 955 n.9 (9th Cir. 2011) (quoting *Iqbal*, 566 U.S. at 678);*Cook v. Brewer*, 637 F.3d 1002, 1007-08 (9th Cir. 2011) (plaintiff's "reliance on speculative and conclusory allegations is insufficient to state a facially plausible claim").

Legal conclusions are not to be taken as true "merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009)); *see also DIRECTV, Inc. v. Hoa*

*Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (allegations that "parrot the language" of a statute or cause of action are "legal conclusions" rather than "well-pleaded facts"). Any attempt that the FTC makes to recast these bald conclusions of ultimate facts as sufficient assertions of fact must be rejected, as they clearly fail under the pleading standards of *Twombly* and *Iqbal*. See *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047-48 (9th Cir. 2008) (rejecting assertion that legal conclusions masquerading as facts must be taken as true and concluding that plaintiffs "pleaded only ultimate facts, such as conspiracy, and legal conclusions. They failed to plead the necessary evidentiary facts to support those conclusions.")

Not only does this type of conclusory pleading violate Rule 8, but Courts regularly dismiss such claims as overstepping the mandates of Rule 9(b) where claims sound in fraud. *See United States v. Corinthian Colls.*, 655 F.3d 984, 997-98 (9th Cir. 2011) (dismissing government's claims against individual defendants under the False Claims Act because "the Complaint provides no additional detail as to the nature of the Individual Defendants' involvement in the fraudulent acts, but simply attributes wholesale all of the allegations against Corinthian to the Individual Defendants. Rule 9(b) undoubtedly requires more."); *Hoffman v. Countrywide Home Loans, Inc.*, No. 3:11-CV-00201, 2012 WL 1598187 (D. Nev. May 4, 2012) (dismissing vague and conclusory allegations of fraud that lumped all defendants together); *Thomas v. Wachovia Mortg., FSB*, No. 2:10-CV-01819, 2011 WL 3159169 (D. Nev. July 25, 2011) (dismissing claim for deceptive trade practices because allegations lumped multiple defendants together without differentiating the allegations against them in violation of Rule 9(b *FTC v. Lights of Am., Inc.*, 760 F. Supp. 2d 848, 854-55 (C.D. Cal. 2010) (allegations that individual defendants' promotional materials made false and unsubstantiated statements about certain characteristics of their LED lamps, in violation of the FTC Act, did not satisfy rule requiring fraud to be pled with particularity; FTC's allegations did not differentiate between conduct committed by the individual defendants and their corporation, nor did they explain when or where the alleged misrepresentations were made).

Under the mandates of *Twombly* and *Iqbal,* these pure conclusions, which merely lump all defendants together without any factual basis to do so, must be stripped from the Complaint and

disregarded in their entirety. *See Iqbal*, 566 U.S. at 678-79. Once these improper conclusions are discarded, there are no "well-pleaded" facts remaining in the Complaint that plausibly establish that the Rev Companies was part of a common enterprise that deceived consumers.

### 1. The Complaint is Devoid of Facts Showing the Rev Companies are Part of a Common Enterprise Engaged in the Alleged Lending Practices.

While participants in a "common enterprise" may share liability for unlawful practices, the FTC must plead plausible facts that establish the existence of such enterprise in order to state a claim against them. Here, and again, the FTC has not plead any facts to establish a plausible claim against the Rev Companies. In fact, the Complaint contains only three allegations specific to the Rev Companies, as follows:

> Provide back-end support to Defendants' scheme. RoadRunner/RevGo warehouses, packs, and ships Defendants' products from the operation's warehouses in Henderson, Nevada. RevGuard provides "A/B testing" for the merchant websites….RevLive! provides call centers to receive cancellation requests and complaints.

(Compl. ¶ 78). Because there are no facts alleged to support any conclusions against the Rev Companies, these allegations are not properly plead. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008). As such, this Court must disregard them in determining the sufficiency of the allegations against the Rev Companies. *See Iqbal*, 566 U.S. at 678-79.

When these improper conclusions are removed from the Complaint, there is nothing else and the claims must fail. To surpass the plausibility threshold, the Complaint would need to include enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010-11 (9th Cir. 2011) (quoting *Iqbal*, 566 U.S. at 678). And "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Corbo v. Laessig*, No. 2:10-CV-316, 2012 WL 1068271, at *2 (D. Nev. Mar. 28, 2012) (Navarro, J.) (quoting *Iqbal*, 566 U.S. at 678). Based upon the only facts actually alleged in the Complaint, there simply is no connection between the Rev Companies and any of the causes of action alleged in the Complaint. Nor does

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

the Complaint plausibly establish that they are part of any common enterprise. Accordingly, all claims against the Rev Companies must be dismissed.

### 2. The Complaint is Devoid of Facts Showing the Rev Companies Aided and Abetted the Alleged Lending Practices.

As pled in the Complaint and as alleged in the FTC's reply brief in support of its motion for a temporary restraining order and preliminary injunction, the FTC has essentially asserted an aiding and abetting claim. However, under the law of the Supreme Court and this circuit, courts have yet to recognize such a claim.

Notably, no provision of the FTC Act allows the FTC to pursue a claim for aiding and abetting. Section 5(a) authorizes the FTC to bring claims for unfair or deceptive acts or practices but not aiding and abetting such practices. The Supreme Court in *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, stated that "Congress has not enacted a general civil aiding and abetting statute-either for suits by the Government (when the Government sues for civil penalties or injunctive relief) or for suits by private parties." 511 U.S. 164, 182 (1994). In analyzing the Securities Exchange Act of 1934, the Supreme Court's decision was focused solely on the plain language of the statute, "If…Congress intended to impose aiding and abetting liability, we presume it would have used the words 'aid' and 'abet' in the statutory text. But it did not." *Id*. at 177. Nowhere in section 5(a) of the FTC Act are the words aid or abet. If Congress wished for the FTC to have the authority to bring aiding and abetting claims, it would have granted that authority in Section 5(a) of the FTC act.

