Byron Z. Moldo
 bmoldo@ecjlaw.com
California Bar #109652
Admitted Pro Hac Vice
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, CA 90212-2974
Telephone  (310) 273-6333
Facsimile  (310) 859-2325

Bart K. Larsen
 blarsen@klnevada.com
Nevada Bar #8538
KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, NV 89145
Telephone (702) 362-7800
Facsimile (702) 362-9472

Attorneys for Joshua Teeple, Permanent Receiver

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 17-CV-02000-APG-GWF |
| Plaintiff, | RESPONSE OF JOSHUA TEEPLE, PERMANENT RECEIVER, TO CORPORATE DEFENDANTS' EMERGENCY MOTION FOR LIMITED MODIFICATION OF ASSET FREEZE TO PERMIT ACCESS TO FUNDS FOR ATTORNEYS' FEES |
| v. | |
| REVMOUNTAIN, LLC, a Nevada limited liability company, et al., , | |
| Defendants. | |
| | The Hon. Andrew P. Gordon |

Joshua Teeple, Permanent Receiver ("Receiver"), herewith submits his response to the Corporate Defendants' Emergency Motion for Limited Modification of Asset Freeze to Permit Access to Funds for Attorneys' Fees ("Motion"), and

16177.1:3999751.1

states as follows:

1. Joshua Teeple is the duly appointed, qualified and acting Permanent Receiver pursuant to this Court's September 1, 2017 Preliminary Injunction with Asset Freeze, Appointment of Receiver, and Other Equitable Relief as to Defendants Blair McNea, Jennifer Johnson, and Entity Defendants ("Order").

2. On September 8, 2017, the Corporate Defendants filed the Motion.

3. On September 10, 2017, this Court entered its Order Setting Briefing Schedule.

4. In accordance with the Court's September 10, 2017 order, the Receiver provides his response to the Motion.

5. As this Court is aware, the Receiver was appointed Temporary Receiver on July 25, 2017, and he was appointed Permanent Receiver on September 1, 2017.

6. In order to be prepared to immediately assume his duties, the Receiver retained the services of attorneys and accountants to assist in the administration of the receivership estate. Specifically, the Receiver retained Ervin Cohen & Jessup LLP ("ECJ") and Kolesar & Leatham as his attorneys, and Grobstein Teeple LLP ("Grobstein") as his accountants.

7. On August 22, 2017, the Receiver, with the assistance of ECJ and Grobstein, filed his summary report which provided this Court and all parties with a detailed summary of his efforts to date, and initial findings.

8. While the Receiver has established procedures for the administration of the receivership estate, substantial fees and costs have and will continue to be incurred by the Receiver, his attorneys and accountants. In addition, and as set forth in the Receiver's August 22, 2017 summary report, one of the Corporate Defendants continues to operate with the Receiver's oversight and control. Obviously, there are administrative costs that are incurred while the business continues to operate, and administrative costs related to the operations of the other Corporate Defendants that

are no longer operating. Also, and while this Court has entered orders approving stipulations that authorized the Receiver to vacate the Henderson, Nevada and Louisville, Colorado premises, the Receiver anticipates that administrative claims for rent and related expenses will be submitted by the landlords of both locations. Further, the Receiver expects that former employees of the Corporate Defendants, vendors, and creditors, will submit claims for goods or services provided after his appointment.

9. All of the fees, costs, and expenses incurred by the Receiver after his appointment are entitled to be paid as a priority from the funds in the receivership estate. Clark on Receivers §637. Since this matter is still in its early stages the Receiver does not know if he will accumulate sufficient funds to fully satisfy the administrative expenses of the receivership estate and potential remuneration to consumers who purchased products from the Corporate Defendants.

10. In the Motion the Corporate Defendants request "a monthly allowance in the amount of $30,000 for attorneys' fees to defend themselves in this case. In addition, the Corporate Defendants request that attorneys' fees incurred in connection with the TRO and preliminary injunction phase of this case also be paid. This amounts to $36,700."

11. The Receiver has prepared this response to advise the Court of the following:

 a. The Motion requests a monthly allowance of $30,000.00 for an indefinite period of time;

 b. To the extent that any amount is ordered to be released to pay attorneys' fees of the Corporate Defendants, the administrative claimants of the receivership estate and consumers of products purchased from the Corporate Defendants will be affected as it is uncertain at this time if sufficient funds will be available to fully satisfy those claims;

 c. To release any money to pay attorneys' fees of the Corporate

Defendants would subordinate the administrative expenses of the receivership estate which is contrary to established receivership law; and

  d. To release any money to pay attorney's fees of the Corporate Defendants will reduce the amount of funds that are available for distribution to the consumers for whose benefit this case was filed. In fact, section XIV.K. of the Order directs and authorizes the Receiver to "prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transaction business with the Receivership Entities."

DATED: September 18, 2017

Respectfully submitted,

ERVIN COHEN & JESSUP LLP

By: /s/ Byron Z. Moldo
BYRON Z. MOLDO
Attorneys for Joshua Teeple,
Permanent Receiver

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 9401 Wilshire Boulevard, Ninth Floor, Beverly Hills, CA 90212-2974.

On September 18, 2017, I served true copies of the following document(s) described as **RESPONSE OF JOSHUA TEEPLE, PERMANENT RECEIVER, TO CORPORATE DEFENDANTS' EMERGENCY MOTION FOR LIMITED MODIFICATION OF ASSET FREEZE TO PERMIT ACCESS TO FUNDS FOR ATTORNEYS' FEES** on the interested parties in this action as follows:

Blaine T Welsh   Blaine.Welsh@usdoj.gov, CaseView.ECF@usdoj.gov, eunice.jones@usdoj.gov, sue.knight@usdoj.gov

Eric W. Swanis   swanise@gtlaw.com, heilichj@gtlaw.com, jacksonsa@gtlaw.com, lvlitdock@gtlaw.com

Ronald D Green, Jr   rdg@randazza.com, ecf@randazza.com, trey-rothell-2425@ecf.pacerpro.com

Eric D. Hone   ehone@dickinsonwright.com, LV_LitDocket@dickinsonwright.com, bdonaldson@dickinsonwright.com, lstewart@dickinsonwright.com

Peter Alan Davidson   pdavidson@ecjlaw.com, lmacdonald@ecjlaw.com

Byron Z. Moldo   bmoldo@ecjlaw.com

Bart K Larsen   blarsen@klnevada.com, jierien@klnevada.com, mbarnes@klnevada.com, usdistrict@klnevada.com

Gabriel A. Blumberg   gblumberg@dickinson-wright.com, LV_LitDocket@dickinsonwright.com, bdonaldson@dickinsonwright.com, lstewart@dickinson-wright.com

Sarah Waldrop   swaldrop@ftc.gov, rkim1@ftc.gov

Rachel Hirsch   rhirsch@ifrahlaw.com, docketing@ifrahlaw.com

Richard B Newman   rnewman@hinchnewman.com

Michelle Schaefer   mschaefer@ftc.gov

Giovanni Michael Ruscitti   gmr@bhgrlaw.com, djm@bhgrlaw.com

Claude Wild, III   cwild@claudewildlaw.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 18, 2017, at Beverly Hills, California.

/s/ Lore Pekrul
Lore Pekrul

16177.1:3701910.1