DAVID C. SHONKA
Acting General Counsel
SARAH WALDROP
MICHELLE SCHAEFER
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mailstop CC-9528
Washington, DC 20580
Telephone: 202-326-3444 (Waldrop)
Telephone: 202-326-3515 (Schaefer)
Facsimile: 202-326-3197
Email: swaldrop@ftc.gov, mschaefer@ftc.gov

STEVEN W. MYHRE
Acting United States Attorney
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: 702-388-6336
Facsimile: 702-388-6787
Email: blaine.welsh@usdoj.gov

*Attorneys for Plaintiff Federal Trade Commission.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) Case No: 17-cv-02000-APG-GWF |
| v. | ) |
| REVMOUNTAIN, LLC, *et al.*, | ) **[Proposed] SCHEDULING ORDER AND DISCOVERY PLAN** |
| Defendants. | ) **SPECIAL SCHEDULING REVIEW REQUESTED** |

1

Plaintiff Federal Trade Commission ("FTC"); Individual Defendants Blair McNea, Jennifer Johnson, and Danielle Foss; and all Corporate Defendants named in the FTC's Complaint (ECF No. 1) submit the following discovery plan pursuant to Federal Rule of Civil Procedure 26(f)(3) and Local Rule 26-1:

1. **Meeting**: The parties, through their counsel, conducted the initial discovery conference pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1(a) by telephone on September 5, 2016.  Participating in the conference were:
    a. Sarah Waldrop and Michelle Schaefer, for Plaintiff FTC;
    b. Rachel Hirsch, for Defendant Danielle Foss;
    c. Richard Newman, for Defendant Jennifer Johnson; and
    d. Giovanni Ruscitti, for Defendant Blair McNea and all Corporate Defendants.
2. **Initial Disclosures**: The parties shall make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by September 26, 2017.  This date is more than 14 days after the Rule 26(f) conference, by agreement of counsel for all parties.
3. **Discovery Plan**: The parties intend to engage in written discovery and conduct depositions of witnesses involved in this case as follows:
    a. **Subjects of Discovery**: Discovery may be needed as to all facts relating to the Plaintiff's allegations, claimed equitable monetary relief, and any defenses raised by the Defendants.  Expert discovery may be needed in addition to fact discovery.  Discovery should be conducted in a fact phase and expert phase, as described below.
    b. **Fact Discovery Period**: The first defendants appeared on August 3, 2017, via the Joint Motion to Extend Temporary Restraining Order and Continue Preliminary Injunction Hearing and Response Deadlines.  The defendants answered the complaint on September 8, 2017.  The fact discovery period should last 180 days from the date upon which defendants answered.  Therefore, the fact discovery cutoff date will be March 7, 2018.  All fact discovery must be commenced so as to be completed by the discovery cutoff date.  The parties have not agreed to limit

or focus fact discovery to particular issues beyond the limitations imposed by the Federal Rules of Civil Procedure.

c. **Limited Stay of Discovery**:  The parties have agreed that no formal, written discovery shall be served on any party, and no depositions shall be taken of any party, until at least October 8, 2017 (30 days after the Defendants' responsive-pleading deadline), though the parties have agreed to informally exchange information as necessary during this period to enable settlement discussions.  Discovery may be served on third parties at any time.  Counsel for RevGuard LLC, RevLive! LLC, and Roadrunner B2C LLC d/b/a RevGo (the "Rev Companies") propose that discovery be stayed as to the Rev Companies until the Court rules on their motion to dismiss (ECF No. 66).  Counsel further notes: "In an effort to eliminate any prejudice to the FTC, the Rev Companies are willing to extend discovery as to them, on a day-for-day basis while the Motion to Dismiss is pending, in the event the Motion to Dismiss is ultimately denied."  The FTC opposes because discovery of the parties is already limited to five months; a stay without tolling the discovery deadline would thus prejudice the FTC, and a stay with tolling would unnecessarily extend fact discovery as to three of the 62 defendants into the expert discovery period.  The Court orders that discovery _____ (SHALL/SHALL NOT) be stayed as to the Rev Companies pending its ruling on the Rev Companies' motion to dismiss.

d. **Extension of Discovery**:  More time for discovery is necessary than is allotted by default under Local Rule 26-1(b)(1) because this case involves 62 defendants, an unknown but significant number of third-party witnesses (e.g., the defendants' employees, vendors, and business clients, and consumer witnesses), and a large volume of electronically stored information.  Furthermore, expert discovery will be necessary, as the FTC has already put forth an expert witness, and other experts may be put forth as the litigation progresses.  Conducting expert discovery after the close of fact discovery will permit the parties to identify expert witnesses

more accurately, allow experts to take into account all facts developed during the case, and reduce the likelihood that experts will be required to supplement their reports to take additional facts into consideration. Accordingly, the parties request that the total discovery period be extended from 180 days to 270 days, to run in two phases: fact discovery lasting 180 days, and expert discovery lasting 90 days.

