HINCH NEWMAN LLP
RICHARD B. NEWMAN
Nevada Bar No. 8203
Email:  RNewman@HinchNewman.com
40 Wall Street, 35th Floor
New York, NY 10005

DICKINSON WRIGHT PLLC
ERIC D. HONE
Nevada Bar No. 8499
Email:  ehone@dickinsonwright.com
GABRIEL A. BLUMBERG
Email:  gblumberg@dickinsonwright.com
Nevada Bar No. 12332
8363 West Sunset Road, Suite 200
Las Vegas, Nevada  89113-2210
Tel:  (702) 550-4400

*Attorneys for Defendant Jennifer Johnson*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>               Plaintiff,<br><br>vs.<br><br>REVMOUNTAIN, LLC, et al.<br><br>               Defendants. | Case No: 2:17-cv-02000-APG-GWF<br><br>**DEFENDANT JENNIFER JOHNSON'S FIRST AMENDED ANSWER TO COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

Defendant Jennifer Johnson ("Ms. Johnson"), by and through her counsel, Richard B. Newman of the law firm of Hinch Newman LLP, and Eric D. Hone and Gabriel A. Blumberg of the law firm of Dickinson Wright PLLC, hereby files this First Amnded Answer to the Complaint ("Complaint") of Plaintiff Federal Trade Commission ("FTC").

By way of a general response, all allegations are denied unless specifically admitted, and any factual assertion admitted is admitted only to the specific facts and not as to any conclusions, characterizations, implications or speculations that are contained in the assertion of in the

1

Complaint, as a whole.  This response is incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

To the extent that the paragraphs of the Complaint are grouped under headings, Ms. Johnson responds generally that such headings do not contain factual assertions, and therefore, do not require an admission or denial.  To the extent that a response is deemed necessary, Ms. Johnson denies any allegations contained in each heading in the Complaint.

1.      Paragraph 1 does not require a response from Ms. Johnson.  The Complaint and statutes speak for themselves.

2.      The allegations in Paragraph 2 contain legal conclusions, which do not require an admission or denial.  To the extent that a response is required, Ms. Johnson admits that this Court has subject matter jurisdiction over this action.

3.      The allegations in Paragraph 3 contain legal conclusions, which do not require an admission or denial.  To the extent that a response is required, Ms. Johnson denies that venue is proper.

4.      Paragraph 4 does not require a response from Ms. Johnson.  The Complaint and statutes speak for themselves.

5.      The allegations in Paragraph 5 contain legal conclusions, which do not require an admission or denial.  To the extent that a response is required, Ms. Johnson denies that the FTC is authorized to seek anything other than injunctive relief.

6.      Ms. Johnson admits that that RevMountain, LLC is a Nevada limited liability company.  The remaining allegations in Paragraph 6 of the Compliant contain legal conclusions, which do not require a response.  To the extent that a response is required, Ms. Johnson denies them.

7.      Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 7 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

8.      Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 8 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

9.      Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 9 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

10.      Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 10 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

11.      Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 11 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

12.      Ms. Johnson admits that that ROIRunner, LLC is a Nevada limited liability company.  The remaining allegations in Paragraph 12 of the Compliant contain legal conclusions, which do not require a response.  To the extent that a response is required, Ms. Johnson denies them.

13.      Ms. Johnson admits that that Cherry Blitz, LLC is a Nevada limited liability company.  The remaining allegations in Paragraph 13 of the Compliant contain legal conclusions, which do not require a response.  To the extent that a response is required, Ms. Johnson denies them.

14.      Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 14 of the Complaint also contain legal conclusions, which do not require

1   a response. To the extent that a response is required, Ms. Johnson denies them.

2       15.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the

3   truth of the allegations in Paragraph 15 of the Complaint, and on that basis, denies them.  The

4   allegations in Paragraph 15 of the Complaint also contain legal conclusions, which do not require

5   a response. To the extent that a response is required, Ms. Johnson denies them.

6       16.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the

7   truth of the allegations in Paragraph 16 of the Complaint, and on that basis, denies them.  The

8   allegations in Paragraph 16 of the Complaint also contain legal conclusions, which do not require

9   a response. To the extent that a response is required, Ms. Johnson denies them.

