ERIC W. SWANIS
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: 702-792-3773
Facsimile: 702-792-9002
Email: swanise@gtlaw.com

GIOVANNI M. RUSCITTI (Has complied with LR IA 11-2)
*(Admitted Pro Hac Vice)*
BERG HILL GREENLEAF RUSCITTI LLP
1712 Pearl Street
Boulder, Colorado 80302
Telephone: 303-402.1600
Facsimile: 303-402-1601
Email: gmr@bhgrlaw.com

CLAUDE C. WILD III (Has complied with LR IA 11-2)
*(Admitted Pro Hac Vice)*
9247 Mornington Way
Lone Tree, CO 80124
Telephone: 303-916-9082
Email: cwild@claudewildlaw.com

*Attorneys for Entity Defendants and Blair McNea*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:17-cv-02000-APG-GWF |
| Plaintiff, | |
| v. | **DEFENDANT REVCOMPANIES' REPLY TO FTC'S OPPOSITION RESPONSE TO REVCOMPANIES' MOTION TO DISMISS** |
| REVMOUNTAIN, LLC, *et al.* | |
| Defendants. | |

## I. Introduction

If Supreme Court and Ninth Circuit precedent has any meaning or significance, the RevCompanies' Motion to Dismiss must be granted. Elementary pleading standards are not subject

1

to interpretation or debate – with respect to fraud claims or (as here) claims sounding in fraud, the plaintiff cannot rely on conclusory statements and "everyone did everything" allegations. The Supreme Court, Ninth Circuit and this Court have routinely held that substantially more is required and a heightened pleading standard must be applied. For the reasons we have seen here, allegations of fraud (accompanied by appointments of receivers, TROs and PIs, and asset freezes), even when false, are extremely damaging to a business's reputation. For this reason, Rule 9(b) serves to protect businesses from harm that comes from being subject to fraud charges and requires detailed and precise allegations. *Vess v. Ciba-Giegy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003). "Fraud allegations may damage a defendant's reputation regardless of the cause of action in which they appear, and they are therefore properly subject to Rule 9(b) *in every case*." *Id.* (Emphasis Added).

The FTC's conclusory, thinly pled claims against the RevCompanies are the exact type of pleading that Rule 9(b) bars and which the Supreme Court and Ninth Circuit have held should be dismissed. Indeed, the FTC's conclusory and "everyone did everything" complaint has already destroyed three legitimate business, putting over 60 people out of work – RevGuard and RevGo previously closed during the receivership (not because of any finding of wrongdoing by the Receiver, but because of the intense stigma that comes from the draconian and bullying *ex parte* remedies sought by the FTC) and RevLive! is closing today (for the same reasons as RevGuard and RevGo). And tragically, the FTC's Complaint does not even come close to satisfying Rule 9(b). The Complaint lumps together ALL of the defendants, makes unspecified and conclusory statements of their alleged fraudulent activities, and fails to put any of the RevCompanies on notice. To argue that this type of pleading satisfies Rule 9(b) is to completely ignore the purpose of why the heightened pleading standard was established.

///

Furthermore, the FTC's contention that the Court should apply a "relaxed" version of Rule 9(b) would defeat the purpose of having Rule 9(b) at all and is not supported by the case law from this Court (any other court for that matter). The FTC acts as if it filed its complaint having no personal knowledge about the RevCompanies. However, the FTC investigated the RevCompanies, and all of the other Corporate Defendants, for over eight months prior to filing its Complaint. With the amount of resources and time the FTC spent to investigate the RevCompanies, one would think that the resulting Complaint would at least come close to Rule 9(b)'s heightened pleading standards.

The government should be held to the same standards as all other litigants. Simply put, the FTC over-reached, and if the RevCompanies' Motion to Dismiss is not granted, Rule 9(b)'s safeguards are nothing more than a meaningless pleading standard under which parties can skirt through conclusory and under-pled complaints.

This is not, and should not be, the rule.

