UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:17-cv-02000-APG-GWF |
| Plaintiff, | **ORDER GRANTING IN PART THE CORPORATE DEFENDANTS' MOTION FOR LIMITED MODIFICATION OF ASSET FREEZE FOR FUNDS TO PAY ATTORNEY'S FEES** |
| v. | |
| REVMOUNTAIN, LLC, et al., | |
| Defendants. | (ECF No. 65) |

The Corporate Defendants move for an order modifying the Preliminary Injunction with Asset Freeze (ECF No. 56) to allow for withdrawal of funds to pay the Corporate Defendants' counsel. The Corporate Defendants contend that because they can appear in court only through counsel, due process requires that they be allowed to access the receivership funds to pay for counsel to represent them in this matter. The Corporate Defendants request a one-time payment of $36,700 to pay for the amount incurred through the preliminary injunction hearing. They also request a monthly allowance of $30,000 for attorney's fees.

The Federal Trade Commission opposes the request, arguing that no court holds that corporate defendants in civil cases have a constitutional right to use frozen funds to pay for their defense. The FTC contends that the Corporate Defendants already have counsel who has been paid at least $50,000 so far, so there is no concern that the Corporate Defendants will go unrepresented. The FTC also argues that the amounts requested are unreasonable and would divert receivership funds that should be preserved for distribution to injured consumers. Finally, the FTC contends that any disbursed funds should be used to pay only the Corporate Defendants' attorney's fees, not defendant Blair McNea's fees.

The Receiver also objects, stating that the Receiver's expenses are to receive priority status for payment out of the receivership funds. The Receiver echoes the FTC's concern that the

receivership funds are being used to pay the Corporate Defendants' counsel instead of being preserved for distribution to injured consumers.

The Corporate Defendants assert that their due process rights will be violated if funds are not distributed to pay counsel, but they cite no authority for that proposition. The United States Supreme Court has held that in the context of a forfeiture of assets in a criminal case, "neither the Fifth nor the Sixth Amendment to the Constitution requires Congress to permit a defendant to use assets adjudged to be forfeitable to pay that defendant's legal fees." *United States v. Monsanto*, 491 U.S. 600, 614 (1989).[1] The Ninth Circuit has repeatedly held that whether to allow the payment of attorney's fees out of frozen assets lies within the district court's discretion. *See Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 775 (9th Cir. 1995) ("A district court may, within its discretion, forbid or limit payment of attorney fees out of frozen assets."); *Fed. Sav. & Loan Ins. Corp. v. Ferm*, 909 F.2d 372, 374 (9th Cir. 1990) ("Appellate court decisions . . . have consistently permitted district courts to limit or to review the amount payable to attorneys from frozen assets before a final judgment on the merits has been reached."); *F.T.C. v. World Wide Factors, Ltd.*, 882 F.2d 344, 347 (9th Cir. 1989) ("Courts regularly have frozen assets and denied attorney fees or limited the amount for attorney fees."). "These decisions recognized the importance of preserving the integrity of disputed assets to ensure that such assets are not squandered by one party to the potential detriment of another." *Ferm*, 909 F.2d at 374.

Here, I have already determined that the FTC has demonstrated a likelihood of succeeding on the merits. ECF No. 56 at 5-6. Consumer redress, should the FTC ultimately prevail, will come largely from the frozen assets, which assets are significantly less than the probable amount

---

[1] The Supreme Court more recently held that "pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment." *Luis v. United States*, 136 S. Ct. 1083, 1088 (2016). That case has no application here because the Corporate Defendants have no Sixth Amendment rights in this civil action. *Turner v. Rogers*, 564 U.S. 431, 441 (2011) (stating "the Sixth Amendment does not govern civil cases"). Further, I have already determined that the FTC has demonstrated a likelihood of success on the merits. ECF No. 56. The Corporate Defendants have presented no evidence that the frozen funds are anything other than proceeds of the alleged fraudulent scheme. Thus, the Corporate Defendants' frozen assets do not qualify as legitimate or untainted.

of consumer harm. Those factors weigh heavily against a discretionary release of funds to pay the Corporate Defendants' attorney's fees. The Corporate Defendants' request for a monthly allowance of $30,000 is unreasonable on its face in light of the limited amount of the frozen assets in comparison to the likely consumer injury. *See Noble Metals Int'l, Inc.*, 67 F.3d at 775 (stating the fact that consumer losses far exceeded the frozen assets may be "reason enough" under the circumstances to deny the use of frozen assets to pay the defendants' attorney's fees).

The Corporate Defendants' counsel knew when they took the case that the defendants were subject to an asset freeze. ECF Nos. 16 (TRO); 33 (verified petition for attorney Ruscitti), 24 (verified petition for attorney Wild). The Corporate Defendants' attorneys thus took a known risk of nonpayment.

However, the attorneys have not gone unpaid. There is some evidence that McNea and his corporate entities have access to other sources of funding. McNea paid his attorneys $50,000 already. The Corporate Defendants assert that the $50,000 retainer was depleted, but they provide no evidence that in addition to the $36,700[2] they now request, another $50,000 was expended just in the preliminary injunction phase. ECF No. 82 at 3.

Although many factors weigh against allowing any disbursement for attorney's fees, at least some of the Corporate Defendants may have viable defenses to liability. The Corporate Defendants can appear in this action only through counsel. *See In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney."). Consequently, in my discretion, I will allow a one-time distribution of $50,000.

IT IS THEREFORE ORDERED that the Corporate Defendants' emergency motion for limited modification of asset freeze **(ECF No. 65) is GRANTED in part**.

IT IS ORDERED that the Receiver shall distribute $50,000 to the Corporate Defendants' counsel, Claude Wild, III for attorney's fees incurred in representing the Corporate Defendants

---

[2] The Corporate Defendants indicate that attorney Wild has agreed to reduce his billing rate from $450 to $300, but the billing records submitted *in camera* request a $400 billing rate ($36,700 divided by 91.75 hours).

only. The Receiver has the discretion to determine from which account owned by the Corporate Defendants to withdraw the funds.

IT IS FURTHER ORDERED that if the Corporate Defendants seek further distributions for attorney's fees, those requests must be supported with an *in camera* submission of billing statements along with a strategy for moving forward in the case for the Corporate Defendants. The Corporate Defendants and their counsel are on notice that there is no guarantee that future requests for disbursements for attorney's fees will be approved.

DATED this 6th day of October, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE