**ATTACHMENT B**

Document Requests to Moving Defendants

Document Requests to Merchant
Companies and Blue Rocket Brands
(Identical Set Served on 56
Companies)

DAVID C. SHONKA
Acting General Counsel
SARAH WALDROP
MICHELLE SCHAEFER
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mailstop CC-9528
Washington, DC 20580
Telephone: 202-326-3444 (Waldrop)
Telephone: 202-326-3515 (Schaefer)
Facsimile: 202-326-3197
Email: swaldrop@ftc.gov, mschaefer@ftc.gov

STEVEN W. MYHRE
Acting United States Attorney
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: 702-388-6336
Facsimile: 702-388-6787
Email: blaine.welsh@usdoj.gov

*Attorneys for Plaintiff Federal Trade Commission.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>REVMOUNTAIN, LLC, *et al.*,<br><br>    Defendants. | Case No: 17-cv-02000-APG-GWF<br><br>**FTC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ABSOLUTELY WORKING, LLC** |

Pursuant to Fed. R. Civ. P. 34, Plaintiff Federal Trade Commission ("FTC") hereby requests that Defendant Absolutely Working, LLC produce documents and other items described herein.  Defendant Absolutely Working, LLC is requested to make such production at the Federal Trade Commission, 600 Pennsylvania Ave., N.W., Mailstop CC-9528, Washington, DC 20580, or at such other location upon which all parties agree.

### DEFINITIONS

1.　　"**Advertisement**" or "**Advertising**" or "**Ad**" means any written or verbal statement, illustration, or depiction that promotes the sale or use of a good or service or is designed to increase consumer interest in a brand, good, or service.  Advertising media includes, but is not limited to:  packaging and labeling; promotional materials; print; television; radio; and Internet, social media, and other digital content.

2.　　"**Affiliate Marketer**" means any third-party who has received compensation of any kind from You for directing consumers to You for the possible or actual purchase of any of Your Negative Option Offerings.

3.　　"**Affiliate Network**" means any entity or person that provided services connecting You and Affiliate Marketers, for which You paid or agreed to pay a commission or other compensation for certain consumer actions including visiting Your websites, purchasing Your products, or signing up for a trial offer promoted by You.

4.　　"**Corporate Defendants**" means RevMountain, LLC; RoadRunner B2C, LLC, d/b/a RevGo; Wave Rock, LLC; Juniper Solutions, LLC; Jasper Woods, LLC; Wheeler Peak Marketing, LLC; ROIRunner, LLC; Cherry Blitz, LLC; Flat Iron Avenue, LLC; Absolutely Working, LLC; Three Lakes, LLC; Bridge Ford, LLC; How and Why, LLC; Spruce River, LLC; TrimXT, LLC; Elation White, LLC; IvoryPro, LLC; Doing What's Possible, LLC; RevGuard, LLC; RevLive!, LLC; Blue Rocket Brands, LLC; Convertis, LLC; Convertis Marketing, LLC; Turtle Mountains, LLC; Boulder Black Diamond, LLC; Mint House, LLC; Thunder Avenue, LLC; University & Folsom, LLC; Boulder Creek Internet Solutions, Inc.; Walnut Street Marketing, Inc.; Snow Sale, LLC; Brand Force, LLC; Wild Farms, LLC; Salamonie River, LLC; Indigo Systems, LLC; Night Watch Group, LLC; Newport Crossing,

LLC; Greenville Creek, LLC; Brookville Lane, LLC; Anasazi Management Partners, LLC; Honey Lake, LLC; Condor Canyon, LLC; Brass Triangle, LLC; Solid Ice, LLC; Sandstone Beach, LLC; Desert Gecko, LLC; Blizzardwhite, LLC; Action Pro White, LLC; First Class Whitening, LLC; Spark Whitening, LLC; Titanwhite, LLC; Dental Pro At Home, LLC; Smile Pro Direct, LLC; Circle of Youth Skincare, LLC; DermaGlam, LLC; Sedona Beauty Secrets, LLC; Bellaathome, LLC; SkinnyIQ, LLC; Body Tropical, LLC; and each of their subsidiaries, affiliates, successors, and assigns.

5.     "**Defendant(s)**" means Corporate Defendants, Blair McNea, Danielle Foss, and Jennifer Johnson, individually, collectively, or in any combination.

6.     "**Individual Defendants**" means Blair McNea, Danielle Foss, and Jennifer Johnson, individually, collectively, or in any combination.

7.     "**Negative Option Offering**" means any offer or arrangement including "trials," "free trials," "risk-free trials," "samples," and "free samples," marketed, sold, offered, or disseminated by, for, or on behalf of a company or individual, under which a consumer's silence or failure to take an affirmative action to reject products or services or to cancel the offer or arrangement is interpreted as acceptance, or under which the company or individual continues to bill or charge the consumer unless and until the consumer affirmatively rejects the products or services or cancels the offer or arrangement.

8.     "**You**" and "**Your**" mean the Defendant responding to this request, and all directors, officers, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

### INSTRUCTIONS

1.     If You previously provided a document to the FTC or Receiver, or the document, in hard copy or electronic format, is or was located at 7350 Eastgate Road, Henderson, NV 89011, 6260 Lookout Road Boulder, CO 80301, or 2011 Cherry Street, Louisville, CO 80027 on July 27, 2017, You do not need to provide it in response to these requests. However, if You

withhold any documents on the grounds that they were previously provided to the FTC or the Receiver or because they are or were located at the above-listed addresses on July 27, 2017, You must provide a list of those documents, and state for each item or category of items: (a) the title(s) of the document(s); (b) the type of document (*e.g.,* letter, email); (c) the date or date range of the document(s); (d) the general subject matter of the document(s); and (e) the location of the document(s).

2. If any materials are withheld based on a privilege claim, submit with that claim a schedule of the items withheld in compliance with Section 8(b) of the Proposed Scheduling Order and Discovery Plan [ECF No 76] and Federal Rule of Civil Procedure 26(b)(5).

## DOCUMENT REQUESTS

1. Organizational charts sufficient to show Your placement with respect to Your parents, subsidiaries, other corporate entities, and the other Defendants.

2. Documents sufficient to show Your business relationship with each of the other Defendants, including all agreements between You and them.

3. Documents sufficient to identify all persons employed by You, their job titles, and the date range of employment.

4. All documents relating to the Individual Defendants' income and other benefits received from You.

5. All tax returns for the applicable time period prepared by You or on Your behalf. This request includes all supporting documents and attachments.

