ERIC W. SWANIS
Nevada Bar No. 6840
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: 702-792-3773
Facsimile: 702-792-9002
Email: swanise@gtlaw.com

GIOVANNI M. RUSCITTI (Has complied with LR IA 11-2)
*(Admitted Pro Hac Vice)*
BERG HILL GREENLEAF RUSCITTI LLP
1712 Pearl Street
Boulder, Colorado 80302
Telephone: 303-402.1600
Facsimile: 303-402-1601
Email: gmr@bhgrlaw.com

CLAUDE C. WILD III (Has complied with LR IA 11-2)
*(Admitted Pro Hac Vice)*
9247 Mornington Way
Lone Tree, CO 80124
Telephone: 303-916-9082
Email: cwild@claudewildlaw.com

*Attorneys for Entity Defendants and Blair McNea*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 17-cv-02000-APG-GWF |
| Plaintiff, | |
| v. | **DEFENDANTS' REPLY TO FTC'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY** |
| REVMOUNTAIN, LLC, *et al.*, | |
| Defendants. | |

1

## I. INTRODUCTION

Despite conducting over eight months of pre-litigation discovery, and despite having the resources and time to gather information about each Defendant prior to filing its complaint, the FTC now argues that any stay of discovery will prejudice their ability to gather facts moving forward. However, it is the Defendants, not the FTC, who are harmed if the temporary stay is not granted. Without a stay, the Defendants will have to spend all of its available resources in responding to over 3500 individual discovery requests, instead of negotiating a possible dispositive settlement.

The FTC argues that the Defendants are strong-arming them into settlement by requesting a stay of discovery. This argument is absurd given the amount of leverage that the FTC has over the Defendants in this lawsuit. The Defendants cannot possibly strong-arm the FTC into a settlement. The FTC, unlike the Defendants, is not prejudiced by limited resources moving forward. The FTC, not the Defendants, has already conducted extensive pre-litigation discovery. The FTC acts as if it is the Defendants who are controlling the pace and direction of this litigation. On the contrary, the FTC has had the ball in its court every step of this litigation, and now it seeks to prevent the Defendants' last attempt to negotiate an amicable settlement before discovery expenses take its toll.[1] To argue that it is the Defendants who are strong-arming the FTC defies the procedural history and nature of this litigation.

Finally, the FTC argues that no matter how the Court rules on the Rev Companies' Motion to Dismiss, it will simply amend its complaint. If the FTC is so confident that it has the facts to amend its under-pled complaint, then it should have included these facts originally. Instead, the FTC chose to file an under-pled complaint that has critically damaged the Rev Companies' reputation and forced each company to close its operations. Although the FTC speculates that the Rev Companies are involved in a "common enterprise," the Permanent Receiver has already found that there is no evidence of wrongdoing and that the Rev Companies

---

[1] The FTC states that it saw no significant progress toward settlement in early November. (ECF. No. 92 p. 2). Notably absent from the FTC's response, however, is any mention of the face-to-face meeting between the parties on November 13 where the parties agreed to continue settlement negotiations moving forward.

could have continued as lawful businesses.

Given the limited resources of the Defendants, the leverage the FTC has moving forward, and the pending dispositive motion to dismiss, the Court should grant the Defendants' Motion to Stay Discovery.

## II. ARGUMENT

**A.     Staying discovery will promote the Ninth Circuit's commitment to settlements and will not "strong arm" the FTC into settlement.**

Staying discovery to encourage the parties to engage in settlement negotiations will not "strong-arm" the FTC into settling. Rather, the controlling issue is whether staying discovery will promote the Ninth Circuit's commitment to encouraging settlement and properly balance the interest of the parties.

In support of their argument, the FTC cites to *Whitfield v. Pick Up Stix* for the proposition that the rules encouraging settlement were not designed as a means to strong-arm a party into settlement. *See* No. 2:10–cv–00099–ECR–PAL., 2011 WL 3875330, at *2 (D. Nev. Sept. 1, 2011). However, *Whitfield* does not stand for such a broad holding. Instead, the court held that "Rule 16 'was not designed as a means for clubbing the parties-or one of them-into an involuntary compromise'" *Id.* (Emphasis added); (citing *Kothe v. Smith*, 771 F.2d 667, 669 (2nd Cir. 1985). Requesting a stay of discovery to foster settlement discussions is inherently distinguishable from requesting sanctions to encourage settlement.

