# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
|     Plaintiff, | Case No. 2:17-cv-02000-APG-GWF |
| vs. | **ORDER** |
| REV MOUNTAIN, LLC, *et al.*, | |
|     Defendants. | |

    This matter is before the Court on Defendants' Motion to Stay Discovery Pending Settlement Negotiations and the Court's Ruling on the Revcompanies' Motion to Dismiss (ECF No. 90), filed on November 9, 2017. Plaintiff filed its Opposition (ECF No. 92) on November 22, 2017. Defendants filed their Reply (ECF No. 94) on November 29, 2017. The Court conducted a hearing in this matter on December 8, 2017.

    The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. See *Skellerup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995). Ordinarily, a dispositive motion does not warrant a stay of discovery. *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). *See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The moving party carries the heavy burden of making a strong showing of why discovery should be denied. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). Courts have broad discretionary power to control discovery. See *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. Pro. 1 that ensures a "just, speedy, and inexpensive

determination of every action."

Defendants request a 60 day stay of discovery pending settlement negotiations and resolution of Defendants' motion to dismiss. Plaintiff argues that a 60 day stay would delay the case without good cause. The Court finds good cause to grant a 30 day stay of discovery until January 8, 2018. The parties may begin scheduling dates for depositions to be taken after the discovery stay. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay Discovery Pending Settlement Negotiations and the Court's Ruling on the Revcompanies' Motion to Dismiss (ECF No. 90) is **granted**, in part. Discovery is **stayed** until January 8, 2018.

**IT IS FURTHER ORDERED** that the following discovery plan and scheduling order dates shall apply:

1. Last date to complete discovery: **April 6, 2018**
2. Last date to amend pleadings and add parties: **January 5, 2018**
3. Last date to file interim status report: **May 7, 2018**
4. Last date to disclose experts: **May 7, 2018**
5. Last date to disclose rebuttal experts: **June 4, 2018**
6. Last date to file dispositive motions: **August 3, 2018**
7. Last date to file joint pretrial order: **September 3, 2018**. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.

DATED this 11th day of December, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge