ERIC W. SWANIS
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: 702-792-3773
Facsimile: 702-792-9002
Email: swanise@gtlaw.com

GIOVANNI M. RUSCITTI (Has complied with LR IA 11-2)
*(Admitted Pro Hac Vice)*
BERG HILL GREENLEAF RUSCITTI LLP
1712 Pearl Street
Boulder, Colorado 80302
Telephone: 303-402.1600
Facsimile: 303-402-1601
Email: gmr@bhgrlaw.com

CLAUDE C. WILD III (Has complied with LR IA 11-2)
*(Admitted Pro Hac Vice)*
9247 Mornington Way
Lone Tree, CO 80124
Telephone: 303-916-9082
Email: cwild@claudewildlaw.com

*Attorneys for Entity Defendants and Blair McNea*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 17-cv-02000-APG-GWF |
| Plaintiff, | |
| v. | **DEFENDANT BLAIR MCNEA'S AND SUBSCRIPTION COMPANY DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT** |
| REVMOUNTAIN, LLC, *et al.*, | |
| Defendants. | |

1

Defendants Blair McNea and the Subscription Defendants[1], (collectively the "**Defendants**"), by and through their undersigned counsel, hereby answer Plaintiff Federal Trade Commission's Complaint and assert defenses as follows:

1. The allegations contained in Paragraph 1 of the Complaint do not require a response. To the extent a response is require, the Defendants deny that the FTC is entitled to any relief under the references statutes and further deny that the Defendants have engaged in deceptive or unfair acts or practices in violations of the FTC Act or any other rule or statute. With respect to a majority of the allegations in the Complaint, and in violation of Federal Rules of Civil Procedure Rule 8 and Rule 9(b), the Complaint lumps together all Defendants in each of the allegations made. As a result, Defendants are unable to properly respond to a majority of the allegations because Defendants are unable to differentiate which allegations refer to which specific Defendants. As a result, except as otherwise stated herein, Defendants deny all allegations contained in the Complaint.

## JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint asserts a legal conclusion as to which no response is required.

3. Paragraph 3 of the Complaint asserts a legal conclusion as to which no response is required.

## PLAINTIFF

4. Paragraph 4 of the Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, Defendants admit that the FTC is an independent agency of the United States Government created by statute and admit that the FTC also enforces the Restore Online Shoppers' Confidence Act ("**ROSCA**"). As to the rest of the allegations in paragraph 4, Defendants deny such allegations.

---

[1] The Subscription Defendants include all of the Defendants except for: RoadRunner B2C, LLC, also d/b/a RevGO, LLC; RevGuard, LLC; RevLive!, LLC; Danielle Foss; and Jennifer Johnson.

2

5. Paragraph 5 of the Complaint asserts a legal conclusion as to which no response is required. The Defendants specifically deny that the FTC is entitled to restitution, refund, or disgorgement.

## DEFENDANTS

6. Defendants admit in part the allegations in paragraph 6 of the Complaint regarding RevMountain, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 6.

7. Defendants admit in part the allegations in paragraph 7 of the Complaint regarding RoadRunner B2C LLC, d/b/a Rev Go's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 7.

8. Defendants admit in part the allegations in paragraph 8 of the Complaint regarding Wave Rock, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 8.

9. Defendants admit in part the allegations in paragraph 9 of the Complaint regarding Juniper Solutions, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 9.

10. Defendants admit in part the allegations in paragraph 10 of the Complaint regarding Jasper Woods, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 10.

11. Defendants admit in part the allegations in paragraph 11 of the Complaint regarding Wheeler Peak Marketing, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 11.

12. Defendants admit in part the allegations in paragraph 12 of the Complaint regarding ROIRunners, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 12.

13. Defendants admit in part the allegations in paragraph 13 of the Complaint regarding Cherry Blitz, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 13.

14. Defendants admit in part the allegations in paragraph 14 of the Complaint regarding Flat Iron Avenue, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 14.

15. Defendants admit in part the allegations in paragraph 15 of the Complaint regarding Absolutely Working, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 15.

