# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION,
Plaintiff,

v.

REVMOUNTAIN, LLC, a Nevada limited
liability company,

ROADRUNNER B2C, LLC, also d/b/a
REVGO, a Nevada limited liability company,

WAVE ROCK, LLC, a Nevada limited
liability company,

JUNIPER SOLUTIONS, LLC, a Nevada
limited liability company,

JASPER WOODS, LLC, a Nevada limited
liability company,

WHEELER PEAK MARKETING, LLC, a
Nevada limited liability company,

ROIRUNNER, LLC, a Nevada limited
liability company,

CHERRY BLITZ, LLC, a Nevada limited
liability company,

FLAT IRON AVENUE, LLC, a Nevada
limited liability company,

ABSOLUTELY WORKING, LLC, a Nevada
limited liability company,

THREE LAKES, LLC, a Nevada limited
liability company,

BRIDGE FORD, LLC, a Nevada limited
liability company,

HOW AND WHY, LLC, a Nevada limited
liability company,

SPRUCE RIVER, LLC, a Nevada limited
liability company,

Case No: 17-cv-02000-APG-GWF

**STIPULATED PERMANENT
INJUNCTION AND OTHER
EQUITABLE RELIEF AS TO
DEFENDANT DANIELLE FOSS**

**ORDER**

(ECF No. 116-1)

| | |
|---|---|
| 1 | TRIMXT, LLC, a Nevada limited liability ) |
| 2 | company, ) |
| | ) |
| 3 | ELATION WHITE, LLC, a Nevada limited ) |
| | liability company, ) |
| 4 | ) |
| | IVORYPRO, LLC, a Nevada limited liability ) |
| 5 | company, ) |
| | ) |
| 6 | DOING WHAT'S POSSIBLE, LLC, a ) |
| | Nevada limited liability company, ) |
| 7 | ) |
| | REVGUARD, LLC, a Colorado limited ) |
| 8 | liability company, ) |
| | ) |
| 9 | REVLIVE!, LLC, a Colorado limited liability ) |
| | company, ) |
| 10 | ) |
| | BLUE ROCKET BRANDS, LLC, a ) |
| 11 | Colorado limited liability company, ) |
| | ) |
| 12 | CONVERTIS, LLC, a Colorado limited ) |
| | liability company, ) |
| 13 | ) |
| | CONVERTIS MARKETING, LLC, a ) |
| 14 | Colorado limited liability company, ) |
| | ) |
| 15 | TURTLE MOUNTAINS, LLC, a Colorado ) |
| | limited liability company, ) |
| 16 | ) |
| | BOULDER BLACK DIAMOND, LLC, a ) |
| 17 | Colorado limited liability company, ) |
| | ) |
| 18 | MINT HOUSE, LLC, a Colorado limited ) |
| | liability company, ) |
| 19 | ) |
| | THUNDER AVENUE, LLC, a Colorado ) |
| 20 | limited liability company, ) |
| | ) |
| 21 | UNIVERSITY & FOLSOM, LLC, a ) |
| | Colorado limited liability company, ) |
| 22 | ) |
| | BOULDER CREEK INTERNET ) |
| 23 | SOLUTIONS, INC., a Colorado corporation, ) |
| | ) |
| 24 | WALNUT STREET MARKETING, INC., a ) |
| | Colorado corporation, ) |
| 25 | ) |
| | SNOW SALE, LLC, a Colorado limited ) |
| 26 | liability company, ) |
| | ) |
| 27 | BRAND FORCE, LLC, a Colorado limited ) |
| 28 | |