Furthermore, the Ninth Circuit has yet to establish an FTC claim under a theory of aiding and abetting. In *FTC v. Neovi*, the Ninth Circuit found defendants liable under the FTC act not under a theory of aiding and abetting, but under individual violations of the FTC act. 604 F.3d 1150, 1158. The Court held that "to be clear, none of this is to say that [the Defendant] is liable under a theory of aiding and abetting. [The Defendant] engaged in behavior that was, itself, injurious to consumers." *Id*. Again, in a footnote, the Court held:

> Although we grant [the Defendant's] motion to take judicial notice of various congressional documents that support in some measure [Defendant's] claim that aiding and abetting liability is not cognizable under the FTC act, the documents have little bearing on the outcome of this appeal. [The Defendant's] actions caused

consumer harm; it did not merely aid or abet others who caused consumer harm. We take no position on aiding and abetting liability under the act.

*Id.* at 1158 n *5. The FTC has not, and cannot, allege that the Rev Companies engaged in conduct that was, itself, injurious to consumers.

Therefore, to the extent that the FTC has asserted an aiding and abetting type claim against the Rev Companies, such claim fails as a matter of law. Although the FTC will undoubtedly attempt to compare this case to *Neovi*, no allegations in the Complaint are pled with sufficient particularity to support such a comparison. The only specific allegations pertaining to any of the Rev Companies are in paragraph 78 as mentioned above. These conclusory and generic allegations of the Rev Companies do not include enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010-11 (9th Cir. 2011). Thus, because there is no legal authority to bring an aiding and abetting claim against the Rev Companies and any allegations supporting such claim are not plead with particularity, all claims against the Rev Companies must be dismissed.

## CONCLUSION

A party making allegations sounding in fraud must provide sufficient detail to allow the defendant to identify the specific acts she is alleged to have committed so that she may respond. Because violations of section 5(a) of the FTC action and violations of ROSCA are sound in

///
///
///
///
///
///
///
///
///

fraud, the FTC's "everyone did everything" pleading method in this case falls far short of Rule 9(b)'s heightened pleading standard. Accordingly, this Court should dismiss the Complaint against the Rev Companies for failure to state a claim under Rule 12(b)(6).

Respectfully submitted this 8th day of September, 2017.

/s/ Eric W. Swanis
ERIC W. SWANIS (NV Bar #6840)
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone:  702-792-3773
Facsimile:  702-792-9002
Email:  swanise@gtlaw.com

/s/ Giovanni M. Ruscitti
GIOVANNI M. RUSCITTI
(*Admitted Pro Hac Vice*)
BERG HILL GREENLEAF RUSCITTI LLP
1712 Pearl Street
Boulder, Colorado 80302
Telephone:  303-402.1600
Facsimile:  303-402-1601
Email:  gmr@bhgrlaw.com

/s/ Claude C. Wild III
CLAUDE C. WILD III
(*Admitted Pro Hac Vice*)
9247 Mornington Way
Lone Tree, CO 80124
Telephone:  303-916-9082
Email:  cwild@claudewildlaw.com

*Attorneys for Corporate Defendants and Blair McNea*

# CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2017, a true and correct copy of the foregoing **DEFENDANT REVGUARD, LLC'S, DEFENDANT REVLIVE!, LLC'S AND DEFENDANT ROADRUNNER B2C, LLC'S COMBINED MOTION TO DISMISS** was filed and served via the United States District Court's ECF System to the persons listed below and served via Federal Express as indicated below:

Bart K Larsen     blarsen@klnevada.com, jierien@klnevada.com, mbarnes@klnevada.com, usdistrict@klnevada.com

Blaine T Welsh     Blaine.Welsh@usdoj.gov, CaseView.ECF@usdoj.gov, eunice.jones@usdoj.gov, sue.knight@usdoj.gov

Byron Z. Moldo     bmoldo@ecjlaw.com

Eric D. Hone     ehone@dickinsonwright.com, bdonaldson@dickinsonwright.com, lstewart@dickinsonwright.com, LV_LitDocket@dickinsonwright.com

Gabriel A. Blumberg     gblumberg@dickinson-wright.com, bdonaldson@dickinsonwright.com, lstewart@dickinson-wright.com, LV_LitDocket@dickinsonwright.com

Michelle Schaefer     mschaefer@ftc.gov

Peter Alan Davidson     pdavidson@ecjlaw.com, lmacdonald@ecjlaw.com

Rachel Hirsch     rhirsch@ifrahlaw.com, docketing@ifrahlaw.com

Richard B Newman     rnewman@hinchnewman.com

Ronald D Green , Jr     rdg@randazza.com, ecf@randazza.com, trey-rothell-2425@ecf.pacerpro.com

Sarah Waldrop     swaldrop@ftc.gov, rkim1@ftc.gov

| **Via Overnight UPS:** | **Via Overnight UPS:** |
|---|---|
| Sarah Waldrop | Rachel Hirsch |
| Michelle Schaefer | Ifrah Law PLLC |
| Mailstop CC-9528 | 1717 Pennsylvania Avenue, NW |
| 600 Pennsylvania Avenue, NW | Suite 650 |
| Washington, DC 20580 | Washington, DC 20006 |
| 202.326.3444 | 202.524.4145 |

*/s/ Joyce Heilich*
An employee of Greenberg Traurig, LLP