e. **Depositions**: The parties disagree about the appropriate number of depositions per side in this matter. The FTC proposes to raise the Rule 30(a)(2)(A)(i) limit from 10 depositions to 30 due to the large number of parties, defendants' employees, defendants' clients and vendors, and other individuals and entities who may need to be deposed. The defendants propose to keep the Rule 30 limit of 10 depositions because defending depositions increases attorney costs, and the defendants are subject to an asset freeze. The Court orders that the per-side limit on depositions without leave of Court shall be _____ depositions.

f. **Expert Discovery Period**: The parties have agreed that expert disclosures should take place after fact discovery has closed. The expert discovery period should last 90 days, measured from March 7, 2018, the date on which fact discovery ends. Therefore, the expert discovery cutoff date, and overall discovery cutoff date, will be June 5, 2018. The disclosure of experts and the depositions of experts will proceed as follows:

   i. The disclosure of experts shall be made on April 6, 2018, which is 60 days before discovery cutoff and therefore compliant with the limit set by LR 26-1(b)(3). Contemporaneously with the disclosure, each expert shall provide a written report conforming to the requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

   ii. The disclosure of rebuttal experts shall be made on May 4, 2018, which is 28 days after the initial disclosure of experts and therefore compliant with the limit set by LR 26-1(b)(3). Contemporaneously with the disclosure,

3

each expert shall provide a written report conforming to the requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

   iii. The depositions of all experts shall be completed by the discovery cutoff date of June 5, 2018, and shall not count towards the parties' allotted fact discovery depositions.

4. **Deadline to Amend Pleadings and Add Parties**: The parties shall have until December 7, 2017, to file motions to amend pleadings or add parties. This date is 90 days before the close of fact discovery and therefore compliant with Local Rule 26-1(b)(2).

5. **Interim Status Report**: The parties shall file an interim status report stating the time they estimate will be needed for trial by April 6, 2018. This date is 60 days before the discovery cutoff date and therefore compliant with Local Rule 26-3.

6. **Dispositive Motions**: The deadline to file dispositive motions shall be July 5, 2018, which is 30 days after the discovery cutoff date and therefore compliant with Local Rule 26-1(b)(4).

7. **Joint Pretrial Order**: The deadline to file the joint pretrial order shall be August 3, 2018, which is 29 days after the dispositive motions deadline and is therefore compliant with Local Rule 26-1(b)(5). If dispositive motions are timely filed, this deadline shall be suspended until 30 days after decision on the dispositive motions or further order of the Court. The disclosures required by Rule 26(a)(3) of the Federal Rules of Civil Procedure, and any objections thereto, shall be made in the joint pretrial order.

8. **Other Matters**
   a. **Electronically Stored Information**: The parties expect to request the production of electronically stored information. The parties have conferred on issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced. The parties have agreed that defendants may produce electronically stored information in native format, with metadata intact and unaltered, and that the FTC will produce electronically stored

information in a format to be agreed upon later between the FTC and the requesting defendant.

b. **Claims of Privilege or Protection as Trial-Preparation Materials**: Except as otherwise set forth in this Order and subject to subsequent written stipulation by the parties, all claims of privilege or protection as trial-preparation materials, as well as the production of any information subject to such claims, shall be governed by Rule 26(b)(5). In an effort to limit the burden on the parties in responding to discovery requests, the parties stipulate to following streamlined procedure with respect to the materials that must be included by a party on its privilege log[1]:

   i. Written and oral communications between a party and its counsel after commencement of this action, attorney work product, or otherwise privileged material created after commencement of this action do not need to be placed on a privilege log.

   ii. Written communications between a party and its counsel that concern the subject matter of this lawsuit, attorney work product, or otherwise privileged or protected material may be described in a privilege log by categories rather than on a document-by-document basis, except where only a few items are withheld.

c. **Protective Orders**: The parties do not anticipate entering stipulated protective orders at this time. Should any party seek discovery of sensitive personally identifiable information, financial account information, or sensitive health information, the parties may propose a stipulated protective order regarding such information.

d. **Alternative Dispute Resolution**: The parties certify that they conferred about the possibility of using alternative dispute-resolution processes including

---

[1] The FTC notes that Defendant Johnson raised an advice-of-counsel defense in her Answer (ECF No. 64 at 18). The FTC therefore reserves the right to seek more-detailed privilege logs from Defendant Johnson in the course of discovery regarding this defense.