10      17.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the

11  truth of the allegations in Paragraph 17 of the Complaint, and on that basis, denies them.  The

12  allegations in Paragraph 17 of the Complaint also contain legal conclusions, which do not require

13  a response. To the extent that a response is required, Ms. Johnson denies them.

14      18.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the

15  truth of the allegations in Paragraph 18 of the Complaint, and on that basis, denies them.  The

16  allegations in Paragraph 18 of the Complaint also contain legal conclusions, which do not require

17  a response. To the extent that a response is required, Ms. Johnson denies them.

18      19.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the

19  truth of the allegations in Paragraph 19 of the Complaint, and on that basis, denies them.  The

20  allegations in Paragraph 19 of the Complaint also contain legal conclusions, which do not require

21  a response. To the extent that a response is required, Ms. Johnson denies them.

22      20.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the

23  truth of the allegations in Paragraph 20 of the Complaint, and on that basis, denies them.  The

24  allegations in Paragraph 20 of the Complaint also contain legal conclusions, which do not require

25  a response. To the extent that a response is required, Ms. Johnson denies them.

26      21.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the

27  truth of the allegations in Paragraph 21 of the Complaint, and on that basis, denies them.  The

28

allegations in Paragraph 21 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

22.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 22 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

23.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 23 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

24.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 24 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

25.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 25 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

26.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 26 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

27.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 27 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

28.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the

truth of the allegations in Paragraph 28 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 28 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

29.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 29 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

30.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 30 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

31.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 31 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

32.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 32 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

33.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 33 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

34.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 34 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

35.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 35 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

36.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 36 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

37.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 37 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

38.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 38 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

39.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 39 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

40.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 40 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

41.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 41 of the Complaint also contain legal conclusions, which do not require

a response. To the extent that a response is required, Ms. Johnson denies them.

42.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 42 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

43.     Ms. Johnson admits that that Greenville Creek, LLC is an Indiana limited liability company.  The remaining allegations in Paragraph 43 of the Compliant contain legal conclusions, which do not require a response.  To the extent that a response is required, Ms. Johnson denies them.

44.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 44 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

45.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 45 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

46.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 46 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

47.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 46 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

48.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint, and on that basis, denies them.  The

allegations in Paragraph 48 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

49.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 49 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

50.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 50 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

51.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 51 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

52.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 52 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

53.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 53 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

54.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 54 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

55.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the

1  truth of the allegations in Paragraph 55 of the Complaint, and on that basis, denies them.  The

2  allegations in Paragraph 55 of the Complaint also contain legal conclusions, which do not require

3  a response. To the extent that a response is required, Ms. Johnson denies them.

4      56.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the

5  truth of the allegations in Paragraph 56 of the Complaint, and on that basis, denies them.  The

6  allegations in Paragraph 56 of the Complaint also contain legal conclusions, which do not require

7  a response. To the extent that a response is required, Ms. Johnson denies them.

8      57.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the

9  truth of the allegations in Paragraph 57 of the Complaint, and on that basis, denies them.  The

10  allegations in Paragraph 57 of the Complaint also contain legal conclusions, which do not require

11  a response. To the extent that a response is required, Ms. Johnson denies them.

12      58.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the

13  truth of the allegations in Paragraph 58 of the Complaint, and on that basis, denies them.  The

14  allegations in Paragraph 58 of the Complaint also contain legal conclusions, which do not require

15  a response. To the extent that a response is required, Ms. Johnson denies them.

16      59.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the

17  truth of the allegations in Paragraph 59 of the Complaint, and on that basis, denies them.  The

18  allegations in Paragraph 59 of the Complaint also contain legal conclusions, which do not require

19  a response. To the extent that a response is required, Ms. Johnson denies them.

20      60.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the

21  truth of the allegations in Paragraph 60 of the Complaint, and on that basis, denies them.  The

22  allegations in Paragraph 60 of the Complaint also contain legal conclusions, which do not require

23  a response. To the extent that a response is required, Ms. Johnson denies them.

24      61.    Ms. Johnson lacks knowledge or information sufficient to form a belief about the

25  truth of the allegations in Paragraph 61 of the Complaint, and on that basis, denies them.  The

26  allegations in Paragraph 61 of the Complaint also contain legal conclusions, which do not require

27  a response. To the extent that a response is required, Ms. Johnson denies them.