## II. Argument

### A. The Court Should Not Apply a "Relaxed" Version of Rule 9(b).

The Court should not be baited to apply a "relaxed" version of Rule 9(b) as urged by the FTC, but instead should hold all of the claims in the Complaint to the heightened standards of Rule 9(b). To that end, the FTC argues that "even where courts apply the Rule 9(b) standard in FTC cases, they relax the pleading standard for allegations about the roles each defendant plays. FTC's Resp. to MTD (ECF No. 81) at 3. The FTC is wrong and it misstates the applicable law.

The FTC wants the Court to apply a "relaxed" version of Rule 9(b) that is nothing more than a cloaked version of Rule 8(a). While it is true that courts can relax the particularity requirement where "plaintiffs *cannot be expected* to have personal knowledge of the relevant facts." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (Emphasis added); *see also Wool v. Tandem Computers*, 818 F.2d 1433, 1439-40 (9th Cir. 1987) (exception exists to Rule 9(b) where,

3

as in cases of corporate fraud, the plaintiffs *cannot be expected* to have personal knowledge of the facts constituting the wrongdoing) (Emphasis added), the FTC is far from the type of ill-informed plaintiff the Ninth Circuit had in mind. To be sure, the FTC had the luxury and resources to spend over **eight months** investigating the RevCompanies, interviewing alleged-victims, collecting financial reports, hiring expert statistical analysts, and obtaining thousands of documents related to the Corporate Defendants. Given this, it is not unreasonable or impractical to expect that the FTC has sufficient knowledge to plead with particularity.

After such a lengthy and costly investigation, the FTC came up with **no** evidence that the RevCompanies misled consumers or did anything else wrong and failed to plead that they did. **NONE**. Thus, allowing the FTC to plead under a "relaxed" version of Rule 9(b) turns the Rule's safeguards into nothing more than a meaningless pleading standard that the FTC can always satisfy through conclusory and under-pled complaints. And for the same reasons, no amendments should be allowed – the FTC has had over eight months to try to get its allegations together, and allowing any amendments would be highly prejudicial to the RevCompanis – all of which are currently closed and the only chance of survival is if they are dismissed from this action and allowed to start-up again.

The case law is clear, not subject to debate or interpretation, and must be applied in the instant case. For example, in *F.T.C. v. Swish Marketing*, the court dismissed the FTC's complaint alleging deceptive trade practices because the FTC failed to tie together the defendant's conduct to the alleged scheme. No. C 09_03814 RS., 2010 WL 653486, *1 (N.D. Cal. 2010). The FTC alleged that Swish "failed to disclose to consumers that, when they applied for a loan advertised on one of Swish's websites, they sometimes also unwittingly agreed to purchase a pre-paid debit card sold by a marketing affiliate." *Id*. The Defendant argued that FTC's Complaint failed to show Swish's CEO participated in or had knowledge of the fraudulent marketing scheme. *Id*. The Court found that the

complaint failed to satisfy both Rule 9(b) and Rule 8(a)(2) because the complaint was nothing more than bare legal conclusions. *Id.* at *4. The Court held that:

> In light of the Commission's broad investigatory power and its ability to *obtain discovery prior to the commencement of this litigation*, requiring it to advance some factual connection between [the CEO] and the alleged deceptive acts should not represent an *unreasonable or impractical expectation.*

*Id.* at *6; (Emphasis added).

It is not unreasonable or impractical to expect the FTC to have had sufficient knowledge of the RevCompanies prior to filing a complaint. The FTC has "broad investigatory power and [the] ability to obtain discovery prior to commencement of" litigation. *See F.T.C. v. Swish Marketing*, 2010 WL 653486 at *1. **The FTC investigated and conducted pre-litigation discovery of the RevCompanies for over eight months prior to filing its Complaint and came up with NOTHING more than "everyone did everything."** It is not unreasonable to hold the FTC to Rule 9(b)'s heightened pleading standards and not a "relaxed" version when it had personal knowledge of the RevCompanies prior to commencing this litigation. "Rule 9(b) serves to protect professionals from harm that comes from being subject to fraud charges." *Vess v. Ciba-Giegy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003). If, after a lengthy and expensive investigation, the FTC did not have facts to meet the heightened pleading standards of Rule 9(b), it should not have filed a complaint.