6. For each of the Negative Option Offerings You Advertised, marketed, promoted, offered for sale, or sold, documents sufficient to show:

    a. The total amount of sales for each product or service related to Your Negative Option Offerings (broken down by month and year);

b.   The gross revenues obtained from the sale of each product or service related to Your Negative Option Offerings (broken down by month and year);

c.   All net profits obtained from the sale of each product or service related to Your Negative Option Offerings (broken down by month and year);

d.   The total amount of refunds, full or partial, related to the sale of each product or service related to Your Negative Option Offerings (broken down by month and year);

e.   The total amount of chargebacks related to the sale of each product or service related to Your Negative Option Offerings (broken down by month and year);

f.   The full names, addresses, emails, and telephone numbers of all purchasers or recipients of each product or service related to Your Negative Option Offering, and the amount paid by each; and

g.   The full names, addresses, emails, and telephone numbers of all purchasers or recipients of each product or service related to Your Negative Option Offerings who received refunds or chargebacks, and the amount refunded or charged back to each.

7.   All of Your financial statements, ledgers, and balance sheets.

8.   All communications referring or relating to Your revenues, profits, or losses.

9.   For each of Your Negative Option Offerings, documents sufficient to show all of Your policies, practices, and procedures, including:

a.   Billing policies, practices, or procedures, including those relating to when the customer will be billed or charged, at what interval(s), and in what amount(s);

b.   Advertising or marketing policies, practices, or procedures;

c.   Refund policies, practices, or procedures;

d.   Cancellation policies, practices, or procedures;

4

e.    Customer service policies, practices, or procedures;

f.    Policies, practices, or procedures regarding telephone call recordings, including those relating to the circumstances under which You record conversations or communications with consumers;

g.    Policies, practices, or procedures to monitor or track websites that were used to market, Advertise, offer, or sell Your Negative Option Offerings; and

h.    Policies, practices, or procedures relating to Your intellectual property including Your proprietary software.

10.    All communications referring or relating to Your policies, practices, and procedures.

11.    Documents sufficient to identify and describe Your products or services, including their price.

12.    All documents relating to suppliers from which You purchased any of the products You marketed or sold to consumers.

13.    All documents related to the development and implementation of Your intellectual property, including Your proprietary software.

14.    Copies of all versions of Your websites (including individual webpages), including:

a.    Printouts of such websites;

b.    Screenshots of such websites;

c.    All archived versions of such websites and of all programs, files, and scripts related to such websites;

d.    Documents sufficient to identify the dates each version of each webpage and each program, file, and script related to such webpage was available online and all electronic addresses at which each webpage, program, file, or script was accessible;

5

e.   All documents related to the design and functioning of such websites including feature descriptions, programmer documentation, developer's guides, specification documents, and version histories;

f.   Documents relating to any guidelines or instructions You provided, directly or indirectly, to any persons who hosted, built, developed, designed, published, or had responsibility for the content presented on any of the websites that Advertised, promoted, or offered any of Your products or services; and

g.   Documents sufficient to identify the individuals who designed or programmed such websites.

15.   For each of Your Negative Option Offerings, provide a copy of each unique Advertisement disseminated.

16.   For each web page or Advertisement produced in response to document requests 14 and 15, screenshots of landing pages for any links included in such web page or Advertisement.  The landing pages provided should reflect their appearance at the time that such web page or Advertisement was in use.

17.   For each web page or Advertisement produced in response to document requests 14 and 15, documents sufficient to show the number of impressions for each such web page or Advertisement, the number of clicks on each such web page or Advertisement, and the total dollar amount spent in connection with each such web page or Advertisement.

18.   Documents sufficient to show click-through rates and gross sales revenue for (a) each web page or Advertisement identified in document requests 14 and 15, including click-through rates for websites, banner ads, and sponsored links, and (b) each webpage, banner, and hyperlink on Your website(s) that has displayed terms or conditions for Your Negative Option Offering(s).

19.   All dissemination schedules for each web page or Advertisement produced in response to document requests 14 and 15, including documents sufficient to show the beginning and ending dates of dissemination for each Advertisement, promotion, or webpage, as well as

Attachment B Page 8

the locations where the web pages or Advertisements were disseminated. Provide sufficient information to permit a determination of how many web pages or Advertisements were disseminated, when, where, and to whom.

20. All Advertising and promotional materials referring or relating to Your Negative Option Offerings provided or available to any Affiliate Marketer or Affiliate Network.

21. All documents that memorialize agreements, terms, and arrangements between You and Your Affiliate Marketers and Affiliate Networks, including, but not limited to, insertion orders and documents relating to modifications to or terminations of such agreements, terms, or arrangements.

22. All documents relating to the reasons, explanations, considerations, or analysis of the success or lack of success of any of Your marketing or implementation of Your Negative Option Offerings.

23. All documents (including but not limited to analyses, copy tests, emails, memoranda, reports, research, studies, or surveys) relating to consumer perception or understanding of  Your Negative Option Offerings or advertising therefor, including but not limited to Your website(s) (including websites optimized for mobile technology).  Responsive documents include, but are not limited to:

    a. Documents referring or relating to consumer attitudes, attributes, behaviors, beliefs, characteristics, comprehension, demographics, interpretation, preference, recall, traits, or usage patterns and Negative Option Offerings or advertising therefor, including Internet website(s);

    b. Documents referring or relating to A/B testing, choice modeling, content variation testing, conversion rates, eye tracking or other usability studies, multivariate testing, split testing, take rates, and customer satisfaction surveys; and

    c. Consumers' understanding or lack of understanding that they were enrolled in a program involving Negative Option Offerings.

24.     All documents that have been provided to Your employees, independent contractors, affiliates, or agents to use in preparation for or during communications with any customer or potential customer, including scripts, policies, manuals, presentations, or procedures for handling cancellation requests or customer complaints.

25.     Documents sufficient to identify any keywords, terms, phrases, or other criteria that You or any person acting for or on Your behalf  has used to effect the placement or delivery of any Advertisement or sponsored link in connection with any online Affiliate Network or Affiliate Marketer delivery or contextual marketing software or system, including the placement or delivery of any Advertisement or sponsored link in search results generated by Google or any other internet search engine (e.g., through the Google AdWords program).

26.     All documents that relate to any changes made or considered to Advertisements or a component thereof for any of Your Negative Option Offerings, including changes to the content of any Advertisement.

27.     All communications referring or relating to Your Negative Option Offerings, including communications with Your Affiliate Networks and Marketers.

28.     All scripts used in connection with Your Negative Option Offerings, including sales scripts, compliance scripts, upsell scripts, verification scripts, and save scripts.

29.     All documents relating to the drafting or editing of all scripts provided in response to document request 28.

30.     All communications referring or relating to Your business activities.

31.     All recordings and all transcripts of recordings of conversations or communications relating to any of Your Negative Option Offerings between any employee, independent contractor, Affiliate Marketer, Affiliate Network, or agent of Yours and any customer or potential customer of Yours.