On the contrary, "[i]n deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a 'just, speedy, and inexpensive determination of every action.'" *Kor Media Group, LLC v. Green*, 294 F.R.D 579, 581 (D. Nev. 2013). Ninth Circuit and public policy is firmly committed to encouraging compromising settlements. *See United States v. McInnes*, 556 F.2d 436, 441 (9th Cir. 1977). "It is well recognized that settlement agreements are judicially favored as a matter of sound public policy." *Speed Shore Corp. v. Denda*, 605 F.2d 469, 473 (9th Cir. 1979). "Since it obviously eases crowded court dockets and results in savings to the litigants and the judicial system, settlement should be facilitated at as early a stage of the litigation as possible." *Franklin v. Kaypro Copr.*, 884 F.2d 1222, 1225 (9th

3

Cir. 1989).

Furthermore, courts have broad discretion in granting a stay to conserve judicial resources. "Courts have broad discretionary power to control discovery including the decision to allow or deny discovery." *Solera at Anthem Community Ass'n Inc. v. Del Webb Communities, Inc.*, No. 2:11–cv–00425–LDG–CWH, 2013 WL 79815, at *1 (D. Nev. Jan. 1, 2013); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Id*; (*citing Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interest and maintain an even balance." *Id.*

Granting a stay of discovery to encourage settlement negotiations between the FTC and the Defendants will promote the Ninth Circuit's overriding public interest in settling and quieting litigation. In weighing the competing interest between the FTC's interest in conducting discovery, and the Defendants' interest in continuing settlement negotiations, the Court should find that the Defendants' interests outweighs the FTC's. *See id.* The Defendants have insufficient resources to both negotiate with the FTC and also respond to the FTC's thousands of discovery requests. This lawsuit has already critically damaged many of the Defendants, especially the Rev Companies. Expending additional resources towards discovery will further damage the Defendants. Furthermore, the FTC's interest in conducting immediate discovery is lessened because it has already conducted over eight months of extensive pre-litigation discovery. The Court should stay discovery to encourage the parties to attempt to reach a settlement before expensive discovery irreparably harms the Defendants.

Furthermore, it is the FTC, not the Defendants, that has the leverage to strong-arm the opposing parties in this case. It is unreasonable to think that a discovery stay will somehow now grant Defendants the power or leverage to strong-arm the FTC into a settlement, especially given the procedural history of this litigation. Beginning discovery will further exacerbate the FTC's leverage. To that end, the FTC has already served a total of over 3500 individual discovery requests and has indicated it anticipates taking over 30 depositions. Sched. Order and Disc. Plan

4

(ECF No. 79 p. 1). The FTC has had leverage over Defendants in every step of this litigation and with discovery beginning. Whether that leverage was gained through its superior resources or through its exclusive ability to conduct extensive pre-litigation discovery, it is absurd to now argue that Defendants will gain leverage to strong-arm the FTC in settlement as a result of a stay. Rather, a stay of discovery would put the parties on a more equal playing field to reach a settlement. As stated in *Solera v. Del Webb Communities*, courts must weigh competing interests and *maintain an even balance* in deciding whether to stay discovery. 2013 WL 79815, at *1; (Emphasis added). During the stay, Defendants will focus all of its available resources towards settlement negotiations. Such an allocation of resources will result in a just, speedy, and inexpensive determination of this case.

Therefore, the Court should use its discretion to grant a stay of discovery to facilitate settlement negotiations between the parties.

**B.    The RevCompanies' Motion to Dismiss is potentially dispositive and provides a basis to stay discovery as to the Rev Companies**

The next issue is whether a stay is appropriate as to the Rev Companies given that their pending Motion to Dismiss (the "**Motion to Dismiss**") is potentially dispositive. The FTC has conceded the no additional discovery is needed to decide the Motion to Dismiss, but has contested the Motion's dispositiveness and likelihood of success. (ECF No. 92) at 19-22.