16. Defendants admit in part the allegations in paragraph 16 of the Complaint regarding Three Lakes, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 16.

17. Defendants admit in part the allegations in paragraph 17 of the Complaint regarding Bridge Ford, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 17.

18. Defendants admit in part the allegations in paragraph 18 of the Complaint regarding How and Why, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 18.

19. Defendants admit in part the allegations in paragraph 19 of the Complaint regarding Spruce River, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 19.

20. Defendants admit in part the allegations in paragraph 20 of the Complaint regarding TrimXT, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 20.

21. Defendants admit in part the allegations in paragraph 21 of the Complaint regarding Elation White, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 21.

22. Defendants admit in part the allegations in paragraph 22 of the Complaint regarding Ivory Pro, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 22.

23. Defendants admit in part the allegations in paragraph 23 of the Complaint regarding Doing What's Possible, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 23.

24. Defendants admit in part the allegations in paragraph 24 of the Complaint regarding RevGuard, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 24.

25. Defendants admit in part the allegations in paragraph 25 of the Complaint regarding RevLive!, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 25.

26. Defendants admit in part the allegations in paragraph 26 of the Complaint regarding Blue Rocket Brands, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 26.

27. Defendants admit in part the allegations in paragraph 27 of the Complaint regarding Convertis, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 27.

28. Defendants admit in part the allegations in paragraph 28 of the Complaint regarding Convertis Marketing, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 28.

29. Defendants admit in part the allegations in paragraph 29 of the Complaint regarding Turtle Mountains, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 29.

30. Defendants admit in part the allegations in paragraph 30 of the Complaint regarding Boulder Black Diamond, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 30.

31. Defendants admit in part the allegations in paragraph 31 of the Complaint regarding Mint House, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 31.

32. Defendants admit in part the allegations in paragraph 32 of the Complaint regarding Thunder Avenue, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 32.

33. Defendants admit in part the allegations in paragraph 33 of the Complaint regarding University & Folsom, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 33.

34. Defendants admit in part the allegations in paragraph 34 of the Complaint regarding Boulder Creak Internet Solutions, Inc's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 34.

35. Defendants admit in part the allegations in paragraph 35 of the Complaint regarding Walnut Street Marketing, Inc's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 35.

36. Defendants admit in part the allegations in paragraph 36 of the Complaint regarding Snow Sale, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 36.

37. Defendants admit in part the allegations in paragraph 37 of the Complaint regarding Brand Force, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 37.

38. Defendants admit in part the allegations in paragraph 38 of the Complaint regarding Wild Farms, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 38.

39. Defendants admit in part the allegations in paragraph 39 of the Complaint regarding Salamonie River, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 39.

40. Defendants admit in part the allegations in paragraph 40 of the Complaint regarding Indigo Systems, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 40.

41. Defendants admit in part the allegations in paragraph 41 of the Complaint regarding Night Watch Group, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 41.

42. Defendants admit in part the allegations in paragraph 42 of the Complaint regarding Newport Crossing, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 42.

43. Defendants admit in part the allegations in paragraph 43 of the Complaint regarding Greenville Creak, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 43.

44. Defendants admit in part the allegations in paragraph 44 of the Complaint regarding Brookville Lane, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 44.

45. Defendants admit in part the allegations in paragraph 45 of the Complaint regarding Anasazi Management Partners, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 45.

46. Defendants admit in part the allegations in paragraph 46 of the Complaint regarding Honey Lake, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 46.

47. Defendants admit in part the allegations in paragraph 47 of the Complaint regarding Condor Canyon, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 47.

48. Defendants admit in part the allegations in paragraph 48 of the Complaint regarding Brass Triangle, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 48.

49. Defendants admit in part the allegations in paragraph 49 of the Complaint regarding Solid Ice, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 49.

50. Defendants admit in part the allegations in paragraph 50 of the Complaint regarding Sandstone Beach, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 50.

51. Defendants admit in part the allegations in paragraph 51 of the Complaint regarding Desert Gecko, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 51.