liability company,

WILD FARMS, LLC, a Colorado limited
liability company,

SALAMONIE RIVER, LLC, an Indiana
limited liability company,

INDIGO SYSTEMS, LLC, an Indiana
limited liability company,

NIGHT WATCH GROUP, LLC, an Indiana
limited liability company,

NEWPORT CROSSING, LLC, an Indiana
limited liability company,

GREENVILLE CREEK, LLC, an Indiana
limited liability company,

BROOKVILLE LANE, LLC, an Indiana
limited liability company,

ANASAZI MANAGEMENT PARTNERS,
LLC, a Wyoming limited liability company,

HONEY LAKE, LLC, a Wyoming limited
liability company,

CONDOR CANYON, LLC, a Wyoming
limited liability company,

BRASS TRIANGLE, LLC, an Arizona
limited liability company,

SOLID ICE, LLC, an Arizona limited
liability company,

SANDSTONE BEACH, LLC, an Arizona
limited liability company,

DESERT GECKO, LLC, an Arizona limited
liability company,

BLIZZARDWHITE, LLC, an Arizona
limited liability company,

ACTION PRO WHITE, LLC, an Arizona
limited liability company,

FIRST CLASS WHITENING, LLC, an
Arizona limited liability company,

| | |
|---|---|
| 1 | SPARK WHITENING, LLC, an Arizona limited liability company, |
| 2 | |
| 3 | TITANWHITE, LLC, an Arizona limited liability company, |
| 4 | DENTAL PRO AT HOME, LLC, an Arizona limited liability company, |
| 5 | |
| 6 | SMILE PRO DIRECT, LLC, an Arizona limited liability company, |
| 7 | CIRCLE OF YOUTH SKINCARE, LLC, an Arizona limited liability company, |
| 8 | |
| 9 | DERMAGLAM, LLC, an Arizona limited liability company, |
| 10 | SEDONA BEAUTY SECRETS, LLC, an Arizona limited liability company, |
| 11 | |
| 12 | BELLAATHOME, LLC, an Arizona limited liability company, |
| 13 | SKINNYIQ, LLC, an Arizona limited liability company, |
| 14 | |
| 15 | BODY TROPICAL, LLC, an Arizona limited liability company, |
| 16 | BLAIR MCNEA, individually and as an officer of REVGUARD, LLC, |
| 17 | |
| 18 | DANIELLE FOSS, individually and as an officer of BLUE ROCKET BRANDS, LLC and CONVERTIS, LLC, |
| 19 | |
| 20 | and |
| 21 | JENNIFER JOHNSON, individually and as an officer of REVMOUNTAIN, LLC, |
| 22 | Defendants. |

Plaintiff, the Federal Trade Commission ("FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8403. The Commission and Defendant Danielle Foss

4

("Settling Defendant" or "Foss") stipulate to entry of this Stipulated Permanent Injunction and Other Equitable Relief ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

## FINDINGS OF FACT

A.     This Court has jurisdiction over this matter.

B.     The Complaint for Permanent Injunction and Other Equitable Relief alleges that Settling Defendant participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and Section 4 of ROSCA, 15 U.S.C. § 8403.

C.     Settling Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in in this Order.  Only for purposes of this action, Settling Defendant admits the facts necessary to establish jurisdiction.

D.     Settling Defendant waives any claim she may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear her own costs and attorney fees.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.     "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B.     "**Billing Information**" means any data that enables any person to access a customer's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

C.     "**Charge**," "**Charged**," or "**Charging**" means any attempt to collect money or other consideration from a consumer, including but not limited to causing Billing Information to be submitted for payment, including against the consumer's credit card, debit card, bank account, telephone bill, or other account.

D.    **"Clear(ly) and conspicuous(ly)"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

     1.    In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means;

     2.    A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood;

     3.    An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it;

     4.    In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable;

     5.    The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears;

     6.    The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications;

     7.    The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication; and

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

E. **"Corporate Defendants"** means RevMountain, LLC; RoadRunner B2C, LLC, d/b/a RevGo; Wave Rock, LLC; Juniper Solutions, LLC; Jasper Woods, LLC; Wheeler Peak Marketing, LLC; ROIRunner, LLC; Cherry Blitz, LLC; Flat Iron Avenue, LLC; Absolutely Working, LLC; Three Lakes, LLC; Bridge Ford, LLC; How and Why, LLC; Spruce River, LLC; TrimXT, LLC; Elation White, LLC; IvoryPro, LLC; Doing What's Possible, LLC; RevGuard, LLC; RevLive!, LLC; Blue Rocket Brands, LLC; Convertis, LLC; Convertis Marketing, LLC; Turtle Mountains, LLC; Boulder Black Diamond, LLC; Mint House, LLC; Thunder Avenue, LLC; University & Folsom, LLC; Boulder Creek Internet Solutions, Inc.; Walnut Street Marketing, Inc.; Snow Sale, LLC; Brand Force, LLC; Wild Farms, LLC; Salamonie River, LLC; Indigo Systems, LLC; Night Watch Group, LLC; Newport Crossing, LLC; Greenville Creek, LLC; Brookville Lane, LLC; Anasazi Management Partners, LLC; Honey Lake, LLC; Condor Canyon, LLC; Brass Triangle, LLC; Solid Ice, LLC; Sandstone Beach, LLC; Desert Gecko, LLC; Blizzardwhite, LLC; Action Pro White, LLC; First Class Whitening, LLC; Spark Whitening, LLC; Titanwhite, LLC; Dental Pro At Home, LLC; Smile Pro Direct, LLC; Circle of Youth Skincare, LLC; DermaGlam, LLC; Sedona Beauty Secrets, LLC; Bellaathome, LLC; SkinnyIQ, LLC; Body Tropical, LLC; and each of their subsidiaries, affiliates, successors, and assigns.