5

mediation, arbitration, and early neutral evaluation.  The parties agreed to commence settlement discussions immediately and do not currently anticipate a need for formal alternative dispute resolution processes.  If the parties the parties come to believe during settlement discussions that formal alternative dispute resolution would assist in resolving this case, they will revisit the issue.

e. **Alternative Forms of Case Disposition**: The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).  The parties did not consent to the use of these programs.

**IT IS SO ORDERED**, this _____ day of _____, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

**SO STIPULATED:**

**FOR THE PLAINTIFF FEDERAL TRADE COMMISSION:**

*/s/ Sarah Waldrop*
SARAH WALDROP
MICHELLE SCHAEFER
600 Pennsylvania Avenue, NW CC-9528
Washington, DC 20580
Tel. 202-326-3444, -3515
swaldrop@ftc.gov, mschaefer@ftc.gov

**FOR DEFENDANT DANIELLE FOSS**:

*/s/ Rachel Hirsch*
RACHEL HIRSCH
Ifrah Law PLLC
1717 Pennsylvania Ave. NW, Suite 650

Washington, DC 20006
Tel. 202-524-4145
rhirsch@ifrahlaw.com

**FOR DEFENDANT JENNIFER JOHNSON**:

*/s/ Richard Newman*
RICHARD NEWMAN
Hinch Newman LLP
40 Wall Street, 35th Floor
New York, NY 10005
212-756-8777
rnewman@hinchnewman.com

**FOR DEFENDANT BLAIR MCNEA AND CORPORATE DEFENDANTS**

*/s/ Giovanni Ruscitti*
Giovanni Ruscitti
Berg Hill Greenleaf Ruscitti LLP
1712 Pearl Street
Boulder, CO 80302
303-402-1600
giovanni.ruscitti@bhgrlaw.com

Claude Wild
Claude Wild Law
9247 Mornington Way
Lone Tree, CO 80124
303-916-9082
cwild@claudewildlaw.com

PROOF OF SERVICE

I hereby certify that I served the Proposed Scheduling Order and Discovery Plan on September 19, 2017, on counsel for all Defendants via CM/ECF:

| | |
|---|---|
| Giovanni Ruscitti<br>Berg Hill Greenleaf Ruscitti LLP<br>1712 Pearl Street<br>Boulder, CO 80302<br>303-402-1600<br>giovanni.ruscitti@bhgrlaw.com | *Counsel for Defendant Danielle Foss*<br><br>Richard Newman<br>Hinch Newman LLP<br>40 Wall Street, 35th Floor<br>New York, NY 10005<br>212-756-8777<br>rnewman@hinchnewman.com |
| Claude Wild<br>Claude Wild Law<br>9247 Mornington Way<br>Lone Tree, CO 80124<br>303-916-9082<br>cwild@claudewildlaw.com | |
| | Eric D. Hone<br>Gabriel A. Blumberg<br>Dickinson Wright PLLC<br>8363 West Sunset Road, Suite 200<br>Las Vegas, NV 89113<br>702-550-4400<br>ehone@dickinson-wright.com<br>gblumberg@dickinson-wright.com<br>*Counsel for Defendant Jennifer Johnson* |
| Eric Swanis<br>Greenberg Traurig LLP<br>3773 Howard Hughes Parkway, Ste. 400 N<br>Las Vegas, NV 89169<br>702-792-3773<br>swanise@gtlaw.com | |
| *Counsel for Defendant Blair McNea and Corporate Defendants* | Byron Moldo<br>Ervin Cohen & Jessup LLP<br>9401 Wilshire Blvd., 9th Floor<br>Beverly Hills, CA 90212<br>310-281-6354<br>bmoldo@ecjlaw.com |
| Rachel Hirsch<br>Ifrah Law PLLC<br>1717 Pennsylvania Ave. NW, Suite 650<br>Washington, DC 20006<br>202-524-4145<br>rhirsch@ifrahlaw.com | Bart K. Larsen<br>Kolesar & Leatham<br>400 South Rampart Boulevard, Suite 400<br>Las Vegas, NV 89145<br>702-362-7800<br>blarsen@klnevada.com |
| Ronald Green<br>Randazza Legal Group, PLLC<br>4035 El Capitan Way<br>Las Vegas, NV 89147<br>702-420-2001<br>rdg@randazza.com | *Counsel for Joshua Teeple, Temporary Receiver* |

                                                                                                     */s/ Sarah Waldrop*
                                                                                                     Sarah Waldrop