28

62.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 62 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

63.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 63 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

64.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of the Complaint, and on that basis, denies them.  The allegations in Paragraph 64 of the Complaint also contain legal conclusions, which do not require a response. To the extent that a response is required, Ms. Johnson denies them.

65.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of the Complaint, and on that basis, denies them.

66.     Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 of the Complaint, and on that basis, denies them.

67.     Ms. Johnson admits that from approximately March of 2014 through February 2017 that she was the Chief Executive Officer of Rev Mountain, LLC.  Ms. Johnson denies that she is currently the CEO of RevMountain, LLC.  Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning signing corporate filings and operational bank accounts in Paragraph 67 of the Complaint, and on that basis, denies them. that RevMountain, LLC is a Nevada limited liability company.  The remaining allegations in Paragraph 6 of the Compliant contain legal conclusions, which do not require a response.  To the extent that a response is required, Ms. Johnson denies them.

68.     Ms. Johnson states that the terms and phrases "interrelated network" and "unified continuity plan operation" are vague and ambiguous, such that Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of the

Complaint, and on that basis, denies them.

69.     Ms. Johnson states that the phrase "many of the Corporate Defendants" is vague and ambiguous, such that Mr. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 of the Complaint, and on that basis, denies them.

70.     The allegations in Paragraph 70 of the Complaint contain legal conclusions, which do not require an admission or denial.  The allegations in Paragraph 70 are also vague and ambiguous as to the phrase "unified sales techniques."  To the extent that a response is required, Ms. Johnson lacks sufficient information or belief as to the truth of the matters alleged in Paragraph 70 of the Complaint and denies such allegations on this basis.

71.     The allegations in Paragraph 71 of the Complaint contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Ms. Johnson denies the allegations in Paragraph 71 of the Complaint.

72.     The allegations in Paragraph 72 of the Complaint contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Ms. Johnson denies the allegations in Paragraph 72 of the Complaint.

73.     The allegations in Paragraph 73 of the Complaint contain legal conclusions, which do not require an admission or denial.  To the extent a response is required, Ms. Johnson denies the allegations in Paragraph 73 of the Complaint.

74.     Ms. Johnson lacks sufficient knowledge or information to form a belief as to the truth of the allegations as alleged in Paragraph 74 of the Complaint, and, on that basis, denies them.

75.     Ms. Johnson states that the term "entice" is vague and ambiguous, such that Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 of the Complaint, and on that basis, denies them.

76.     Ms. Johnson denies that all of the Defendants are engaged in the sale of tooth-whitening products, among other goods, through negative option trial marketing, as alleged in Paragraph 76 of the Complaint.

77.     Ms. Johnson states that the term "operation" is vague and ambiguous, such that Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 of the Complaint, and on that basis, denies them.

78.     Ms. Johnson states that the term "scheme" is vague and ambiguous, such that Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 of the Complaint, and on that basis, denies them.

79.     Ms. Johnson states that the term and phrase "move money" is vague and ambiguous, such that Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 of the Complaint, and on that basis, denies them.

80.     Ms. Johnson lacks sufficient knowledge or information to form a belief as to the truth of the allegations as alleged in Paragraph 80 of the Complaint, and, on that basis, denies them.

81.     Ms. Johnson lacks sufficient knowledge or information to form a belief as to the truth of the allegations as alleged in Paragraph 81 of the Complaint, and, on that basis, denies them.

82.     Ms. Johnson states that the term and phrase "many of Defendants' websites" is vague and ambiguous, such that Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 of the Complaint, and on that basis, denies them.

83.     Ms. Johnson states that the term and phrase "drive traffic" is vague and ambiguous, such that Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 of the Complaint, and on that basis, denies them.

84.     Ms. Johnson lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint, and, on that basis, denies them.

85.     Ms. Johnson admits that affiliate networks were paid for each trial signup as alleged in Paragraph 85 of the Complaint.  Ms. Johnson lacks sufficient knowledge or information to form a belief as to the truth of the allegations that Defendants paid affiliate networks for each

click, as alleged in Paragraph 85 of the Complaint, and, on that basis, denies them.   Ms. Johnson lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 85 of the Complaint, and, on that basis, denies them.