The Court should not reward the FTC by applying a "relaxed" version of Rule 9(b). This case is the exact type of case where Rule 9(b)'s safeguards should have protected innocent corporations. Instead, the FTC filed an under-pled complaint that has critically damaged the RevCompanies and caused RevGuard, RevGo, and now RevLive! to begin shutting down. The Court should not allow the FTC's under-pled allegations against the RevCompanies to continue under a "relaxed" version of Rule 9(b).

Finally, the Court should hold the FTC's alleged ROSCA violations to Rule 9(b) standards as well. In Count II, the FTC alleges that *all* of the Defendants *failed to clearly and conspicuously disclose* all material terms of the transactions before obtaining the consumers' billing information and *failed to disclose* to consumers that they are purchasing two separate products with separate monthly negative option plans. (Emphasis Added). If the FTC is alleging that the RevCompanies owed a duty to consumers to disclose material terms, then omissions of these material terms are claims sounding in fraud. *See F.T.C. v. Lights of America, Inc.*, 760 F.Supp.2d 848, (N.D. Cal. 2010) (holding that claims for negligent misrepresentation must meet fraud pleading standards and that to state a cause of action for negligent misrepresentation, plaintiff must first allege a misrepresentation ie., false representation, *concealment*, or *nondisclosure*) (Emphasis added).

**B.**      **The FTC's Complaint Fails to Meet Rule 9(b)'s Pleading Standards.**

No matter which pleading standard the Court applies, the Court must grant the RevCompanies' Motion to Dismiss. The FTC's "everyone did everything" and "lumped together" pleading style is a far cry from Rule 9(b)'s heightened pleading standards. No where in the Complaint does the FTC plead "who, what, when, where, and how" the RevCompanies contributed to the alleged fraudulent negative option scheme. The FTC's allegations against the RevCompanies are nothing more than "labels and conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (U.S. 2009). The FTC argues that the Complaint "describes the nature of the scheme in detail" and "outlines the Defendants' common enterprise in detailed factual allegations." FTC's Resp. to MTD (ECF No. 81) at 4. The FTC again is wrong, as the Complaint clearly does not describe the nature of the RevCompanies specific contributions to the scheme or alleged "common enterprise" in detail, as required by Rule 9(b). Unlike many things in the law, this is not subject to debate: A simple reading of the Complaint reveals that, contrary to the FTC's arguments, it is what it is - labels and conclusions, and nothing more.

Again, the case law is clear. In *Swartz v. KPMG LLP*, the Court held that "Rule 9(b) does not allow a complaint to merely lump multiple defendants together." 476 F.3d 756, 764-65 (9th Cir. 2007). Instead, Rule 9(b) "requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id*. In *Swartz*, the plaintiff brought RICO, Consumer Protection Act, and fraud claims against numerous defendants. *Id*. at 757. The complaint alleged that the defendants gave fraudulent tax advice to the plaintiff which was actually a scheme for the defendants to obtain management and interest fees. *Id*. at 759.

The court, however, found that under Rule 9(b), the plaintiff did not plead with particularity as to most of the defendants. *Id*. at 764. The court found that "the complaint is shot through with general allegations that the 'defendants' engage in fraudulent conduct but attributes specific misconduct only to" two groups of defendants. *Id*. at 765. The court held that conclusory allegations that some defendants were acting as agents for other defendants and "were active participants in the conspiracy without any stated factual basis are insufficient as a matter of law." *Id*.

Likewise, in *F.T.C. v. Lights of America*, the court dismissed an FTC complaint because the allegations did not differentiate between conduct committed by the individual defendants and corporations. 760 F.Supp. 2d 848, 854-55 (N.D. Cal. 2010). There, the FTC alleged that multiple individual and corporate defendants violated the FTC Act by distributing false promotional materials claiming their lamps possessed particular watt equivalence, lumen output, and life spans. *Id*. at 850. The court held that the complaint did not satisfy Rule 9(b)'s pleading standards. *Id*. at 854. In applying Rule 9(b), the court found that "a claim sounds in fraud where the plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the bases of the claim." *Id*. at 852. The FTC's claims failed to allege the "who, what, when, where, and how" of the defendants' course of conduct. *Id*. at 854. In addition, the Court reasoned that the allegations

did not differentiate between conduct committed by the defendants, nor do they explain when or where the alleged misrepresentations were made. *Id.* Thus, the court granted the defendants' motion to dismiss. *Id.* at 855.