32.     Documents sufficient to show each iteration of the complete contractual agreement between You and consumers that purportedly binds consumers to purchase or obtain products or services related to Your Negative Option Offerings.

33.     All documents relating to disclosures provided to consumers about the terms and conditions associated with purchasing any products or services subject to your Negative Option Offerings, including drafts of disclosures and communications regarding the content, substance, placement, use, or modification of any disclosures.

34.     All documents relating to consumers' complaints about participation or enrollment in Your Negative Option Offerings, including consumers' attempts to cancel or obtain a refund.

35.     All documents relating to inquiries or complaints from financial institutions, payment processors, Better Business Bureaus, or local or state consumer protection agencies on behalf of consumers, relating to Your Negative Option Offerings.

36.      All documents related to any investigation, enforcement action, or lawsuit in connection with Your Negative Option Offerings.

37.     All applications, including supporting documents, submitted by, or on behalf of, You to open a merchant account to process sales.

38.     All documents concerning any agreement or arrangement in which another entity or individual opened merchant account(s) that were used to process customer payments for Your Negative Option Offerings.

39.     All documents relating to Your placement in a credit card association chargeback or fraud monitoring program, as well as communications relating to attempts to avoid placement in a credit card association chargeback or fraud-monitoring program through the distribution of transaction volume among different merchant accounts.

40.     All reports and summaries that were distributed to or by Your management concerning chargebacks.

41.     All documents relating to any chargeback reduction or remediation plans by You.

42.     All documents relating to Your affirmative defense that the FTC's claims are barred because the alleged violations and damages sustained by consumers, if any, were caused by the acts or omission of third parties over whom You have no control.

43.     All documents relating to Your affirmative defense that  You took affirmative steps to comply with the FTC Act and ROSCA.

44.      All documents relating to the FTC's present action against You that you did not previously provide to the FTC or Receiver or that were not located at 7350 Eastgate Road, Henderson, NV 89011, 6260 Lookout Road Boulder, CO 80301, or 2011 Cherry Street, Louisville, CO 80027, as described in Instruction No. 2.

45.     All documents provided to and/or exchanged with Your witnesses in this matter since July 27, 2017, relating to Your business and/or the FTC's charges or evidence.

46.     All documents obtained from third parties by You via subpoenas in this case.

47.     All documents referred to or used to answer Interrogatories served upon You.

48.     All documents calling into question, contradicting, controverting, disputing, rebutting, refuting, or otherwise responding to any of Your claims, defenses, or exhibits in this case.

Respectfully submitted this 3rd day of November, 2017.

 /s/  MICHELLE SCHAEFER
SARAH WALDROP
MICHELLE SCHAEFER
Attorneys for Federal Trade Commission

PROOF OF SERVICE

I hereby certify that I served the foregoing FTC's First Set of Requests for Production of Documents and First Set of Interrogatories to Defendant Absolutely Working, LLC on November 3, 2017, on counsel for all parties as follows via electronic mail:

Giovanni Ruscitti
Berg Hill Greenleaf Ruscitti LLP
1712 Pearl Street
Boulder, CO 80302
303-402-1600
giovanni.ruscitti@bhgrlaw.com

Claude Wild
Claude Wild Law
9247 Mornington Way
Lone Tree, CO 80124
303-916-9082
cwild@claudewildlaw.com

Eric Swanis
Greenberg Traurig LLP
3773 Howard Hughes Parkway, Ste. 400 N
Las Vegas, NV 89169
702-792-3773
swanise@gtlaw.com

*Counsel for Defendant Blair McNea and Corporate Defendants*

Rachel Hirsch
Ifrah Law PLLC
1717 Pennsylvania Ave. NW, Suite 650
Washington, DC 20006
202-524-4145
rhirsch@ifrahlaw.com

Ronald Green
Randazza Legal Group, PLLC
4035 El Capitan Way
Las Vegas, NV 89147
702-420-2001
rdg@randazza.com

*Counsel for Defendant Danielle Foss*

Richard Newman
Hinch Newman LLP
40 Wall Street, 35th Floor
New York, NY 10005
212-756-8777
rnewman@hinchnewman.com

Eric D. Hone
Gabriel A. Blumberg
Dickinson Wright PLLC
8363 West Sunset Road, Suite 200
Las Vegas, NV 89113
702-550-4400
ehone@dickinson-wright.com
gblumberg@dickinson-wright.com

*Counsel for Defendant Jennifer Johnson*

Byron Moldo
Ervin Cohen & Jessup LLP
9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212
310-281-6354
bmoldo@ecjlaw.com

Bart K. Larsen
Kolesar & Leatham
400 South Rampart Boulevard, Suite 400
Las Vegas, NV 89145
702-362-7800
blarsen@klnevada.com

*Counsel for Joshua Teeple, Temporary Receiver*

  /s/ Michelle Schaefer
 Michelle Schaefer

1

Document Requests to Rev Companies
(Identical Set Served on 3 Companies

DAVID C. SHONKA
Acting General Counsel
SARAH WALDROP
MICHELLE SCHAEFER
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mailstop CC-9528
Washington, DC 20580
Telephone: 202-326-3444 (Waldrop)
Telephone: 202-326-3515 (Schaefer)
Facsimile: 202-326-3197
Email: swaldrop@ftc.gov, mschaefer@ftc.gov

STEVEN W. MYHRE
Acting United States Attorney
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: 702-388-6336
Facsimile: 702-388-6787
Email: blaine.welsh@usdoj.gov

*Attorneys for Plaintiff Federal Trade Commission.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) Case No: 17-cv-02000-APG-GWF |
| v. | ) **FTC'S FIRST SET OF REQUESTS FOR** |
| REVMOUNTAIN, LLC, *et al.*, | ) **PRODUCTION OF DOCUMENTS TO** |
| Defendants. | ) **DEFENDANT ROADRUNNER B2C,** |
|  | ) **LLC, ALSO D/B/A REVGO** |

Pursuant to Fed. R. Civ. P. 34, Plaintiff Federal Trade Commission ("FTC") hereby requests that Defendant Roadrunner B2C, LLC, also d/b/a RevGo ("RevGo, LLC") produce documents and other items described herein.  Defendant RevGo, LLC is requested to make such production at the Federal Trade Commission, 600 Pennsylvania Ave., N.W., Mailstop CC-9528, Washington, DC 20580, or at such other location upon which all parties agree.