In order to grant a stay pending a dispositive motion, the Court must find that the following three requirements are met: (1) that the pending motion is potentially dispositive; (2) that the potentially dispositive motion can be decided without additional discovery; and (3) that the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D 579, 581 (D. Nev. 2013).

Not only is the Motion to Dismiss potentially dispositive, but a preliminary peek at the merits of the Motion will also convince the Court that the FTC is unable to state a claim for relief.

///

### i. **The Motion to Dismiss is potentially dispositive**

The issue here is whether a dismissal for failure to plead with particularity under Rule 9(b) can be potentially dispositive in light of the opportunity for leave to amend.

To that end, courts have routinely granted motions to dismiss for failure to plead with particularity under Rule 9(b). *See F.T.C. v. Lights of America, Inc.*, 760 F.Supp.2d 848, 854-55 (C.D. Cal. 2010); *see also Hoffman v. Countrywide Home Loans, Inc.*, No. 3:11-CV-00201, 2012 WL 1598187 (D. Nev. May 4, 2012) (dismissing vague and conclusory allegations of fraud that lumped all defendants together); *see also Thomas v. Wachovia Mortg., FSB*, No. 2:10-CV-01819, 2011 WL 3159169 (D. Nev. July 25, 2011) (dismissing claim for deceptive trade practices because allegations lumped multiple defendants together without differentiating the allegations against them in violation of Rule 9(b)).

Moreover, courts have routinely granted a motion to dismiss for failure to state a claim under Rule 9(b), while simultaneously denying a motion to amend. *See Horner v. Mortgage Electronic Registration Systems, Inc.*, No. 12–16398, 2017 WL 4461082, at *1 (9th Cir. 2017) (holding that district court properly dismissed complaint where party failed to plead fraud with particularity and properly denied granting that party leave to amend because such amendment would be futile); *see also Boisvert v. Lohan*, 617 Fed. Appx. 810, 810-11 (9th Cir. 2015) (finding that district court did not abuse its direction by dismissing complaint without leave to amend because plaintiff failed to plead with sufficient particularity and amending complaint would have been futile).

The Motion to Dismiss is potentially dispositive because finding that the FTC failed to plead with particularity under Rule 9(b) is sufficient to grant the motion to dismiss. The FTC argues that the Motion to Dismiss would not be dispositive even if it were granted because the Motion does not argue that the FTC's allegations are legally insufficient to state a claim under Rule 12(b)(6) but rather that the FTC did not plead enough specific facts to meet Rule 9(b). (ECF No. 92 p. 4). Courts, however, have routinely granted motions to dismiss solely based on failure to plead with particularity, as noted above. (Citations Omitted). Regardless, the Motion to Dismiss also argues failure to state a claim under Rule 12(b)(6), thus giving the Court additional

6

authority to grant the Motion for failure to state a claim. As such, the FTC's argument fails to show that the Motion is not dispositive.

The FTC also argues that it would simply re-plead its complaint if the Court finds that the complaint fails to plead with particularity. (ECF No. 92 p. 5). That argument presumptively assumes that the Court will grant such leave to amend. As mentioned above, courts have simultaneously denied leave to amend when granting a motion to dismiss for failure to plead with particularity. *See Horner v. Mortgage Electronic Registration Systems, Inc.*, No. 12–16398, 2017 WL 4461082, at *1 (9th Cir. 2017); *see also Boisvert v. Lohan*, 617 Fed. Appx. 810, 810-11 (9th Cir. 2015). If the Court grants the Motion to Dismiss for failure to plead with particularity under Rule 9(b), the Court could also deny the FTC's request to amend the complaint, thus making the Motion to Dismiss potentially dispositive.

Therefore, because the Motion to Dismiss is potentially dispositive, the first requirement to grant a stay is satisfied.

### ii. A preliminary peek at the merits of the Motion to Dismiss will convince the Court that the FTC is unable to state a claim.

The next issue is whether a preliminary peek at the Motion to Dismiss for failure to state a claim will convince the Court that the FTC is unable to state a claim.

Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Courts have granted a stay of discovery when motions to dismiss under Rule 12(b)(6) or 9(b) are pending. For example, in *Ramirez v. Wells Fargo Bank, N.A.*, the court found that a "preliminary peek" of a motion dismiss convinced the court that the plaintiff will be unable to state a claim for relief. No. 2:13–cv–01671–JCM–GWF., 2014 WL 358347, at *3 (D. Nev. Jan. 31, 2014). There, the court found that plaintiff failed to plead sufficient facts to set forth a prima facie case under *Twombly*. *Id*. Specifically, the court noted that plaintiff did not state the elements of his claims or state sufficient facts to

7

support a prima facie case. *Id.* The court held that:

> Although it is conceivable, especially in light of the fact that Plaintiff now has counsel, that an amended complaint may very well lay out sufficient facts, the Motion to Dismiss and the underlying Complaint are all that are before the Court for the purposes of deciding the instant Motion to Stay. Therefore, the Court is convinced that Plaintiff will be unable to state a claim for relief in the currently operative Complaint.

*Id.* Thus, the court stayed discovery pending a decision on the motion to dismiss for failure to state a claim under Rule 12(b)(6). *Id.*

Again, in *Modglin v. DJO Global Inc.*, a court granted a motion to stay until the court determined whether plaintiffs proper pled a fraud claim under Rule 9(b). *United States ex rel Modglin v. DJO Global Inc.*, NO. CV 12-07152 MMM (JCGx), 2014 WL 12564275, at *3 (C.D. Cal. Feb. 20, 2014). In *Modglin*, plaintiffs brought a qui tam action under the False Claims Act against the defendants. *See id.* at *1. Defendants then brought a motion to dismiss for failure to plead with particularity under Rule 9(b) and a motion to stay discovery pending the court's ruling on the motion to dismiss. *See id.* at *2-3. The court reasoned that although the Federal Rules of Civil Procedure do not provide for automatic stays when a potentially dispositive motion, that "nonetheless, a district court has broad discretion to stay discovery pending resolution of a potentially dispositive motion." *Id.* at *2. The court held that it is proper in False Claims Act cases, "where a motion to dismiss for failure to plead fraud with particularity is pending, to stay discovery until the court has had the opportunity to decide whether the complaint satisfies the heightened pleading requirements of Rule 9(b)." *Id.* The court found that one of the purposes of Rule 9(b)'s safeguards is to deter the filing of complaints as a pretext for the discovery of unknown wrong. *Id.* Therefore, the court granted the motion to stay discovery until the court determined whether plaintiffs stated a fraud claim under Rule 9(b).

A preliminary peek at the merits of the Motion to Dismiss will convince the Court that the FTC cannot properly bring a claim against the Rev Companies. Although the FTC conducted

over eight months of pre-litigation discovery, it was unable to properly plead any of its claims against the Rev Companies with particularity. Furthermore, the FTC has presented no specific evidence that the Rev Companies were part of a "common enterprise" theory, other than the fact that the Rev Companies provided "B-to-B" back end services. Instead, the FTC's complaint is devoid of facts and set forth only legal conclusions as to the Rev Companies' alleged participation. (ECF No. 66 p. 12-16). As stated in *Ramirez v. Wells Fargo Bank*, courts have discretionary authority to grant a stay of discovery pending a Rule 12(b)(6) motion if the complaint fails to adequately plead a claim for relief. 2014 WL 358347, at *3 (D. Nev. Jan. 31, 2014). The FTC's under-pled complaint is no different. The inability for the FTC to plead a proper complaint after conducting months of discovery is convincing alone that they are unable to bring a claim against the Rev Companies.

In addition, the Receiver has found no evidence of wrongdoing in the Rev Companies. Specifically, in his First Verified Report, the Receiver states that he found no issues in the Rev Companies "that make them appear to be operating in an unlawful manner." (ECF No. 44, p. 22 ¶54). Again, in his Second Verified Report, the Receiver states, "that the Rev Entities as standalone business can be operated lawfully." (ECF No. 89 p. 12-13 ¶31). These exculpatory findings are persuasive in showing that the FTC is unable to plead claims against the Rev Companies.