52. Defendants admit in part the allegations in paragraph 52 of the Complaint regarding Blizzardwhite, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 52.

53. Defendants admit in part the allegations in paragraph 53 of the Complaint regarding Action Pro White, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 53.

54. Defendants admit in part the allegations in paragraph 54 of the Complaint regarding First Class Whitening, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 54.

55. Defendants admit in part the allegations in paragraph 55 of the Complaint regarding Spark Whitening, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 55.

56. Defendants admit in part the allegations in paragraph 56 of the Complaint regarding Titanwhite, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 56.

57. Defendants admit in part the allegations in paragraph 57 of the Complaint regarding Dental Pro At Home, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 57.

58. Defendants admit in part the allegations in paragraph 58 of the Complaint regarding Smile Pro Direct, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 58.

59. Defendants admit in part the allegations in paragraph 59 of the Complaint regarding Circle of Youth Skincare, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 59.

60. Defendants admit in part the allegations in paragraph 60 of the Complaint regarding DermaGlam, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 60.

61. Defendants admit in part the allegations in paragraph 61 of the Complaint regarding DermaGlam, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 61.

62. Defendants admit in part the allegations in paragraph 62 of the Complaint regarding Bellaathome, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 62.

63. Defendants admit in part the allegations in paragraph 63 of the Complaint regarding SkinnyIQ, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 63.

64. Defendants admit in part the allegations in paragraph 64 of the Complaint regarding Body Tropical, LLC's state of incorporation and address of its principal place of business. Defendants deny the rest of the allegations in paragraph 64.

65. Defendant Mr. McNea admits that he is a member of the Corporate Defendants as referenced in sentence 1 of paragraph 65. Defendant Mr. McNea admits that he is a founder of those referenced Defendants in sentence 2 of paragraph 65. Defendant Mr. McNea is without knowledge and information sufficient to form a belief as to the truth of the allegations in sentence 3 of paragraph 65. Defendant Mr. McNea denies allegations in sentence 4 of paragraph 65. Sentence 5 of paragraph 65 asserts a legal conclusion as to which no response is required.

66. Insofar as the allegations of paragraph 66 of the Complaint pertain to defendants other than these answering Defendants, Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.

67.     Insofar as the allegations of paragraph 67 of the Complaint pertain to defendants other than these answering Defendants, Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

### COMMON ENTERPRISE

68.     Defendants deny the allegations in paragraph 68 of the Complaint.

69.     Defendants deny the allegations in paragraph 69 of the Complaint.

70.     Defendants deny the allegations in paragraph 70 of the Complaint.

71.     Defendants deny the allegations in paragraph 71 of the Complaint.

72.     Defendants deny the allegations in paragraph 72 of the Complaint.

### COMMERCE

73.     Paragraph 73 of the Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 73.

### DEFENDANTS' BUSINESS ACTIVITIES

74.     With respect to paragraphs 74-103 of the Complaint, and in violation of Federal Rules of Civil Procedure Rule 8 and Rule 9(b), the Complaint lumps together all Defendants in each of the allegations made. As a result, Defendants are unable to properly respond to paragraphs 74-103, as Defendants are unable to differentiate which allegations refer to which specific Defendants. As a result, Defendants deny all allegations in these Paragraphs. In addition, with respect to the allegations mentioning websites and/or landing pages, Defendants are unable to properly respond, as the Complaint fails to specify which websites and/or landing pages they are referring to and which Defendant owns or operates the websites and landing pages. As a result, Defendants deny all allegations in these Paragraphs. With respect to paragraph 100, Defendants are unable to properly respond, as the Defendants are unable to speculate as to the consumers thought processes as alleged. To the extent a response is required, the Defendants deny the allegations in this paragraph.