F. **"Defendant(s)"** means Corporate Defendants, Blair McNea, Danielle Foss, and Jennifer Johnson, individually, collectively, or in any combination.

G. **"Settling Defendant"** means Defendant Danielle Foss.

H. **"Negative Option Feature"** means, in an offer or agreement to sell or provide any good or service, a provision under which the consumer's silence or failure to take affirmative action to reject a good or service or to cancel the agreement is interpreted by the seller or provider as acceptance or continuing acceptance of the offer.

7

1  I.    **"Telemarketing"** means any plan, program, or campaign which is conducted to
2  induce the purchase of any product, service, plan, or program by use of one or more telephones,
3  and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule, 16
4  C.F.R. Part 310.

5  ## ORDER

6  ### I.    PROHIBITION AGAINST MISREPRESENTATIONS

7  **IT IS THEREFORE ORDERED** that Settling Defendant, her officers, agents,
8  employees, and attorneys, and all other persons in active concert or participation with any of
9  them, who receive actual notice of this Order, whether acting directly or indirectly, in connection
10 with promoting or offering for sale any good or service, are permanently restrained and enjoined
11 from misrepresenting or assisting others in misrepresenting, expressly or by implication:

12    A.    Any cost to the consumer to purchase, receive, use, or return the initial good or
13 service;

14    B.    That the consumer will not be Charged for any good or service;

15    C.    That a good or service is offered on a "free," "risk free," "trial," "sample,"
16 "bonus," "gift," "no obligation," or "discounted" basis, or words of similar import, denoting or
17 implying the absence of an obligation on the part of the recipient of the offer to affirmatively act
18 in order to avoid Charges, including where a Charge will be assessed pursuant to the offer unless
19 the consumer takes affirmative steps to prevent or stop such a Charge;

20    D.    That the consumer can obtain a good or service for a processing, service,
21 shipping, handling, or administrative fee with no further obligation;

22    E.    The purpose(s) for which the consumer's Billing Information will be used;

23    F.    The date by which the consumer will incur any obligation or be Charged unless
24 the consumer takes an affirmative action on the Negative Option Feature;

25    G.    That a transaction has been authorized by the consumer;

26    H.    The number of transactions that will be completed or the number of products that
27 will be purchased;

28

I.     Any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the good or service; or

J.     Any other material fact.

Compliance with this Section is separate from, and in addition to, the disclosures required by Sections II and III, *infra*.

**II.    REQUIRED DISCLOSURES RELATING TO NEGATIVE OPTION FEATURES**

**IT IS FURTHER ORDERED** that Settling Defendant, her officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from:

A.     Representing directly or indirectly, expressly or by implication, that any good or service that includes a Negative Option Feature is being offered on a free, trial, no obligation, reduced, or discounted basis, without disclosing Clearly and Conspicuously, and immediately adjacent to, any such representation:

1.     The extent to which the consumer must take affirmative action(s) to avoid any Charges:  a) for the offered good or service, b) of an increased amount after the trial or promotional period ends, and c) on a recurring basis;

2.     The total cost (or range of costs) the consumer will be Charged and, if applicable, the frequency of such Charges unless the consumer timely takes steps to prevent or stop such Charges; and

3.     The deadline(s) (by date or frequency) by which the consumer must affirmatively act in order to stop all recurring Charges.

B.     Obtaining Billing Information from a consumer for any transaction involving a good or service that includes a Negative Option Feature, without first disclosing Clearly and Conspicuously, and immediately adjacent to where a consumer provides Billing Information:

1          1.     The extent to which the consumer must take affirmative action(s) to avoid

any Charges: a) for the offered good or service, b) of an increased amount after the trial

or promotional period ends, and c) on a recurring basis;

          2.     The total cost (or range of costs) the consumer will be Charged, the date

the initial Charge will be submitted for payment, and, if applicable, the frequency of such

Charges unless the consumer timely takes affirmative steps to prevent or stop such

Charges;

          3.     The deadline(s) (by date or frequency) by which the consumer must

affirmatively act in order to stop all recurring Charges;

          4.     The name of the seller or provider of the good or service and, if the name

of the seller or provider will not appear on billing statements, the billing descriptor that

will appear on such statements;

          5.     A description of the good or service;

          6.     Any Charge or cost for which the consumer is responsible in connection

with the cancellation of an order or the return of a good;

          7.     The simple cancellation mechanism to stop any recurring Charges, as

required by Section IV.