86.    Ms. Johnson states that the terms and phrases "in many instances," "back-door" and "front-door" are vague and ambiguous, such that Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 of the Complaint, and on that basis, denies them.

87.    Ms. Johnson states that the terms and phrases "front-door" and "in a few instances" are vague and ambiguous, such that Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 of the Complaint, and on that basis, denies them.

88.    Ms. Johnson states that the terms and phrases "back-door" and "invariably" are vague and ambiguous, such that Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 of the Complaint, and on that basis, denies them.

89.    Ms. Johnson states that the phrase "substantially similar" is vague and ambiguous, such that Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89 of the Complaint, and on that basis, denies them.  Ms. Johnson also lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint, and, on that basis, also denies them.

90.    Ms. Johnson lacks sufficient knowledge or information to form a belief as to the truth of the allegations as alleged in Paragraph 90 of the Complaint, and, on that basis, denies them.

91.    Ms. Johnson lacks sufficient knowledge or information to form a belief as to the truth of the allegations as alleged in Paragraph 91 of the Complaint, and, on that basis, denies them.

92.    Ms. Johnson lacks sufficient knowledge or information to form a belief as to the

truth of the allegations as alleged in Paragraph 92 of the Complaint, and, on that basis, denies them.

93.     Ms. Johnson states that the terms and phrases "back-door" and "nearly identical" are vague and ambiguous, such that Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 of the Complaint, and on that basis, denies them.  Ms. Johnson also lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint, and, on that basis, also denies them.

94.     Ms. Johnson lacks sufficient knowledge or information to form a belief as to the truth of the allegations as alleged in Paragraph 94 of the Complaint, and, on that basis, denies them.

95.     Ms. Johnson states that the term and phrase "back-door" is vague and ambiguous, such that Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 of the Complaint, and on that basis, denies them.  Ms. Johnson also lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 95 of the Complaint, and, on that basis, also denies them.

96.     Ms. Johnson lacks sufficient knowledge or information to form a belief as to the truth of the allegations as alleged in Paragraph 96 of the Complaint, and, on that basis, denies them.  The allegations in Paragraph 96 also contain legal conclusions, which do not require an admission or denial.  To the extent that a response is required, Ms. Johnson also denies them.

97.     Ms. Johnson lacks sufficient knowledge or information to form a belief as to the truth of the allegations as alleged in Paragraph 97 of the Complaint, and, on that basis, denies them.

98.     Ms. Johnson lacks sufficient knowledge or information to form a belief as to the truth of the allegations as alleged in Paragraph 98 of the Complaint, and, on that basis, denies them.  The allegations in Paragraph 98 also contain legal conclusions, which do not require an admission or denial.  To the extent that a response is required, Ms. Johnson also denies them.

99.     Ms. Johnson lacks sufficient knowledge or information to form a belief as to the truth of the allegations as alleged in Paragraph 99 of the Complaint, and, on that basis, denies them.

100.     Ms. Johnson lacks sufficient knowledge or information to form a belief as to the truth of the allegations as alleged in Paragraph 100 of the Complaint, and, on that basis, denies them.

101.     Ms. Johnson states that the term and phrase "looks like a coupon" is vague and ambiguous, such that Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 of the Complaint, and on that basis, denies them.

102.     Ms. Johnson lacks sufficient knowledge or information to form a belief as to the truth of the allegations as alleged in Paragraph 102 of the Complaint, and, on that basis, denies them.  The allegations in Paragraph 102 also contain legal conclusions, which do not require an admission or denial.  To the extent that a response is required, Ms. Johnson also denies them.

103.     Ms. Johnson states that the term and phrase "appears to be" is vague and ambiguous, such that Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103 of the Complaint, and on that basis, denies them.

104.     Paragraph 104 does not require a response from Ms. Johnson.  The statute speaks for itself.

105.     Paragraph 105 does not require a response from Ms. Johnson.  The statute speaks for itself.

106.     The allegations in Paragraph 106 contain legal conclusions, which do not require an admission or denial.  To the extent that a response is required, Ms. Johnson denies the allegations in Paragraph 106 of the Complaint.  Furthermore, Ms. Johnson states that the term and phrase "numerous instances" is vague and ambiguous, such that Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106 of the

Complaint, and on that basis, denies them.