The FTC's Complaint is no different than the complaints in *Swartz*, *Swish Marketing*, and *Lights of America*. The FTC's Complaint is "shot through with general allegations that all of the defendants' engaged in fraudulent conduct," but it does not attribute specific acts of misconduct to each of the RevCompanies. The FTC fails to show how the RevCompanies' B2B services are themselves fraudulent or unavoidably contributes to a fraudulent scheme. The Complaint fails allege a *single fact* to show that the RevCompanies and the other Corporate Defendants had the required commonality of ownership, commingled funds, common employees or bank accounts. Instead, the Complaint simply lumps all of the Corporate Defendants together in making these conclusory allegations regarding common ownership and operation.

Furthermore, the FTC fails to specifically plead how RevGo's fulfillment business, in and of itself, intrinsically was related to and advanced the alleged fraudulent negative option scheme. The FTC fails to plead how RevGuard's alleged "A/B testing" is integral to a negative option offer. Finally, the FTC fails to plead how RevLive!'s handling of cancellation requests and complaints, a normal function for any consumer business, relates to and facilitates negative option fraud. The FTC's "everyone did everything" pleading style is a far cry from Rule 9(b)'s pleading standards. More facts and detail are needed to satisfactorily plead HOW the RevCompanies' services were fraudulent or contributed to the alleged core fraud of making a deceptive negative option offer. Therefore, the Court must grant the RevCompanies' motion to dismiss.

/ / /

/ / /

/ / /

### C. The Corporate Defendants' Responses to the FTC's Allegations of Common Enterprise Liability in the Preliminary Injunction Phase Does Not Mean that the Complaint Meets Rule 9(b) Pleading Standards.

Contrary to the FTC's arguments, simply because the Corporate Defendants' responded to the FTC's allegations of a common enterprise in response to the request for the preliminary injunction does not mean that the FTC's complaint meets Rule 9(b) pleading standards.[1] The RevCompanies were fighting for their lives and of course had to defend the request for an injunction. Again, and as noted in other pleadings filed in this case, the FTC is not playing fair – the FTC wants to be able to file a deficient complaint and seek draconian *ex parte* relief, and then punish the responding party who has no choice but to defend itself. This argument is laughable and should not be given any weight by this Court.

To that end, just because the RevCompanies defended themselves against common enterprise allegations in the preliminary injunction phase does not mean that the Complaint is sufficient. If so, any time a party defends claims in a preliminary injunction, they would essentially waive any argument that the plaintiff did not plead that claim with particularity. The FTC has failed to cite any case law from this circuit that supports this point. *Cf. Wilson-Combs v. California Dept. of Consumer Affairs*, 555 F.Supp.2d 1110, 1113 n.3 (E.D. Cal. 2008) (stating that "defenses under Rule 12(b)(6) for failure to state a claim may be presented at any time up to and including trial").

Furthermore, the Complaint, not the FTC's Preliminary Injunction Motion, is the charging document in this case. In deciding whether a Complaint should be dismissed under Rule 12(b)(6), Courts "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *see also Caviness v. Horizon Comm. Learning Ctr., Inc.*, 590 F.3d 806, 813 (9th Cir. 2010)

---

[1] Notably, the FTC cites to no case law in its response supporting their contention that a "Common Enterprise" theory exists for ROSCA violations.

9

(holding that plaintiff is limited to the pleadings in the complaint to show that its factual allegations plausibly give rise to an entitlement to relief).

Although the RevCompanies responded to the FTC's Common Enterprise arguments made in the FTC's Preliminary Injunction Motion, that Motion is not what the Court analyzes in deciding whether the FTC's complaint meets the standards under Rule 9(b). The FTC cannot argue that facts in a later motion pseudo-amends their Complaint to give the RevCompanies sufficient notice. *See Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993) (holding that a plaintiff cannot amend its complaint through arguments presented in its legal memoranda); *see also Wright v. Ernst & Young, LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (holding that plaintiff could not amend her complaint through a legal memorandum filed in opposition to a motion to dismiss); *see also Am. Fed'n of State, Cnty. & Mun. Emps. Council 79 v. Scott,* 717 F.3d 851, 863 (11th Cir. 2013) (hold that "a plaintiff may not amend her complaint through argument in a brief opposing summary judgment or one advocating summary judgment); *see also S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) (stating that "it is well established that parties cannot amend their complaints through briefing or oral advocacy). If the FTC had facts in their Preliminary Injunction Motion to show how the RevCompanies' specifically contributed to the making of allegedly fraudulent negative option offers, it should have included the facts in its Complaint. Instead, the FTC chose to file an under-pled complaint when it had investigatory ability and pre-litigation discovery power at its disposal. The FTC should not be rewarded for its choice to not do so.