## DEFINITIONS

1.    "**Advertisement**" or "**Advertising**" or "**Ad**" means any written or verbal statement, illustration, or depiction that promotes the sale or use of a good or service or is designed to increase consumer interest in a brand, good, or service.  Advertising media includes, but is not limited to:  packaging and labeling; promotional materials; print; television; radio; and Internet, social media, and other digital content.

2.    "**Affiliate Marketer**" means any third-party who has received compensation of any kind from You for directing consumers to You for the possible or actual purchase of any of Your Negative Option Offerings.

3.    "**Affiliate Network**" means any entity or person that provided services connecting You and Affiliate Marketers , for which You paid or agreed to pay a commission or other compensation for certain consumer actions including visiting Your websites, purchasing Your products, or signing up for a trial offer promoted by You.

4.    "**Corporate Defendants**" means RevMountain, LLC; RoadRunner B2C, LLC, d/b/a RevGo; Wave Rock, LLC; Juniper Solutions, LLC; Jasper Woods, LLC; Wheeler Peak Marketing, LLC; ROIRunner, LLC; Cherry Blitz, LLC; Flat Iron Avenue, LLC; Absolutely Working, LLC; Three Lakes, LLC; Bridge Ford, LLC; How and Why, LLC; Spruce River, LLC; TrimXT, LLC; Elation White, LLC; IvoryPro, LLC; Doing What's Possible, LLC; RevGuard, LLC; RevLive!, LLC; Blue Rocket Brands, LLC; Convertis, LLC; Convertis Marketing, LLC; Turtle Mountains, LLC; Boulder Black Diamond, LLC; Mint House, LLC; Thunder Avenue, LLC; University & Folsom, LLC; Boulder Creek Internet Solutions, Inc.; Walnut Street Marketing, Inc.; Snow Sale, LLC; Brand Force, LLC; Wild Farms, LLC;

Salamonie River, LLC; Indigo Systems, LLC; Night Watch Group, LLC; Newport Crossing, LLC; Greenville Creek, LLC; Brookville Lane, LLC; Anasazi Management Partners, LLC; Honey Lake, LLC; Condor Canyon, LLC; Brass Triangle, LLC; Solid Ice, LLC; Sandstone Beach, LLC; Desert Gecko, LLC; Blizzardwhite, LLC; Action Pro White, LLC; First Class Whitening, LLC; Spark Whitening, LLC; Titanwhite, LLC; Dental Pro At Home, LLC; Smile Pro Direct, LLC; Circle of Youth Skincare, LLC; DermaGlam, LLC; Sedona Beauty Secrets, LLC; Bellaathome, LLC; SkinnyIQ, LLC; Body Tropical, LLC; and each of their subsidiaries, affiliates, successors, and assigns.

5.     "**Defendant(s)**" means Corporate Defendants, Blair McNea, Danielle Foss, and Jennifer Johnson, individually, collectively, or in any combination.

6.     "**Individual Defendants**" means Blair McNea, Danielle Foss, and Jennifer Johnson, individually, collectively, or in any combination.

7.     "**Negative Option Offering**" means any offer or arrangement including "trials," "free trials," "risk-free trials," "samples," and "free samples," marketed, sold, offered, or disseminated by, for, or on behalf of a company or individual, under which a consumer's silence or failure to take an affirmative action to reject products or services or to cancel the offer or arrangement is interpreted as acceptance, or under which the company or individual continues to bill or charge the consumer unless and until the consumer affirmatively rejects the products or services or cancels the offer or arrangement.

8.     "**You**" and "**Your**" mean the Defendant responding to this request, and all directors, officers, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

## INSTRUCTIONS

1.     If You previously provided a document to the FTC or Receiver, or the document, in hard copy or electronic format, is or was located at 7350 Eastgate Road, Henderson, NV 89011, 6260 Lookout Road Boulder, CO 80301, or 2011 Cherry Street, Louisville, CO 80027 on July 27, 2017, You do not need to provide it in response to these requests.  However, if You

2

withhold any documents on the grounds that they were previously provided to the FTC or the Receiver or because they are or were located at the above-listed addresses on July 27, 2017, You must provide a list of those documents, and state for each item or category of items: (a) the title(s) of the document(s); (b) the type of document (*e.g.*, letter, email); (c) the date or date range of the document(s); (d) the general subject matter of the document(s); and (e) the location of the document(s).

2.      If any materials are withheld based on a privilege claim, submit with that claim a schedule of the items withheld in compliance with Section 8(b) of the Proposed Scheduling Order and Discovery Plan [ECF No 76] and Federal Rule of Civil Procedure 26(b)(5).

**DOCUMENT REQUESTS**

1.      Organizational charts sufficient to show Your placement with respect to Your parents, subsidiaries, other corporate entities, and the other Defendants.

2.      Documents sufficient to show Your business relationship with each of the other Defendants, including all agreements between You and them.

3.      Documents sufficient to identify all persons employed by You, their job titles, and the date range of employment.

4.      All documents relating to the Individual Defendants' income and other benefits received from You.

5.      All tax returns prepared by You or on Your behalf.  This request includes all supporting documents and attachments.

6.      For each of the products or services You Advertised, marketed, promoted, offered for sale, or sold, documents sufficient to show:

a.      The total amount of sales of Your products or services (broken down by month and year);

b.      The gross revenues obtained from the sale of Your products or services;

3

      c.        All net profits obtained from the sale of Your product or service (broken down by month and year);

      d.        The full names, addresses, emails, and telephone numbers of all purchasers or recipients of Your products or services, and the amount paid by each.

7.      All of Your financial statements, ledgers, and balance sheets.

8.      All communications referring or relating to Your revenues, profits, or losses.

9.      Documents sufficient to show all of Your policies, practices, and procedures including:

      a.        Policies, practices, or procedures related to the onboarding of new clients including due diligence conducted or collected by You regarding Your clients or customers;

      b.        Billing policies, practices, or procedures, including those relating to when the client will be billed or charged, at what interval(s), and in what amount(s);

      c.        Advertising or marketing policies, practices, or procedures;

      d.        Refund policies, practices, or procedures;

      e.        Cancellation policies, practices, or procedures;

      f.        Customer service policies, practices, or procedures;

      g.        Policies, practices, or procedures regarding telephone call recordings, including those relating to the circumstances under which You record conversations or communications with consumers; and

      h.        Policies, practices, or procedures relating to Your intellectual property including Your proprietary software.

10.      All communications referring or relating to Your policies, practices, and procedures.

11.      Documents sufficient to identify and describe Your products or services, including their price.

4

12.    All documents related to the development and implementation of Your intellectual property, including Your proprietary software.