Furthermore, although this case does not involve the False Claims Act, *Modglin's* holdings regarding Rule 9(b)'s safeguards are applicable here. As noted in the Motion to Dismiss, Rule 9(b) is applicable in this case because the FTC's claims are sound in fraud. (ECF. 66 p. 8). Rule 9(b)'s safeguards are especially applicable in this case where the FTC's complaint has already critically damaged the Rev Companies' business and reputation. Allowing the FTC to take further discovery, while a motion to dismiss for failure to plead with particularity is pending, will nullify Rule 9(b)'s safeguards and will allow the FTC to use the complaint as a

pretext for the discovery of alleged unknown wrongs. *See United States ex rel Modglin v. DJO Global Inc.*, 2014 WL 12564275, at *3.

Therefore, because the Motion to Dismiss is potentially dispositive and a preliminary peek with convince the Court that the FTC is unable to plead a claim against the Rev Companies, the Court should grant a stay of discovery pending resolution of the Motion to Dismiss.

## III. CONCLUSION

Granting a stay of discovery to encourage settlement negotiations amongst the parties will facilitate the Ninth Circuit's firm commitment to settling cases and quieting litigation. Allowing discovery to move forward will limit the Defendants' ability to further negotiate an amicable settlement with the FTC. In the alternative, the Court should grant a stay of discovery pending resolution of the Motion to Dismiss. Therefore, the Defendants respectfully request that the Court grant the Defendants request for a stay of discovery.

Respectfully submitted this 29th day of November, 2017.

/S/Eric W. Swanis
ERIC W. SWANIS
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: 702-792-3773
Facsimile: 702-792-9002
Email: swanise@gtlaw.com

/S/Claude C. Wild III
CLAUDE C. WILD III
(*Admitted Pro Hac Vice*)
9247 Mornington Way
Lone Tree, CO 80124
Telephone: 303-916-9082
Email:cwild@claudewildlaw.com
*Attorneys for Corporate Defendants and Blair McNea*

/S/Giovanni M. Ruscitti
GIOVANNI M. RUSCITTI
(*Admitted Pro Hac Vice*)
BERG HILL GREENLEAF
RUSCITTI LLP
1712 Pearl Street
Boulder, Colorado 80302
Telephone: 303-402.1600
Facsimile: 303-402-1601
Email: gmr@bhgrlaw.com

10

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November, 2017, a true and correct copy of the foregoing **DEFENDANTS' REPLY TO FTC'S OPPOSITION TO DEFENDANTS MOTION TO STAY DISCOVERY** was filed and served via the United States District Court's ECF System to the persons listed below and served via UPS as indicated below:

Bart K Larsen    blarsen@klnevada.com, jierien@klnevada.com, mbarnes@klnevada.com, usdistrict@klnevada.com

Blaine T Welsh    Blaine.Welsh@usdoj.gov, CaseView.ECF@usdoj.gov, eunice.jones@usdoj.gov, sue.knight@usdoj.gov

Byron Z. Moldo    bmoldo@ecjlaw.com

Eric D. Hone    ehone@dickinsonwright.com, bdonaldson@dickinsonwright.com, lstewart@dickinsonwright.com, LV_LitDocket@dickinsonwright.com

Gabriel A. Blumberg    gblumberg@dickinson-wright.com, bdonaldson@dickinsonwright.com, lstewart@dickinson-wright.com, LV_LitDocket@dickinsonwright.com

Michelle Schaefer    mschaefer@ftc.gov

Peter Alan Davidson    pdavidson@ecjlaw.com, lmacdonald@ecjlaw.com

Rachel Hirsch    rhirsch@ifrahlaw.com, docketing@ifrahlaw.com

Richard B Newman    rnewman@hinchnewman.com

Ronald D Green, Jr    rdg@randazza.com, ecf@randazza.com, trey-rothell-2425@ecf.pacerpro.com

Sarah Waldrop    swaldrop@ftc.gov, rkim1@ftc.gov

| **Via Overnight UPS:** | **Via Overnight UPS:** |
|---|---|
| Sarah Waldrop | Rachel Hirsch |
| Michelle Schaefer | Ifrah Law PLLC |
| Mailstop CC-9528 | 1717 Pennsylvania Avenue, NW |
| 600 Pennsylvania Avenue, NW | Suite 650 |
| Washington, DC 20580 | Washington, DC 20006 |
| 202.326.3444 | 202.524.4145 |

/s/ Sandy Jackson
An employee of Greenberg Traurig, LLP

11