## VIOLATIONS OF THE FTC ACT

75. Paragraph 104 of the Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 104.

76. Paragraph 105 of the Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 105.

### COUNT I

### Misrepresentation of the Price of Trial Offers

77. Defendants deny the allegations in paragraph 106 of the Complaint.

78. Defendants deny the allegations in paragraph 107 of the Complaint.

79. Paragraph 108 of the Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 108 of the Complaint.

### Violations of the Restore Online Shoppers' Confidence Act

80. Paragraph 109 of the Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 109.

81. Paragraph 110 of the Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 110.

82. Paragraph 111 of the Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 111.

83. Defendants deny the allegations in paragraph 112 of the Complaint.

84. Paragraph 113 of the Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 113.

### COUNT II

### Illegal Negative Option Marketing

85. Defendants deny the allegations in paragraph 114 and its subparts a-c.

86. Paragraph 115 of the Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 115 of the Complaint.

## CONSUMER INJURY

87. Defendants deny the allegations in paragraph 116 of the Complaint.

## THE COURT'S POWER TO GRANT RELIEF

88. Paragraph 117 of the Complaint asserts a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny that the FTC is entitled to the relief set forth in paragraph 117 of the Complaint.

## PRAYER FOR RELIEF

89. Defendants deny that the FTC is entitled to the relief set forth in the Prayer for Relief in paragraph 118 of the Complaint and its subparts A-C.

WHEREFORE, Defendants request:

(a) that the Complaint be dismissed with prejudice;

(b) that the FTC take nothing by the Complaint;

(c) that Defendants be awarded their costs, disbursement, attorneys' fees, and expenses incurred herein; and

(d) that Defendants be awarded such other and further relief as the Court may deem proper.

## AFFIRMATIVE AND OTHER DEFENSES

## FIRST DEFENSE

The Complaint fails to state claims upon which relief can be granted. The FTC has not demonstrated that Defendants' practices are false or have a tendency to deceive.

**SECOND DEFENSE**

All or some of the FTC's claims are barred because the alleged violations and damages sustained by consumers, if any, were caused by the acts or omission of third parties over whom Defendants have no control.

**THIRD DEFENSE**

Some or all of the claims asserted in the Complaint are moot to the extent that the challenged practices no longer occur. Cessation of the allegedly wrongful activities counsel against the imposition of an injunction.

**FOURTH DEFENSE**

The claims excerpted by the FTC in its Complaint include ones not material to the purchasing decisions of consumers.

**FIFTH DEFENSE**

The allegations in the Complaint are protected speech of the First Amendment to the United States Constitution, which places limits on remedies available to the FTC for violations of Section 5(a) of the FTC Act, 15 U.S.C. §45(a)

**SIXTH DEFENSE**

Any monetary relief should be offset by the benefit received by consumers, refunds paid to consumers, and costs associated with the sale of goods.

**SEVENTH DEFENSE**

Defendants have acted in good faith in all of their marketing practices. Defendants took affirmative steps to comply with the FTC Act and ROSCA.

**EIGHTH DEFENSE**

Defendant Mr. McNea is not individually liable for the acts and/or omissions set forth in the Complaint as he lacked the requisite, control, authority, or knowledge necessary to establish personal liability.

**NINTH DEFENSE**

At all relevant times, Defendants acted in good faith and in a lawful manner toward consumers and in conformity with all applicable laws and regulations.

### TENTH DEFENSE

Defendants are entitled to set-off, contribution, and/or indemnity should any damages be awarded against them, in the amount of the benefit received by consumers, refunds paid to consumers, the costs associated with the sale of services, and/or damages or settlements received by consumers with respect to the same alleged injuries giving rise to private causes of actions.

### ELEVENTH DEFENSE

Neither the Complaint nor the claims for relief alleged therein state a claim upon which civil monetary penalties can be granted against Defendants. The Federal Trade Commission relies upon the injunctive remedies available in §13(b) as the basis for imposing various kinds of monetary "equitable relief." However, the United States Supreme Court in *Kokesh v. SEC*, 137 S. Ct. 1635 (2017) unanimously held that disgorgement operates as a penalty. *Id.* at 1645. The FTC is not authorized to obtain civil monetary penalties under Section 13(b) of the FTC act, which speaks only of injunctive relief and, at most, implies authority of courts to order ancillary equitable relief. Disgorgement is not equitable, but rather punitive in nature.