C.     Failing to send the consumer:

          1.     Immediately after the consumer's submission of an online order, written

confirmation of the transaction by email. The email must Clearly and Conspicuously

disclose all the information required by Subsection II.B, and contain a subject line

reading "Order Confirmation" along with the name of the product or service, and no

additional information; or

          2.     Within two (2) days after receipt of the consumer's order by mail or

telephone, a written confirmation of the transaction, either by email or first class mail.

The email or letter must Clearly and Conspicuously disclose all the information required

by Subsection II.B. The subject line of the email must Clearly and Conspicuously state

"Order Confirmation" along with the name of the product or service, and nothing else. The outside of the envelope must Clearly and Conspicuously state "Order Confirmation" along with the name of the product or service, and no additional information other than the consumer's address, the seller's return address, and postage.

## III.    OBTAINING EXPRESS INFORMED CONSENT

**IT IS FURTHER ORDERED** that Settling Defendant, her officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from using Billing Information to obtain payment from a consumer, unless Settling Defendant first obtains the express informed consent of the consumer to do so. To obtain express informed consent, Settling Defendant must:

A.      For all written offers (including over the Internet or other web-based applications or services), obtain consent through a check box, signature, or other substantially similar method, which the consumer must affirmatively select or sign to accept the Negative Option Feature, and no other portion of the offer. Settling Defendant shall disclose Clearly and Conspicuously, and immediately adjacent to such check box, signature, or substantially similar method of affirmative consent, only the following, with no additional information:

1.      The extent to which the consumer must take affirmative action(s) to avoid any Charges: a) for the offered good or service, b) of an increased amount after the trial or promotional period ends, and c) on a recurring basis;

2.      The total cost (or range of costs) the consumer will be Charged and, if applicable, the frequency of such Charges unless the consumer timely takes affirmative steps to prevent or stop such Charges; and

3.      The deadline(s) (by date or frequency) by which the consumer must affirmatively act in order to stop all recurring Charges.

B.      For all oral offers, prior to obtaining any Billing Information from the consumer:

1.      Clearly and Conspicuously disclose the information contained in Subsection II.B; and

2.      Obtain affirmative unambiguous express oral confirmation that the consumer: a) consents to being Charged for any good or service, including providing, at a minimum, the last four (4) digits of the consumer's account number to be Charged, b) understands that the transaction includes a Negative Option Feature, and c) understands the specific affirmative steps the consumer must take to prevent or stop further Charges.

For transactions conducted through Telemarketing, Settling Defendant shall maintain for three (3) years from the date of each transaction an unedited voice recording of the entire transaction, including the prescribed statements set out in Subsection III.B. Each recording must be retrievable by date and by the consumer's name, telephone number, or Billing Information, and must be provided upon request to the consumer, the consumer's bank, or any law enforcement entity.

## IV.    SIMPLE MECHANISM TO CANCEL NEGATIVE OPTION FEATURE

**IT IS FURTHER ORDERED** that Settling Defendant, her officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from failing to provide a simple mechanism for the consumer to: (1) avoid being Charged, or Charged an increased amount, for the good or service, and (2) immediately stop any recurring Charges. Such mechanism must not be difficult, costly, confusing, or time consuming, and must be at least as simple as the mechanism the consumer used to initiate the Charge(s). In addition:

A.      For consumers who entered into the agreement to purchase a good or service including a Negative Option Feature over the Internet or through other web-based applications or services, Settling Defendant must provide a mechanism, accessible over the Internet or through

such other web-based application or service that consumers can easily use to cancel the product or service and to immediately stop all further Charges.

B.     For consumers who entered into the agreement to purchase a good or service including a Negative Option Feature through an oral offer and acceptance, Settling Defendant must maintain a telephone number and a postal address that consumers can easily use to cancel the product or service and to immediately stop all further Charges. Settling Defendant must assure that all calls to this telephone number shall be answered during normal business hours and that mail to the postal address is retrieved regularly.

## V.     MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A.     Judgment in the amount of Ninety Two Million Eleven Thousand Six Hundred and One Dollars and Forty-Two Cents ($92,011,601.42) is entered in favor of the Commission against Settling Defendant, jointly and severally, as equitable monetary relief. Upon transfer of the assets set forth in Subsections B and C, the remainder of the judgment is suspended, subject to the Subsections below.

B.     Within seven (7) days after entry of this Order, Settling Defendant is ordered to pay to the Commission, by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission the following assets:

   1.     Settling Defendant must transfer to the Commission all funds in Account Number ending in 0014 at Blue Federal Credit Union in the name of Danielle C. Foss; and

   2.     Settling Defendant must wire the sum of Thirty Thousand Four Hundred and Ninety Two Dollars and Twenty Nine Cents ($30,492.29), which her counsel holds in escrow for no purpose other than payment to the Commission.