107.    Ms. Johnson states that the phrase "numerous instances" is vague and ambiguous, such that Ms. Johnson lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107 of the Complaint, and on that basis, denies them.

108.    The allegations in Paragraph 108 contain legal conclusions, which do not require an admission or denial.  To the extent that a response is required, Ms. Johnson denies them.

109.    Paragraph 109 does not require a response from Ms. Johnson.  The statute speaks for itself.

110.    Paragraph 110 does not require a response from Ms. Johnson.  The statutes speak for themselves.

111.    Paragraph 111 does not require a response from Ms. Johnson.  The statute speaks for itself.

112.    The allegations in Paragraph 112 contain legal conclusions, which do not require an admission or denial.  To the extent that a response is required, Ms. Johnson denies them.

113.    Paragraph 113 does not require a response from Ms. Johnson.  The statutes speak for themselves.

114.    The allegations in Paragraph 114 contain legal conclusions, which do not require an admission or denial.  To the extent that a response is required, Ms. Johnson denies them.

115.    The allegations in Paragraph 115 contain legal conclusions, which do not require an admission or denial.  To the extent that a response is required, Ms. Johnson denies them.

116.    The allegations in Paragraph 116 contain legal conclusions, which do not require an admission or denial.  To the extent that a response is required, Ms. Johnson denies them.

117.    The allegations in Paragraph 117 contain legal conclusions, which do not require an admission or denial.  To the extent that a response is required, Ms. Johnson denies that the FTC is authorized to seek anything other than injunctive relief.

118.    Ms. Johnson denies that the FTC is entitled to any of the relief it seeks in the Complaint.

## AFFIRMATIVE DEFENSES

Without undertaking any burden they do not otherwise bear, Ms. Johnson asserts the following Affirmative Defenses.  Ms. Johnson reserves the right to amend her First Amended Answer to add additional Affirmative Defenses.

### FIRST AFFIRMATIVE DEFENSE

Neither the Complaint nor the claims for relief alleged therein state a claim upon which civil monetary penalties can be granted against Ms. Johnson.  The Federal Trade Commission relies upon the injunctive remedies available in § 13(b) as the basis for imposing various kinds of monetary "equitable relief."  However, the United States Supreme Court in *Kokesh v. SEC*, 137 S. Ct. 1635 (2017) unanimously held that disgorgement operates as a penalty.  *Id.* at 1645.  The FTC is not authorized to obtain civil monetary penalties under Section 13(b) of the FTC Act, which speaks only of injunctive relief and, at most, implies authority of courts to order ancillary equitable relief.  Disgorgement is not equitable, but rather punitive in nature.

### SECOND AFFIRMATIVE DEFENSE

Neither the Complaint nor the claims for relief alleged therein state a claim upon which joint and several liability can be imposed upon Ms. Johnson.  The Complaint fails to allege sufficient facts to establish that the FTC has the authority to impose joint and several liability.

Section 13(b) of the FTC Act, which, at best, speaks only of injunctive relief and only authorizes ancillary equitable relief.  Joint and several liability is a legal damages construct concerned with compensating a plaintiff for the total sum of its losses; by definition, it goes beyond mere return of unjust gains in a defendant's possession.  Thus, joint and several liability is not equitable in nature.

### THIRD AFFIRMATIVE DEFENSE

Each of the FTC's Plaintiff's purported claims are barred in whole or in part because Ms. Johnson, in good faith, took reasonable actions to prevent or terminate the occurrence of any unfair or deceptive practices.

/ / /

### FOURTH AFFIRMATIVE DEFENSE

The damages sustained by consumers, if any, resulted from the acts or omissions of others and were not proximately caused by the actions of Ms. Johnson.  Any purported injury or harm was, either wholly or in part, the legal fault of persons, firms, corporations, or entities other than Ms. Johnson and that legal fault reduces the percentage of responsibility, if any, which is to be borne by Ms. Johnson.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that the FTC is awarded any damages, liability to which Ms. Johnson wholly denies, such damages must be reduced, abated or apportioned to the extent that any other party's actions caused or contributed to damages awarded to the FTC, and by the amount of benefits, refunds or chargebacks received: (i) from Ms. Johnson's co-defendants; and/or (ii) by consumers, whether from any Defendant or any other source.