### III. Conclusion

The FTC's "everyone did everything" pleading style in this case falls fatally short of Rule 9(b)'s heightened pleading standard. The FTC failed to show how any of the RevCompanies specifically contributed to the alleged fraudulent negative option scheme. Instead, the FTC lumped all of the Defendants together, with no specific detail as to the RevCompanies contributions *to a*

*fraud*, and generally alleged that "everyone did everything". Accordingly, this Court should dismiss the Complaint against the Rev Companies for failure to state a claim under Rule 12(b)(6).

Respectfully submitted this 29th day of September, 2017.

/s/*ERIC W. SWANIS*
ERIC W. SWANIS
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone:  702-792-3773
Facsimile:   702-792-9002
Email:  swanise@gtlaw.com

/s/*CLAUDE C. WILD III*
CLAUDE C. WILD III
(*Admitted Pro Hac Vice*)
9247 Mornington Way
Lone Tree, CO 80124
Telephone:  303-916-9082
Email: cwild@claudewildlaw.com
*Attorneys for Corporate Defendants and Blair McNea*

/s/*GIOVANNI M. RUSCITTI*
GIOVANNI M. RUSCITTI
(*Admitted Pro Hac Vice*)
BERG HILL GREENLEAF RUSCITTI LLP
1712 Pearl Street
Boulder, Colorado 80302
Telephone:  303.402.1600
Facsimile:   303-402-1601
Email: gmr@bhgrlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2017, a true and correct copy of the foregoing **DEFENDANT REVCOMPANIES' REPLY TO FTC'S RESPONSE TO MOTION TO DISMISS** was filed and served via the United States District Court's ECF System to the persons listed below and served via UPS as indicated below:

Bart K Larsen    blarsen@klnevada.com, jierien@klnevada.com, mbarnes@klnevada.com, usdistrict@klnevada.com

Blaine T Welsh    Blaine.Welsh@usdoj.gov, CaseView.ECF@usdoj.gov, eunice.jones@usdoj.gov, sue.knight@usdoj.gov

Byron Z. Moldo    bmoldo@ecjlaw.com

Eric D. Hone    ehone@dickinsonwright.com, bdonaldson@dickinsonwright.com, lstewart@dickinsonwright.com, LV_LitDocket@dickinsonwright.com

Gabriel A. Blumberg    gblumberg@dickinson-wright.com, bdonaldson@dickinsonwright.com, lstewart@dickinson-wright.com, LV_LitDocket@dickinsonwright.com

Michelle Schaefer    mschaefer@ftc.gov

Peter Alan Davidson    pdavidson@ecjlaw.com, lmacdonald@ecjlaw.com

Rachel Hirsch    rhirsch@ifrahlaw.com, docketing@ifrahlaw.com

Richard B Newman    rnewman@hinchnewman.com

Ronald D Green, Jr    rdg@randazza.com, ecf@randazza.com, trey-rothell-2425@ecf.pacerpro.com

Sarah Waldrop    swaldrop@ftc.gov, rkim1@ftc.gov

| Via Overnight UPS: | Via Overnight UPS: |
|---|---|
| Sarah Waldrop | Rachel Hirsch |
| Michelle Schaefer | Ifrah Law PLLC |
| Mailstop CC-9528 | 1717 Pennsylvania Avenue, NW |
| 600 Pennsylvania Avenue, NW | Suite 650 |
| Washington, DC 20580 | Washington, DC 20006 |
| 202.326.3444 | 202.524.4145 |

/s/*Sandy Jackson*
An employee of Greenberg Traurig, LLP