13.    Copies of all versions of Your websites (including individual webpages), including:

      a.     Printouts of such websites;

      b.     Screenshots of such websites;

      c.     All archived versions of such websites and of all programs, files, and scripts related to such websites;

      d.     Documents sufficient to identify the dates each version of each webpage and each program, file, and script related to such webpage was available online and all electronic addresses at which each webpage, program, file, or script was accessible;

      e.     All documents related to the design and functioning of such websites including feature descriptions, programmer documentation, developer's guides, specification documents, and version histories;

      f.     Documents relating to any guidelines or instructions You provided, directly or indirectly, to any persons who hosted, built, developed, designed, published, or had responsibility for the content presented on any of the websites that Advertised, promoted, or offered any of Your products or services; and

      g.     Documents sufficient to identify the individuals who designed or programmed such websites.

14.    All Advertising and promotional materials relating to Your products and services.

15.    All documents that memorialize agreements, terms, and arrangements between You and Your clients including, but not limited to, insertion orders and documents relating to modifications to or terminations of such agreements, terms, or arrangements.

16.     All documents relating to the reasons, explanations, considerations, or analysis of the success or lack of success of the marketing or sale of any of Your services or products.

17.     All documents (including but not limited to analyses, copy tests, emails, memoranda, reports, research, studies, or surveys) relating to consumer perception or understanding of Negative Option Offerings or advertising therefor, including but not limited to websites related to the Negative Option Offerings (including websites optimized for mobile technology).  Responsive documents include, but are not limited to:

  a. Documents referring or relating to consumer attitudes, attributes, behaviors, beliefs, characteristics, comprehension, demographics, interpretation, preference, recall, traits, or usage patterns and Negative Option Offerings or advertising therefor, including Internet website(s);

  b. Documents referring or relating to A/B testing, choice modeling, content variation testing, conversion rates, eye tracking or other usability studies, multivariate testing, split testing, take rates, and customer satisfaction surveys; and

  c. Consumers' understanding or lack of understanding that they were enrolled in a program involving Negative Option Offerings.

18.     All documents that have been provided to Your employees, independent contractors, affiliates, or agents to use in preparation for or during communications with any customer or potential customer, including scripts, policies, manuals, presentations, or procedures for handling cancellation requests or customer complaints.

19.     All of Your clients' scripts, including sales scripts, compliance scripts, upsell scripts, verification scripts, and save scripts.

20.     All of Your scripts, including sales scripts, compliance scripts, upsell scripts, verification scripts, and save scripts.

21.     All documents relating to the drafting or editing of all scripts provided in response to document requests 19 and 20.

22.     Documents sufficient to identify your clients.

23.     All documents related to the onboarding of each of Your clients, including all due diligence conducted or collected by You with respect to each such client's business activities, and all copies of Your clients' marketing or Advertisements obtained by You.

24.     All communications referring or relating to Your business activities, including all communications referring or relating to Your clients.

25.     All recordings and all transcripts of recordings of conversations or communications relating to any of Your products or services between any employee, independent contractor, Affiliate Marketer, Affiliate Network, or agent of Yours and any consumer.

26.     All documents relating to disclosures provided to consumers about the terms and conditions associated with purchasing any products or services from Your clients, including drafts of disclosures and communications regarding the content, substance, placement, use, or modification of any disclosures.

27.     All documents relating to consumers' complaints about You or any of Your clients.

28.     All documents relating to inquiries or complaints from financial institutions, payment processors, Better Business Bureaus, or local or state consumer protection agencies on behalf of consumers, relating to You or to any of Your clients.

29.      All documents related to any investigation, enforcement action, or lawsuit in connection with You or any of Your clients.

30.     All documents relating to Your clients' placement in a credit card association chargeback or fraud monitoring program, as well as communications relating to attempts to avoid placement in a credit card association chargeback or fraud-monitoring program through the distribution of transaction volume among different merchant accounts.

31.     All reports and summaries that were distributed to or by Your management concerning chargebacks.

32.     All documents relating to any chargeback reduction or remediation plans by You or any of Your clients.

33. All documents relating to the FTC's present action against You that you did not previously provide to the FTC or Receiver or that were not located at 7350 Eastgate Road, Henderson, NV 89011, 6260 Lookout Road Boulder, CO 80301, or 2011 Cherry Street, Louisville, CO 80027, as described in Instruction No. 2.

34. All documents provided to and/or exchanged with Your witnesses in this matter since July 27, 2017, relating to Your business and/or the FTC's charges or evidence.

35. All documents obtained from third parties by You via subpoenas in this case.

36. All documents referred to or used to answer Interrogatories served on you.

37. All documents calling into question, contradicting, controverting, disputing, rebutting, refuting, or otherwise responding to any of Your claims, defenses, or exhibits in this case.

Respectfully submitted this 3rd day of November, 2017.

*/s/ MICHELLE SCHAEFER*
SARAH WALDROP
MICHELLE SCHAEFER
Attorneys for Federal Trade Commission

PROOF OF SERVICE

I hereby certify that I served the foregoing First Set of Requests for Production of Documents and First Set of Interrogatories to Defendant RevGo, LLC on November 3, 2017, on counsel for all parties as follows via electronic mail:

Giovanni Ruscitti
Berg Hill Greenleaf Ruscitti LLP
1712 Pearl Street
Boulder, CO 80302
303-402-1600
giovanni.ruscitti@bhgrlaw.com

Claude Wild
Claude Wild Law
9247 Mornington Way
Lone Tree, CO 80124
303-916-9082
cwild@claudewildlaw.com

Eric Swanis
Greenberg Traurig LLP
3773 Howard Hughes Parkway, Ste. 400 N
Las Vegas, NV 89169
702-792-3773
swanise@gtlaw.com

*Counsel for Defendant Blair McNea and Corporate Defendants*

Rachel Hirsch
Ifrah Law PLLC
1717 Pennsylvania Ave. NW, Suite 650
Washington, DC 20006
202-524-4145
rhirsch@ifrahlaw.com

Ronald Green
Randazza Legal Group, PLLC
4035 El Capitan Way
Las Vegas, NV 89147
702-420-2001
rdg@randazza.com

*Counsel for Defendant Danielle Foss*

Richard Newman
Hinch Newman LLP
40 Wall Street, 35th Floor
New York, NY 10005
212-756-8777
rnewman@hinchnewman.com

Eric D. Hone
Gabriel A. Blumberg
Dickinson Wright PLLC
8363 West Sunset Road, Suite 200
Las Vegas, NV 89113
702-550-4400
ehone@dickinson-wright.com
gblumberg@dickinson-wright.com

*Counsel for Defendant Jennifer Johnson*

Byron Moldo
Ervin Cohen & Jessup LLP
9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212
310-281-6354
bmoldo@ecjlaw.com