### TWELFTH DEFENSE

Neither the Complaint nor the claims for relief alleged therein state a claim upon which joint and several liability can be imposed upon Defendants. The Complaint fails to allege sufficient facts to establish that the FTC has the authority to impose joint and several liability. Section 13(b) of the FTC act, which, at best, speaks only of injunctive relief and only authorizes ancillary equitable relief. Joint and several liability is a legal damages construct concerned with compensating a plaintiff for the total sums of its losses; by definition, it goes beyond mere return of unjust gains in a defendant's possession. Thus, joint and several liability is not equitable in nature.

### THIRTEENTH DEFENSE

The FTC's claims are barred, in whole or in part, by the applicable statute of limitations. The United States Supreme Court in *Kokesh v. SEC*, 137 S. Ct. 1635 (2017) unanimously held that disgorgement operates as a penalty and is therefore subject to the five-year limitations period. *Id.* at 1645.

## FOURTEENTH DEFENSE

Defendants reserve the right to amend, assert and/or adopt any additional and separate defenses based upon the discovery of additional facts ascertained through continuing and ongoing investigation and discovery.

Respectfully submitted this 13th day of December, 2017.

/s/*Eric W. Swanis*
ERIC W. SWANIS
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone:  702-792-3773
Facsimile:  702-792-9002
Email:  swanise@gtlaw.com

/s/*Claude C. Wild* III
CLAUDE C. WILD III
(*Admitted Pro Hac Vice*)
9247 Mornington Way
Lone Tree, CO 80124
Telephone:  303-916-9082
Email:  cwild@claudewildlaw.com
*Attorneys for Corporate Defendants and Blair McNea*

/s/*Giovanni M. Ruscitti*
GIOVANNI M. RUSCITTI
(*Admitted Pro Hac Vice*)
BERG HILL GREENLEAF RUSCITTI LLP
1712 Pearl Street
Boulder, Colorado 80302
Telephone:  303-402.1600
Facsimile:  303-402-1601
Email:  gmr@bhgrlaw.com

15

# CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2017, a true and correct copy of the foregoing **DEFENDANT BLAIR MCNEA'S AND SUBSCRIPTION COMPANY DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT** was filed and served via the United States District Court's ECF System to the persons listed below and served via Federal Express as indicated below:

Bart K Larsen    blarsen@klnevada.com, jierien@klnevada.com, mbarnes@klnevada.com, usdistrict@klnevada.com

Blaine T Welsh    Blaine.Welsh@usdoj.gov, CaseView.ECF@usdoj.gov, eunice.jones@usdoj.gov, sue.knight@usdoj.gov

Byron Z. Moldo    bmoldo@ecjlaw.com, tmelendez@ecjlaw.com

Eric D. Hone    ehone@dickinsonwright.com, bdonaldson@dickinsonwright.com, lstewart@dickinsonwright.com, LV_LitDocket@dickinsonwright.com

Gabriel A. Blumberg    gblumberg@dickinson-wright.com, bdonaldson@dickinsonwright.com, lstewart@dickinson-wright.com, LV_LitDocket@dickinsonwright.com

Peter Alan Davidson    pdavidson@ecjlaw.com, lmacdonald@ecjlaw.com

Richard B Newman    rnewman@hinchnewman.com

Sarah Waldrop    swaldrop@ftc.gov, rkim1@ftc.gov

**Via Federal Express:**
Sarah Waldrop
Michelle Schaefer
Mailstop CC-9528
600 Pennsylvania Avenue, NW
Washington, DC 20580
202.326.3444
202.326.3197 (fax)
swaldrop@ftc.gov
mschaefer@ftc.gov

**Via Federal Express:**
Rachel Hirsch
Ifrah Law PLLC
1717 Pennsylvania Ave., NW, Suite 650
Washington, DC 20006
202.524.4145

/s/ *Sandy L. Jackson*
An employee of Greenberg Traurig, LLP

16