C.     Settling Defendant grants to the Commission all rights and claims she has to any assets currently in the possession, custody or control of the Receiver, and to any other Assets of any Corporate Defendant.

D.     The Commission's agreement to the suspension of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Settling Defendant's sworn financial statements and related documents (collectively, "financial representations) submitted to the Commission, namely, the Financial Statement of Individual Defendant Danielle Foss signed on July 31, 2017, including attachments.

E.     The suspension of the judgment will be lifted as to Settling Defendant if, upon motion by the Commission, the Court finds that Settling Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

F.     If the suspension of the judgment is lifted, the judgment becomes immediately due as to Settling Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, or by any other Defendant in this action, in satisfaction of a monetary judgment, plus interest computed from the date of entry of this Order.

## VI.     ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.     Settling Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.    Settling Defendant acknowledges that her Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Settling Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E.    All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Settling Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VII.    LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze against the assets of Settling Defendant pursuant to the July 25, 2017 Temporary Restraining Order [ECF No. 16], the August 3, 2017 Order to Extend the Temporary  Restraining Order and Continue Preliminary Injunction Hearing and Response Deadlines [ECF No. 18], and the September 7, 2017 Stipulated Preliminary Injunction with Asset Freeze and Other Equitable Relief [ECF No. 59] shall be lifted for the sole purpose of transferring assets pursuant to this Order, and shall be dissolved upon the transfer of all such assets.

## VIII.    CUSTOMER INFORMATION

**IT IS THEREFORE ORDERED** that Settling Defendant, her officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.    Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Settling Defendant must provide it, in the form prescribed by the Commission, within 14 days;

B.    Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with online transactions promoting or offering for sale any good or service with a Negative Option Feature; and

C.    Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

## IX.    COOPERATION

**IT IS FURTHER ORDERED** that Settling Defendant must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Settling Defendant must provide truthful and complete information, evidence, and testimony.  Settling Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## X.    ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Settling Defendant obtain acknowledgments of receipt of this Order:

A.    Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Settling Defendant for any business that she, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Settling Defendant delivered a copy of this Order, Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XI.    COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Settling Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Settling Defendant must submit a compliance report, sworn under penalty of perjury. Settling Defendant must:

1. identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences;

2. identify all business activities, including any business for which Settling Defendant performs services whether as an employee or otherwise and any entity in which Settling Defendant has any ownership interest;

3. describe in detail Settling Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

4. identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Settling Defendant;

5.     identify all of Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

6.     describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Settling Defendant must describe if she knows or should know due to her own involvement);

7.     describe in detail whether and how Settling Defendant is in compliance with each Section of this Order; and

8.     provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.     For 10 years after entry of this Order, Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.     name, including aliases or fictitious names, or residence address;

2.     title or role in any business activity, including any business for which Settling Defendant performs services whether as an employee or otherwise and any entity in which Settling Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity;

3.     any designated point of contact; or

4.     the structure of any entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.     Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.  The subject line must begin:  FTC v. Danielle Foss, X170048.

## XII.     RECORDKEEPING

**IT IS FURTHER ORDERED** that Settling Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years.  Specifically, Settling Defendant for any business that she, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.     accounting records showing the revenues from all goods or services sold;

B.     personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.     records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.     all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.     a copy of each unique advertisement or other marketing material.

## XIII.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling Defendant's compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.     Within 14 days of receipt of a written request from a representative of the Commission, Settling Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission is authorized to communicate directly with Settling Defendant.  Settling Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Settling Defendant or any individual or entity affiliated with Settling Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Settling Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## XIV.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED.**

SO STIPULATED

4/10/2018

UNITED STATES DISTRICT JUDGE

20

FOR THE PLAINTIFF FEDERAL TRADE COMMISSION:

_____
SARAH WALDROP
MICHELLE SCHAEFER
600 Pennsylvania Avenue, NW CC-9528
Washington, DC 20580
Tel. 202-326-3444, -3515
swaldrop@ftc.gov, mschaefer@ftc.gov

FOR DEFENDANT DANIELLE FOSS:

_____
RACHEL HIRSCH
Ifrah Law PLLC
1717 Pennsylvania Ave. NW, Suite 650
Washington, DC 20006
Tel. 202-524-4145
rhirsch@ifrahlaw.com


DEFENDANT DANIELLE FOSS

_____
DANIELLE FOSS








IT IS SO ORDERED:


_____
UNITED STATES DISTRICT JUDGE

DATED:_____

21