### SIXTH AFFIRMATIVE DEFENSE

The FTC's claims are barred, in whole or in part, by the applicable statute of limitations. The United States Supreme Court in *Kokesh v. SEC*, 137 S. Ct. 1635 (2017) unanimously held that disgorgement operates as a penalty and is therefore subject to the five-year limitations period. *Id.* at 1645.

### SEVENTH AFFIRMATIVE DEFENSE

Ms. Johnson did not directly participate in, ratify, control or direct the alleged acts or practices; have knowledge of the alleged acts or practices; or have the authority to control the corporate entities involved in the alleged practices.  Without conceding any such responsibility, at any time, Ms. Johnson was not charged with responsibility, managerial or otherwise, with conduct related to the subscription-billing model related allegations in the Complaint at all times relevant to the allegations in the Complaint.

### ADDITIONAL AFFIRMATIVE DEFENSES RESERVED

Ms. Johnson has insufficient knowledge and information upon which to form a belief as to whether addition defenses are available.  Ms. Johnson reserves the right to supplement or amend

this Answer, including through the addition of further defense.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Johnson prays for relief as follows:

1.     That Plaintiff takes nothing by way of its Complaint, and that this action be dismissed in its entirety;

2.     For costs of suit incurred herein; and

3.     For such other and further relief as this Court may deem necessary and proper

Respectfully submitted this 20th day of September 2017.

HINCH NEWMAN LLP


/s/ Richard B. Newman
RICHARD B. NEWMAN
Nevada Bar No. 8203
Email:  RNewman@HinchNewman.com
40 Wall Street, 35th Floor
New York, NY 10005

DICKINSON WRIGHT PLLC
ERIC D. HONE
Nevada Bar No. 8499
Email:  ehone@dickinsonwright.com
GABRIEL A. BLUMBERG
Nevada Bar No. 12332
8363 West Sunset Road, Suite 200
Las Vegas, Nevada  89113-2210
Tel:  (702) 550-4400

*Attorneys for Defendant Jennifer Johnson*

**CERTIFICATE OF SERVICE**

The undersigned, an employee of Dickinson Wright PLLC, hereby certifies that on the 20th day of September 2017, a copy of DEFENDANT JENNIFER JOHNSON'S FIRST AMENDED ANSWER TO COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF was served electronically to all parties of interest through the Court's CM/ECF system as follows:

| | |
|---|---|
| David C. Shonka, Acting General Counsel<br>Sarah Waldrop/Michelle Schaefer<br>Federal Trade Commission<br>Email: swaldrop@ftc.gov<br>Email: mschaefer@ftc.gov<br><br>Steven W. Myhre<br>Acting United States Attorney<br>Blaine T. Welsh<br>Assistant United States Attorney<br>Email: blaine.welsh@usdoj.gov<br><br>*Attorneys for Plaintiff Federal Trade Commission* | Kolesar & Leatham, Chtd.<br>Bart K. Larsen<br>blarsen@klnevada.com<br><br>Ervin Cohen & Jessup LLP<br>Byron Z. Moldo<br>bmoldo@ecjlaw.com<br>Peter A. Davidson<br>pdavidson@ecjlaw.com<br><br>*Attorneys for Joshua Teeple (Receiver)* |
| Giovanni Ruscitti<br>Berg Hill Greenleaf Ruscitti LLP<br>giovanni.ruscitti@bhgrlaw.com<br><br>Claude Wild<br>Claude Wild Law<br>cwild@claudewildlaw.com<br><br>Greenberg Traurig<br>Eric W. Swanis<br>swanise@gtlaw.com<br><br>*Attorney for Blair McNea and Corporate Defendants* | Rachel Hirsch<br>Ifrah Law PLLC<br>rhirsch@ifrahlaw.com<br><br>Randazza Legal Group<br>Ronald D Green, Jr.<br>rdg@randazza.com<br><br>*Attorney for Defendant Danielle Foss* |

/s/ Bobbye Donaldson
An employee of Dickinson Wright PLLC