Bart K. Larsen
Kolesar & Leatham
400 South Rampart Boulevard, Suite 400
Las Vegas, NV 89145
702-362-7800
blarsen@klnevada.com

*Counsel for Joshua Teeple, Temporary Receiver*

 */s/ Michelle Schaefer*
 Michelle Schaefer

Document Requests to Blair McNea

DAVID C. SHONKA
Acting General Counsel
SARAH WALDROP
MICHELLE SCHAEFER
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mailstop CC-9528
Washington, DC 20580
Telephone: 202-326-3444 (Waldrop)
Telephone: 202-326-3515 (Schaefer)
Facsimile: 202-326-3197
Email: swaldrop@ftc.gov, mschaefer@ftc.gov

STEVEN W. MYHRE
Acting United States Attorney
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: 702-388-6336
Facsimile: 702-388-6787
Email: blaine.welsh@usdoj.gov

*Attorneys for Plaintiff Federal Trade Commission.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| FEDERAL TRADE COMMISSION, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No: 17-cv-02000-APG-GWF |
| v. | ) | **FTC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BLAIR MCNEA** |
| REVMOUNTAIN, LLC, *et al.*, | ) | |
| Defendants. | ) | |

1

Pursuant to Fed. R. Civ. P. 34, Plaintiff Federal Trade Commission ("FTC") hereby requests that Defendant Blair McNea produce documents and other items described herein. Defendant Blair McNea is requested to make such production at the Federal Trade Commission, 600 Pennsylvania Ave., N.W., Mailstop CC-9528, Washington, DC 20580, or at such other location upon which all parties agree.

**DEFINITIONS**

1.    "**Advertisement**" or "**Advertising**" or "**Ad**" means any written or verbal statement, illustration, or depiction that promotes the sale or use of a good or service or is designed to increase consumer interest in a brand, good, or service.  Advertising media includes, but is not limited to:  packaging and labeling; promotional materials; print; television; radio; and Internet, social media, and other digital content.

2.    "**Affiliate Marketer**" means any third-party who has received compensation of any kind from You directing consumers to You for the possible or actual purchase of any of Your Negative Option Offerings.

3.    "**Affiliate Network**" means any entity or person that provided services connecting You and Affiliate Marketers, for which You paid or agreed to pay a commission or other compensation for certain consumer actions including visiting Your websites, purchasing Your products, or signing up for a trial offer promoted by You.

4.    "**Corporate Defendants**" means RevMountain, LLC; RoadRunner B2C, LLC, d/b/a RevGo; Wave Rock, LLC; Juniper Solutions, LLC; Jasper Woods, LLC; Wheeler Peak Marketing, LLC; ROIRunner, LLC; Cherry Blitz, LLC; Flat Iron Avenue, LLC; Absolutely Working, LLC; Three Lakes, LLC; Bridge Ford, LLC; How and Why, LLC; Spruce River, LLC; TrimXT, LLC; Elation White, LLC; IvoryPro, LLC; Doing What's Possible, LLC; RevGuard, LLC; RevLive!, LLC; Blue Rocket Brands, LLC; Convertis, LLC; Convertis Marketing, LLC; Turtle Mountains, LLC; Boulder Black Diamond, LLC; Mint House, LLC; Thunder Avenue, LLC; University & Folsom, LLC; Boulder Creek Internet Solutions, Inc.; Walnut Street Marketing, Inc.; Snow Sale, LLC; Brand Force, LLC; Wild Farms, LLC; Salamonie River, LLC; Indigo Systems, LLC; Night Watch Group, LLC; Newport Crossing,

1

LLC; Greenville Creek, LLC; Brookville Lane, LLC; Anasazi Management Partners, LLC; Honey Lake, LLC; Condor Canyon, LLC; Brass Triangle, LLC; Solid Ice, LLC; Sandstone Beach, LLC; Desert Gecko, LLC; Blizzardwhite, LLC; Action Pro White, LLC; First Class Whitening, LLC; Spark Whitening, LLC; Titanwhite, LLC; Dental Pro At Home, LLC; Smile Pro Direct, LLC; Circle of Youth Skincare, LLC; DermaGlam, LLC; Sedona Beauty Secrets, LLC; Bellaathome, LLC; SkinnyIQ, LLC; Body Tropical, LLC; and each of their subsidiaries, affiliates, successors, and assigns.

5.     "**Defendant(s)**" means Corporate Defendants, Blair McNea, Danielle Foss, and Jennifer Johnson, individually, collectively, or in any combination.

6.     "**Individual Defendants**" means Blair McNea, Danielle Foss, and Jennifer Johnson, individually, collectively, or in any combination.

7.     "**Negative Option Offering**" means any offer or arrangement including "trials," "free trials," "risk-free trials," "samples," and "free samples," marketed, sold, offered, or disseminated by, for, or on behalf of a company or individual, under which a consumer's silence or failure to take an affirmative action to reject products or services or to cancel the offer or arrangement is interpreted as acceptance, or under which the company or individual  continues to bill or charge the consumer unless and until the consumer affirmatively rejects the products or services or cancels the offer or arrangement.

8.     "**You**" and "**Your**" mean the Defendant responding to this request, and all directors, officers, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

## INSTRUCTIONS

1.     If You previously provided a document to the FTC or Receiver, or the document, in hard copy or electronic format, is or was located at 7350 Eastgate Road, Henderson, NV 89011, 6260 Lookout Road Boulder, CO 80301, or 2011 Cherry Street, Louisville, CO 80027 on July 27, 2017, You do not need to provide it in response to these requests.  However, if You

withhold any documents on the grounds that they were previously provided to the FTC or the Receiver or because they are or were located at the above-listed addresses on July 27, 2017, You must provide a list of those documents, and state for each item or category of items: (a) the title(s) of the document(s); (b) the type of document (*e.g.,* letter, email); (c) the date or date range of the document(s); (d) the general subject matter of the document(s); ; and (e) the location of the document(s).

2.      If any materials are withheld based on a privilege claim, submit with that claim a schedule of the items withheld in compliance with Section 8(b) of the Proposed Scheduling Order and Discovery Plan [ECF No 76] and Federal Rule of Civil Procedure 26(b)(5).

## DOCUMENT REQUESTS

1.      Organizational charts sufficient to show Your position or job with respect to each of the Defendants.

2.      Documents sufficient to show Your business relationship with each of the other Defendants, including all agreements between You and them.

3.      Documents sufficient to identify all persons employed by You, their job titles, and the date range of employment.

4.      All documents relating to Your income and other benefits You received from each of the Defendants.

5.      All tax returns prepared by You or on Your behalf.  This request includes all supporting documents and attachments.

6.      For each of the products or services, including Negative Option Offerings, the Defendants Advertised, marketed, promoted, offered for sale, or sold, documents sufficient to show:

a.      The total amount of sales for each product or service (broken down by month and year);

3

        b.      The gross revenues obtained from the sale of each product or service (broken down by month and year);

        c.      All net profits obtained from the sale of each product or service (broken down by month and year);

        d.      The total amount of refunds, full or partial, related to the sale of each product or service (broken down by month and year);

        e.      The total amount of chargebacks related to the sale of each product or service (broken down by month and year);

        f.      The full names, addresses, emails, and telephone numbers of all purchasers or recipients of each product or services, and the amount paid by each; and

        g.      The full names, addresses, emails, and telephone numbers of all purchasers or recipients of each product or service who received refunds or chargebacks, and the amount refunded or charged back to each.

7.      All of the Defendants' financial statements, ledgers, and balance sheets for You.

8.      All communications relating to the Defendants and their revenues, profits, or losses.

9.      Document sufficient to show each of the Defendants' policies, practice and procedures including:

        a.      Policies, practices, and procedures relating to the onboarding of new clients, including policies, practices, or procedures related to due diligence conducted or collected by the Defendants regarding  their clients;

        b.      Billing policies, practices, or procedures, including those relating to when the customer or client will be billed or charged, at what interval(s), and in what amount(s);

        c.      Advertising or marketing policies, practices, or procedures;

        d.      Refund policies, practices, or procedures;

e.   Cancellation policies, practices, or procedures;

f.   Customer service policies, practices, or procedures;

g.   Policies, practices, or procedures regarding telephone call recordings, including those relating to the circumstances under which the Defendants record conversations or communications with consumers;

h.   Policies, practices, or procedures to monitor or track websites that were used to market, Advertise, offer, or sell the Defendants' products and services, including Negative Option Offerings; and

i.   Policies, practices, or procedures relating to the Defendants' intellectual property, including their proprietary software.

10.   All documents related to the development and implementation of the Defendants' intellectual property, including their proprietary software.

11.   All communications referring or relating to each of the Defendants' policies, practices, and procedures.

12.   Documents sufficient to identify and describe each of the Defendants' products or services, including their price.

13.   All document relating to suppliers from which the Defendants purchased any of the products they marketed or sold to consumers.

14.   Copies of all versions of the Defendants' websites (including individual webpages), including:

a.   Printouts of such websites;

b.   Screenshots of such websites;

c.   All archived versions of such websites and of all programs, files, and scripts related to such websites;

d.   Documents sufficient to identify the dates each version of each webpage and each program, file, and script related to such webpage was available online and all electronic addresses at which each webpage, program, file, or script was accessible;

5

e.    All documents related to the design and functioning of such websites including feature descriptions, programmer documentation, developer's guides, specification documents, and version histories;

f.    Documents relating to any guidelines or instructions Defendants provided, directly or indirectly, to any persons who hosted, built, developed, designed, published, or had responsibility for the content presented on any of the websites that Advertised, promoted, or offered any of Defendants' products or services; and

g.    Documents sufficient to identify the individuals who designed or programmed such websites.

15.    For each of the Defendants' Negative Option Offerings, provide a copy of each unique Advertisement disseminated.

16.    All Advertising and promotional materials relating to Roadrunner B2C, LLC, also d/b/a RevGo ("RevGo"), RevGuard, LLC ("RevGuard"), and RevLive, LLC ("RevLive").

17.    For each web page or Advertisement produced in response to document requests 14 and 15, screenshots of landing pages for any links included in such web page or Advertisement.  The landing pages provided should reflect their appearance at the time that such web page or Advertisement was in use.

18.    For each web page or Advertisement produced in response to document requests 14 and 15, documents sufficient to show the number of impressions for each such web page or Advertisement, the number of clicks on each such web page or Advertisement, and the total dollar amount spent in connection with each such web page or Advertisement.

19.    Documents sufficient to show click-through rates and gross sales revenue for (a) each web page or Advertisement identified in document requests 14 and 15, including click-through rates for websites, banner ads, and sponsored links, and (b) each webpage, banner, and hyperlink on Defendants' websites that has displayed terms or conditions for the Defendants' Negative Option Offerings.

6

20.    All dissemination schedules for each web page or Advertisement produced in response to document requests 14 and 15, including documents sufficient to show the beginning and ending dates of dissemination for each Advertisement, promotion, or webpage, as well as the locations where the web pages or Advertisements were disseminated. Provide sufficient information to permit a determination of how many web pages or Advertisements were disseminated, when, where, and to whom.

21.    All Advertising and promotional materials referring or relating to the Defendants' Negative Option Offering(s) provided or available to any Affiliate Marketer or Affiliate Network.

22.    All documents that memorialize agreements, terms, and arrangements between the Defendants and Affiliate Marketer(s) and Affiliate Network(s), including insertion orders and documents relating to modifications to or terminations of such agreements, terms, or arrangements.

23.    All documents that memorialize agreements, terms, and arrangements between RevGo, RevGuard, and RevLive and their clients, including insertion orders and documents relating to modifications to or terminations of such agreements, terms, or arrangements.

24.    All documents relating to the reasons, explanations, considerations, or analysis of the success or lack of success of the marketing or sale of any of the Defendants' services or products, including any of the Defendants' marketing or implementation of Negative Option Offerings.

25.    All documents (including but not limited to analyses, copy tests, emails, memoranda, reports, research, studies, or surveys) relating to consumer perception or understanding of Negative Option Offerings or Advertising therefor, including but not limited to websites related to the Negative Option Offerings (including websites optimized for mobile technology).  Responsive documents include, but are not limited to:

a.    Documents referring or relating to consumer attitudes, attributes, behaviors, beliefs, characteristics, comprehension, demographics,

interpretation, preference, recall, traits, or usage patterns and Negative Option Offerings or advertising therefor, including Internet website(s);

b. Documents referring or relating to A/B testing, choice modeling, content variation testing, conversion rates, eye tracking or other usability studies, multivariate testing, split testing, take rates, and customer satisfaction surveys; and

c. Consumers' understanding or lack of understanding that they were enrolled in a program involving Negative Option Offerings.

26. All documents that have been provided to any of the Defendants' employees, independent contractors, affiliates, or agents to use in preparation for or during communications with any customer or potential customer, including scripts, policies, manuals, presentations, or procedures for handling cancellation requests or customer complaints.

27. Documents sufficient to identify any keywords, terms, phrases, or other criteria that any of the Defendants or any person acting for or on their behalf  has used to effect the placement or delivery of any Advertisement or sponsored link in connection with any online Affiliate Network or Affiliate Marketer delivery or contextual marketing software or system, including the placement or delivery of any Advertisement or sponsored link in search results generated by Google or any other internet search engine (e.g., through the Google AdWords program).

28. All documents that relate to any changes made or considered to Advertisements or a component thereof for any of the Defendants' Negative Option Offerings, including changes to the content of any Advertisement.

29. All communications referring or relating to the Defendants' Negative Option Offerings, including communications with their Affiliate Networks and Affiliate Marketers.

30. All scripts used in connection with each of the Defendants' Negative Option Offerings, including sales scripts, compliance scripts, upsell scripts, verification scripts, and save scripts.

31.     To the extent not produced in response to document request 31, all other scripts used in connection with the marketing or sale of the Defendants' products and services.

32.     To the extent not produced in response to document requests 31and 32, all scripts used by  RevGuard's and RevLive's clients to market or sale Negative Option Offerings.

33.     All documents relating to the drafting or editing of all scripts provided in response to requests 30, 31, and 32.

34.     Documents sufficient to identify RevGo's, RevGuard's, and RevLive's clients.

35.     All documents related to the onboarding of RevGo's, RevGuard's, and RevLive's clients, including all due diligence conducted or collected by them with respect to each such client's business activities, and all copies of their clients' marketing or Advertisements obtained by these Defendants.

36.     All communications referring or relating to each of the Defendants' business activities, including all communications referring or relating to their clients or customers.

37.     All recordings and all transcripts of recordings of conversations or communications relating to any of the Defendants' products or services, including Negative Option Offerings, between any employee, independent contractor, Affiliate Marketer, Affiliate Network, or agent of the Defendants and any consumer.

38.     Documents sufficient to show each iteration of the complete contractual agreement between the Defendants and consumers that purportedly binds consumers to purchase or obtain   products or services related to the Defendants' Negative Option Offerings.

39.     All documents relating to disclosures provided to consumers about the terms and conditions associated with purchasing any products or services subject to the Defendants' or their clients' Negative Option Offerings, including drafts of disclosures and communications regarding the content, substance, placement, use, or modification of any disclosures.

40.     All documents relating to consumers' complaints about the Defendants or their clients.

41.   All documents relating to inquiries or complaints from financial institutions, payment processors, Better Business Bureaus, or local or state consumer protection agencies on behalf of consumers, relating to the Defendants or their clients.

42.   All documents related to or referring to any investigation, enforcement action, or lawsuit in connection with the Defendants or their clients.

43.   All applications, including supporting documents, submitted by, or on behalf of the Defendants to open a merchant account to process sales.

44.   All documents concerning any agreement or arrangement in which another entity or individual opened merchant account(s) that were used to process customer payments for the Defendants' Negative Option Offerings.

45.   All documents relating to any of the Defendants' placement in a credit card association chargeback or fraud monitoring program, as well as communications relating to attempts to avoid placement in a credit card association chargeback or fraud-monitoring program through the distribution of transaction volume among different merchant accounts.

46.   All documents relating to any of the Defendants' clients placement in a credit card association chargeback or fraud monitoring program, as well as communications relating to attempts to avoid placement in a credit card association chargeback or fraud-monitoring program through the distribution of transaction volume among different merchant accounts.

47.   All reports and summaries that were distributed to or by each of the Defendants' management concerning chargebacks.

48.   All documents relating to any chargeback reduction or remediation plans by the Defendants or their clients.

49.   All documents relating to the FTC's present action against You that you did not previously provide to the FTC or Receiver or that were not located at 7350 Eastgate Road, Henderson, NV 89011, 6260 Lookout Road Boulder, CO 80301, or 2011 Cherry Street, Louisville, CO 80027, as described in Instruction No. 2.

50.   All documents provided to and/or exchanged with Your witnesses in this matter since July 27, 2017, relating to Your business and/or the FTC's charges or evidence.

51.     All documents obtained from third parties by You via subpoenas in this case.

52.     All documents referred to or used to answer Interrogatories.

53.     All documents calling into question, contradicting, controverting, disputing, rebutting, refuting, or otherwise responding to any of Your claims, defenses, or exhibits in this case.

Respectfully submitted this 3nd day of November, 2017.

                                  */s/  MICHELLE SCHAEFER*
                                 SARAH WALDROP
                                 MICHELLE SCHAEFER
                                 Attorneys for Federal Trade Commission

11

1

2

PROOF OF SERVICE

3
I hereby certify that I served the foregoing First Set of Requests for Production of Documents and First Set of Interrogatories to Defendant Blair McNea on November 3, 2017, on counsel for all parties as follows via electronic mail:

4

5

Giovanni Ruscitti
Berg Hill Greenleaf Ruscitti LLP

*Counsel for Defendant Danielle Foss*

6

1712 Pearl Street
Boulder, CO 80302

Richard Newman
Hinch Newman LLP

7

303-402-1600
giovanni.ruscitti@bhgrlaw.com

40 Wall Street, 35th Floor
New York, NY 10005
212-756-8777

8

9

Claude Wild
Claude Wild Law

rnewman@hinchnewman.com

10

9247 Mornington Way
Lone Tree, CO 80124

Eric D. Hone
Gabriel A. Blumberg

11

303-916-9082
cwild@claudewildlaw.com

Dickinson Wright PLLC
8363 West Sunset Road, Suite 200

12

Las Vegas, NV 89113
702-550-4400

13

Eric Swanis
Greenberg Traurig LLP

ehone@dickinson-wright.com

14

3773 Howard Hughes Parkway, Ste. 400 N
Las Vegas, NV 89169

gblumberg@dickinson-wright.com

15

702-792-3773
swanise@gtlaw.com

*Counsel for Defendant Jennifer Johnson*

16

17

*Counsel for Defendant Blair McNea and Corporate Defendants*

Byron Moldo
Ervin Cohen & Jessup LLP

18

9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212

19

Rachel Hirsch
Ifrah Law PLLC

310-281-6354
bmoldo@ecjlaw.com

20

1717 Pennsylvania Ave. NW, Suite 650
Washington, DC 20006

21

202-524-4145
rhirsch@ifrahlaw.com

Bart K. Larsen
Kolesar & Leatham

22

400 South Rampart Boulevard, Suite 400
Las Vegas, NV 89145

23

Ronald Green
Randazza Legal Group, PLLC

702-362-7800
blarsen@klnevada.com

24

4035 El Capitan Way
Las Vegas, NV 89147

25

702-420-2001
rdg@randazza.com

*Counsel for Joshua Teeple, Temporary Receiver*

26

27

 */s/ Michelle Schaefer*
Michelle Schaefer

28

1