# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff, | Case No: 17-cv-02000-APG-GWF |
| v. | |
| REVMOUNTAIN, LLC, a Nevada limited liability company, | **STIPULATED PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANT BLAIR MCNEA AND ALL CORPORATE DEFENDANTS** |
| ROADRUNNER B2C, LLC, also d/b/a REVGO, a Nevada limited liability company, | |
| WAVE ROCK, LLC, a Nevada limited liability company, | **ORDER** |
| JUNIPER SOLUTIONS, LLC, a Nevada limited liability company, | |
| JASPER WOODS, LLC, a Nevada limited liability company, | **(ECF No. 116-3)** |
| WHEELER PEAK MARKETING, LLC, a Nevada limited liability company, | |
| ROIRUNNER, LLC, a Nevada limited liability company, | |
| CHERRY BLITZ, LLC, a Nevada limited liability company, | |
| FLAT IRON AVENUE, LLC, a Nevada limited liability company, | |
| ABSOLUTELY WORKING, LLC, a Nevada limited liability company, | |
| THREE LAKES, LLC, a Nevada limited liability company, | |
| BRIDGE FORD, LLC, a Nevada limited liability company, | |
| HOW AND WHY, LLC, a Nevada limited liability company, | |
| SPRUCE RIVER, LLC, a Nevada limited liability company, | |

1

| | |
|---|---|
| TRIMXT, LLC, a Nevada limited liability company, | ) ) ) |
| ELATION WHITE, LLC, a Nevada limited liability company, | ) ) ) |
| IVORYPRO, LLC, a Nevada limited liability company, | ) ) ) |
| DOING WHAT'S POSSIBLE, LLC, a Nevada limited liability company, | ) ) ) |
| REVGUARD, LLC, a Colorado limited liability company, | ) ) ) |
| REVLIVE!, LLC, a Colorado limited liability company, | ) ) ) |
| BLUE ROCKET BRANDS, LLC, a Colorado limited liability company, | ) ) ) |
| CONVERTIS, LLC, a Colorado limited liability company, | ) ) ) |
| CONVERTIS MARKETING, LLC, a Colorado limited liability company, | ) ) ) |
| TURTLE MOUNTAINS, LLC, a Colorado limited liability company, | ) ) ) |
| BOULDER BLACK DIAMOND, LLC, a Colorado limited liability company, | ) ) ) |
| MINT HOUSE, LLC, a Colorado limited liability company, | ) ) ) |
| THUNDER AVENUE, LLC, a Colorado limited liability company, | ) ) ) |
| UNIVERSITY & FOLSOM, LLC, a Colorado limited liability company, | ) ) ) |
| BOULDER CREEK INTERNET SOLUTIONS, INC., a Colorado corporation, | ) ) ) |
| WALNUT STREET MARKETING, INC., a Colorado corporation, | ) ) ) |
| SNOW SALE, LLC, a Colorado limited liability company, | ) ) ) |
| BRAND FORCE, LLC, a Colorado limited | ) |

| | |
|---|---|
| 1 | liability company, )
| 2 | WILD FARMS, LLC, a Colorado limited )
| | liability company, )
| 3 | )
| | SALAMONIE RIVER, LLC, an Indiana )
| 4 | limited liability company, )
| 5 | INDIGO SYSTEMS, LLC, an Indiana )
| | limited liability company, )
| 6 | )
| | NIGHT WATCH GROUP, LLC, an Indiana )
| 7 | limited liability company, )
| 8 | NEWPORT CROSSING, LLC, an Indiana )
| | limited liability company, )
| 9 | )
| | GREENVILLE CREEK, LLC, an Indiana )
| 10 | limited liability company, )
| 11 | BROOKVILLE LANE, LLC, an Indiana )
| | limited liability company, )
| 12 | )
| | ANASAZI MANAGEMENT PARTNERS, )
| 13 | LLC, a Wyoming limited liability company, )
| 14 | HONEY LAKE, LLC, a Wyoming limited )
| | liability company, )
| 15 | )
| | CONDOR CANYON, LLC, a Wyoming )
| 16 | limited liability company, )
| 17 | BRASS TRIANGLE, LLC, an Arizona )
| | limited liability company, )
| 18 | )
| | SOLID ICE, LLC, an Arizona limited )
| 19 | liability company, )
| 20 | SANDSTONE BEACH, LLC, an Arizona )
| | limited liability company, )
| 21 | )
| | DESERT GECKO, LLC, an Arizona limited )
| 22 | liability company, )
| 23 | BLIZZARDWHITE, LLC, an Arizona )
| | limited liability company, )
| 24 | )
| | ACTION PRO WHITE, LLC, an Arizona )
| 25 | limited liability company, )
| 26 | FIRST CLASS WHITENING, LLC, an )
| | Arizona limited liability company, )
| 27 | )
| 28 | |

| | |
|---|---|
| 1 | SPARK WHITENING, LLC, an Arizona limited liability company, |
| 2 | |
| 3 | TITANWHITE, LLC, an Arizona limited liability company, |
| 4 | DENTAL PRO AT HOME, LLC, an Arizona limited liability company, |
| 5 | |
| 6 | SMILE PRO DIRECT, LLC, an Arizona limited liability company, |
| 7 | CIRCLE OF YOUTH SKINCARE, LLC, an Arizona limited liability company, |
| 8 | |
| 9 | DERMAGLAM, LLC, an Arizona limited liability company, |
| 10 | SEDONA BEAUTY SECRETS, LLC, an Arizona limited liability company, |
| 11 | |
| 12 | BELLAATHOME, LLC, an Arizona limited liability company, |
| 13 | SKINNYIQ, LLC, an Arizona limited liability company, |
| 14 | |
| 15 | BODY TROPICAL, LLC, an Arizona limited liability company, |
| 16 | BLAIR MCNEA, individually and as an officer of REVGUARD, LLC, |
| 17 | |
| 18 | DANIELLE FOSS, individually and as an officer of BLUE ROCKET BRANDS, LLC and CONVERTIS, LLC, |
| 19 | and |
| 20 | |
| 21 | JENNIFER JOHNSON, individually and as an officer of REVMOUNTAIN, LLC, |
| 22 | Defendants. |

(All the above with closing `)` parenthesis marks.)

Plaintiff, the Federal Trade Commission ("FTC"), filed its Complaint for Permanent

Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade

Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 5 of the Restore Online Shoppers'

Confidence Act ("ROSCA"), 15 U.S.C. § 8403. The Commission and Defendants Blair McNea and Corporate Defendants ("Settling Defendants") stipulate to entry of this Stipulated Permanent Injunction and Other Equitable Relief ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

## FINDINGS OF FACT

A.    This Court has jurisdiction over this matter.

B.    The Complaint for Permanent Injunction and Other Equitable Relief charges that Settling Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and Section 4 of ROSCA, 15 U.S.C. § 8403.

C.    Settling Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in in this Order. Only for purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

D.    Settling Defendants waive any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.    **"Asset"** means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B.    **"Billing Information"** means any data that enables any person to access a customer's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

C.    **"Charge," "Charged,"** or **"Charging"** means any attempt to collect money or other consideration from a consumer, including but not limited to causing Billing Information to be submitted for payment, including against the consumer's credit card, debit card, bank account, telephone bill, or other account.

D.   **"Clear(ly) and Conspicuous(ly)"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.   In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means;

2.   A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood;

3.   An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it;

4.   In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable;

5.   The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears;

6.   The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications;

7.   The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication; and

8.  When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

E.  **"Client"** means any business entity, individual, or individuals to whom any Settling Defendant provides services, who promotes or offers for sale any good or service with a Negative Option Feature.

F.  **"Corporate Defendants"** or **"Receivership Defendants"** mean RevMountain, LLC; RoadRunner B2C, LLC, d/b/a RevGo; Wave Rock, LLC; Juniper Solutions, LLC; Jasper Woods, LLC; Wheeler Peak Marketing, LLC; ROIRunner, LLC; Cherry Blitz, LLC; Flat Iron Avenue, LLC; Absolutely Working, LLC; Three Lakes, LLC; Bridge Ford, LLC; How and Why, LLC; Spruce River, LLC; TrimXT, LLC; Elation White, LLC; IvoryPro, LLC; Doing What's Possible, LLC; RevGuard, LLC; RevLive!, LLC; Blue Rocket Brands, LLC; Convertis, LLC; Convertis Marketing, LLC; Turtle Mountains, LLC; Boulder Black Diamond, LLC; Mint House, LLC; Thunder Avenue, LLC; University & Folsom, LLC; Boulder Creek Internet Solutions, Inc.; Walnut Street Marketing, Inc.; Snow Sale, LLC; Brand Force, LLC; Wild Farms, LLC; Salamonie River, LLC; Indigo Systems, LLC; Night Watch Group, LLC; Newport Crossing, LLC; Greenville Creek, LLC; Brookville Lane, LLC; Anasazi Management Partners, LLC; Honey Lake, LLC; Condor Canyon, LLC; Brass Triangle, LLC; Solid Ice, LLC; Sandstone Beach, LLC; Desert Gecko, LLC; Blizzardwhite, LLC; Action Pro White, LLC; First Class Whitening, LLC; Spark Whitening, LLC; Titanwhite, LLC; Dental Pro At Home, LLC; Smile Pro Direct, LLC; Circle of Youth Skincare, LLC; DermaGlam, LLC; Sedona Beauty Secrets, LLC; Bellaathome, LLC; SkinnyIQ, LLC; Body Tropical, LLC; and each of their subsidiaries, affiliates, successors, and assigns.

G.  **"Defendant(s)"** means Corporate Defendants, Blair McNea, Danielle Foss, and Jennifer Johnson, individually, collectively, or in any combination.

H.  **"Individual Defendant"** means Blair McNea and his officers, agents, employees, and attorneys.

I. **"Negative Option Feature"** means, in an offer or agreement to sell or provide any good or service, a provision under which the consumer's silence or failure to take affirmative action to reject a good or service or to cancel the agreement is interpreted by the seller or provider as acceptance or continuing acceptance of the offer.

J. **"Receiver"** means the Receiver appointed in Section VIII of the Preliminary Injunction with Asset Freeze, Appointment of a Receiver, and Other Equitable Relief as to Defendants Blair McNea, Jennifer Johnson, and Entity Defendants (ECF No. 56) and any deputy receivers or agents that shall be named by the Receiver.

K. **"Settling Defendants"** means Blair McNea and the Corporate Defendants.

## ORDER

## I. BAN RELATING TO NEGATIVE OPTION FEATURES

**IT IS THEREFORE ORDERED** that Settling Defendants, whether acting directly or through an intermediary, are permanently restrained and enjoined from promoting or offering for sale any good or service with a Negative Option Feature.

## II. BAN ON ASSISTING OTHERS WHO ENGAGE IN DECEPTIVE NEGATIVE OPTION MARKETING

**IT IS FURTHER ORDERED** that Settling Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from providing services to any Client or prospective Client who they know or should have known is engaged in a deceptive or unfair act or practice related to negative option marketing, which is prohibited by Section 5 of the FTC Act or by the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8403 (collectively, "Illegal Negative Option Marketing"), including, but not limited to:

A. Misrepresenting any material term of a transaction, including but not limited to the total cost of any good or service and the need to cancel to avoid recurring charges;

B. Failing to disclose, Clearly and Conspicuously, all material terms of a transaction involving a Negative Option Feature prior to obtaining consumers' billing information;

C. Failing to obtain a consumer's express informed consent before making any charges to the consumer's credit card, debit card, bank account, or other financial account; and

D. Failing to provide simple mechanisms for a consumer to stop recurring charges from being placed on the consumer's credit card, debit card, bank account, or other financial account.

Settling Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, must take all reasonable steps to: (a) screen prospective Clients and (b) regularly monitor Clients to determine whether the prospective Client or Client is likely to engage in, or is engaged in, Illegal Negative Option Marketing.

## III. PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS FURTHER ORDERED** that Settling Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A. Any cost to the consumer to purchase, receive, use, or return the initial good or service;

B. That the consumer will not be Charged for any good or service;

C. That the consumer can obtain a good or service for a processing, service, shipping, handling, or administrative fee with no further obligation;

D. The purpose(s) for which the consumer's Billing Information will be used;

E. That a transaction has been authorized by the consumer;

F. The number of transactions that will be completed or the number of products that will be purchased;

9

G.  Any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the good or service; or

H.  Any other material fact.

## IV.  MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A.  Judgment in the amount of Ninety Two Million Eleven Thousand Six Hundred and One Dollars and Forty-Two Cents ($92,011,601.42) is entered in favor of the Commission against Settling Defendants, jointly and severally, as equitable monetary relief.  Upon transfer of the Assets set forth in Subsections B, C, D, E, F, G, and H, the remainder of the judgment is suspended, subject to the Subsections below.

B.  Within seven (7) days after entry of this Order, Individual Defendant Blair McNea is ordered to pay to the Commission, by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission, the following Assets:

1.  Individual Defendant must transfer to the Commission all funds in Account Number ending in 2179 at FirstBank in the name of Blair McNea;

2.  Individual Defendant must transfer to the Commission all funds in Account Numbers ending in 0000 and 0040 at Elevations Credit Union in the name of Blair McNea; and

3.  Individual Defendant must transfer to the Commission the sum of Two Thousand Seven Hundred Fifteen ($2,715), which his counsel holds in escrow for no purpose other than payment to the Commission.

4.  Individual Defendant must transfer to the Commission the sum of $906.17 held in Account Number ending in 8650 at FirstBank in the name of Blair McNea.

C.  Within seven (7) days after entry of this Order, Shareholder Service Group, its parent corporations, subsidiaries, affiliates, principals, and agents ("Shareholder Service Group"), shall take all steps necessary, including selling any shares of stocks, mutual funds, bonds, or cash alternatives, to reduce to cash all Assets held in Shareholder Service Group

Account Number ending in 4791 in the name of, or for the benefit of, Blair McNea and Rachael McNea, and then transfer that cash, net of margin account debt, to the Commission by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

D.    Within seven (7) days after entry of this Order, Northwestern Mutual Life Insurance Company, its parent corporations, subsidiaries, affiliates, principals, and agents shall cancel the life insurance policy ending in 2815 and held in the name of, or for the benefit of, Blair McNea, and transfer to the Commission, by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission, the cash surrender value of the life insurance policy.

E.    Within seven (7) days of entry of this Order, Individual Defendant Blair McNea shall take all steps necessary to transfer possession, custody, and control of the following Assets to the Receiver:

1.    Individual Defendant's rights and interests in The Grid, Inc., Tubular Labs, Inc., and Seek Capital, Inc., identified in his August 3, 2017 Financial Statement of Individual Defendant, including attachments;

2.    Individual Defendant's 2011 BMW X6M with a Colorado license plate of QCY-561 identified in his August 3, 2017 Financial Statement of Individual Defendant including attachments;

3.    Individual Defendant's 2007 Reinell Boat identified in his August 3, 2017 Financial Statement of Individual Defendant, including attachments;

4.    Individual Defendant's painting titled "Black Roses Painting" identified in his August 3, 2017 Financial Statement of Individual Defendant, including attachments; and

5.    Individual Defendant's Blair McNea's wine collection identified in his August 3, 2017 Financial Statement of Individual Defendant, including attachments.

F.      Within seven (7) days of entry of this Order, Settling Defendants shall take all steps necessary to transfer possession, custody, and control of their rights and interests in Patent 9,378,505 B2 to the Receiver.

G.      Real Property:

1.      Within seven (7) days of entry of this Order, Individual Defendant Blair McNea is ordered to cooperate fully with the Receiver and take such steps as the Receiver may require, including executing any documents and providing any information, to transfer to the Receiver possession and legal and equitable title to the real property located at 6331 Snowberry Lane, Niwot, Colorado 80503 in the name of the 6331 Snowberry Lane Living Trust, whose beneficiaries are Blair McNea and Rachael McNea ("Property"). Until title and possession are transferred, Individual Defendant Blair McNea shall maintain and take no action to diminish the value of the Property, including any structures, fixtures, and appurtenances thereto. Unless otherwise agreed to in writing by the Receiver, Individual Defendant Blair McNea and all others currently residing at the Property (including Rachael McNea, who has given written consent for the transfer of the Property) shall vacate the Property in "broom clean condition," and deliver all keys and security codes, if any, along with written notice that possession is surrendered. *Provided, however*, that Defendant McNea may use and occupy the Property at the sole discretion of, and in accordance with terms set by, the Receiver, which shall not unduly interfere with the Receiver's sale of the Property.

2.      The costs and expenses of transferring possession and conveying title to the Property shall be paid from the receivership estate. Following transfer of title and possession, the receivership estate shall be responsible for all mortgage payments, maintenance, utilities, taxes, homeowner's association fees, and all other expenses related to the Property, unless agreed otherwise by the Receiver and Defendant McNea.

3.      The Receiver shall sell the Property for fair market value. After the sale of the Property and payment or reimbursement of related expenses, the Receiver shall

transfer to Individual Defendant Blair McNea Thirty-Two Thousand Three Hundred Sixty-Seven Dollars ($32,367.00) of the net proceeds and one-half of the net proceeds that remain after deducting the $32,367.00, representing the share of Rachael McNea.

H.      Settling Defendants grant to the Commission all rights and claims they have to any of the receivership's Assets.

I.      The Commission's agreement to the suspension of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Settling Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1.      Blair McNea's August 3, 2017 sworn Financial Statement of Individual Defendant, including attachments;

2.      Absolutely Working, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

3.      Action Pro White, LLC's (also identified as "Action Pro Whitening" in Financial Disclosure) October 18, 2017 sworn Corporate Financial Disclosure Form, including attachments;

4.      Anasazi Management Partners, LLC's August 9, 2017 sworn Corporate Financial Disclosure Form, including attachments;

5.      BellaAtHome, LLC's October 18, 2017 sworn Corporate Financial Disclosure Form, including attachments;

6.      Blizzardwhite, LLC's October 18, 2017 sworn Corporate Financial Disclosure Form, including attachments;

7.      Blue Rocket Brands, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

8.      Body Tropical, LLC's August 18, 2017 sworn Corporate Financial Disclosure Form, including attachments;

9. Boulder Black Diamond, LLC's August 8, 2017 sworn Corporate Financial Disclosure Form, including attachments;

10. Boulder Creek Internet Solutions, Inc.'s August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

11. Brand Force, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

12. Brass Triangle, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

13. Bridge Ford, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

14. Brookville Lane, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

15. Cherry Blitz, LLC's August 11, 2017 sworn Corporate Financial Disclosure Form, including attachments;

16. Circle of Youth Skincare, LLC's October 18, 2017 sworn Corporate Financial Disclosure Form, including attachments;

17. Condor Canyon, LLC's August 10, 2017 sworn Corporate Financial Disclosure Form, including attachments;

18. Convertis, LLC's October 18, 2017 sworn Corporate Financial Disclosure Form, including attachments;

19. Convertis Marketing, LLC's August 9, 2017 sworn Corporate Financial Disclosure Form, including attachments;

20. Dental Pro At Home, LLC's October 18, 2017 sworn Corporate Financial Disclosure Form, including attachments;

21. Dermaglam, LLC's October 18, 2017 sworn Corporate Financial Disclosure Form, including attachments;

14

22. Desert Gecko, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

23. Doing What's Possible, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

24. Elations White, LLC's October 18, 2017 sworn Corporate Financial Disclosure Form, including attachments;

25. First Class Whitening, LLC's October 18, 2017 sworn Corporate Financial Disclosure Form, including attachments;

26. Flat Iron Avenue, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

27. Greenville Creek, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

28. Honey Lake, LLC's August 10, 2017 sworn Corporate Financial Disclosure Form, including attachments;

29. How And Why, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

30. Indigo Systems, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

31. IvoryPro, LLC's October 18, 2017 sworn Corporate Financial Disclosure Form, including attachments;

32. Jasper Woods, LLC's October 18, 2017 sworn Corporate Financial Disclosure Form, including attachments;

33. Juniper Solutions, LLC's August 9, 2017 sworn Corporate Financial Disclosure Form, including attachments;

34. Mint House, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

35.     Newport Crossing, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

36.     Night Watch Group, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

37.     Roadrunner B2C, LLC's (also d/b/a Revgo) August 7, 2017 sworn Corporate Financial Disclosure Form, including attachments;

38.     RevGuard, LLC's August 7, 2017 sworn Corporate Financial Disclosure Form, including attachments;

39.     RevLive, LLC's August 7, 2017 sworn Corporate Financial Disclosure Form, including attachments;

40.     RevMountain, LLC's August 9, 2017 sworn Corporate Financial Disclosure Form, including attachments;

41.     ROIRunner, LLC's August 10, 2017 sworn Corporate Financial Disclosure Form, including attachments;

42.     Salamonie River, LLC's August 9, 2017 sworn Corporate Financial Disclosure Form, including attachments;

43.     Sandstone Beach, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

44.     Sedona Beauty Secrets, LLC's October 18, 2017 sworn Corporate Financial Disclosure Form, including attachments;

45.     SkinnyIQ, LLC's August 18, 2017 sworn Corporate Financial Disclosure Form, including attachments;

46.     Smile Pro Direct, LLC's October 18, 2017 sworn Corporate Financial Disclosure Form, including attachments;

47.     Snow Sale, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

48. Solid Ice, LLC's October 18, 2017 sworn Corporate Financial Disclosure Form, including attachments;

49. Spark Whitening, LLC's October 18, 2017 sworn Corporate Financial Disclosure Form, including attachments;

50. Spruce River, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

51. Three Lakes, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

52. Thunder Avenue, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

53. Titanwhite, LLC's October 18, 2017 sworn Corporate Financial Disclosure Form, including attachments;

54. Trimxt, LLC's October 18, 2017 sworn Corporate Financial Disclosure Form, including attachments;

55. Turtle Mountains, LLC's August 9, 2017 sworn Corporate Financial Disclosure Form, including attachments;

56. University & Folsom, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

57. Walnut Street Marketing, Inc.'s August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments;

58. Wave Rock, LLC's August 15, 2017 sworn Corporate Financial Disclosure Form, including attachments;

59. Wheeler Peak Marketing, LLC's August 21, 2017 sworn Corporate Financial Disclosure Form, including attachments; and

60. Wild Farms, LLC's August 23, 2017 sworn Corporate Financial Disclosure Form, including attachments.

J.     The suspension of the judgment will be lifted as to Settling Defendants if, upon motion by the Commission, the Court finds that Settling Defendants failed to disclose any material Asset, materially misstated the value of any Asset, or made any other material misstatement or omission in the financial representations identified above.

K.     If the suspension of the judgment is lifted, the judgment becomes immediately due as to Settling Defendants in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, or by any other Defendant in this action, in satisfaction of a monetary judgment, plus interest computed from the date of entry of this Order.

## V.     ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.     Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all Assets transferred pursuant to this Order and may not seek the return of any Assets.

B.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.     Settling Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Settling Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E.     All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Settling Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VI.     LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze against the Assets of Settling Defendants pursuant to the July 25, 2017 Temporary Restraining Order [ECF No. 16], the August 3, 2017 Order to Extend the Temporary Restraining Order and Continue Preliminary Injunction Hearing and Response Deadlines [ECF No. 18], and the September 7, 2017 Stipulated Preliminary Injunction with Asset Freeze and Other Equitable Relief [ECF No. 59] shall be lifted for the sole purpose of transferring Assets pursuant to this Order, and shall be dissolved upon the transfer of all such Assets.

## VII.     LIQUIDATION OF ASSETS BY THE RECEIVER

**IT IS FURTHER ORDERED** that the Receiver shall continue to exercise full control of the Receivership Defendants and operate under all prior orders of the Court, and:

A.     The Receiver is directed to liquidate, for fair market value, all of the receivership's Assets.

B.     The Receiver is directed to liquidate, for fair market value, those Assets identified in Sections IV(B), (C), (D), (E), (F), and (G) of this Order.

C.     Settling Defendants shall take all steps necessary to assist the Receiver in the sale of the Assets set forth in Subsections VII(A) and (B) above, and shall not add any encumbrances on the Assets.

D.     In the event that it is necessary to execute additional documents to transfer or liquidate Assets of the Receivership Defendants, Individual Defendant Blair McNea, or any other Assets that are to be surrendered under this Order, Settling Defendants shall execute such documents within three business days of a request from the Receiver or the FTC.

## VIII.   COMPENSATION OF THE RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and those he employs are entitled to reasonable compensation for the performance of their duties pursuant to this Order and for reimbursement of the costs and expenses incurred by them from the receivership estate.

## IX.    RECEIVERSHIP TERMINATION

**IT IS FURTHER ORDERED** that the Receiver is directed to, within 180 days of the date of the entry of this Order, unless good cause is shown to extend the receivership beyond 180 days, file and serve on the parties a final report ("Final Report") and request payment of fees and expenses. The Final Report shall include the total amount of funds in the receivership estate. Upon termination of the receivership, and final payment to the Receiver of all approved fees, costs, and expenses, the Receiver shall turn over to the FTC or its designated agent all remaining Assets in the receivership estate and all net proceeds of the sale of Assets set forth in sections VII(A) and VII(B) above.

## X.     CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Settling Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.     Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in

writing any information related to redress, Settling Defendants must provide it, in the form prescribed by the Commission, within 14 days;

  **B.**  Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with online transactions promoting or offering for sale any good or service with a Negative Option Feature; and

  **C.**  Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

## XI.  COOPERATION

  **IT IS FURTHER ORDERED** that Settling Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Settling Defendants must provide truthful and complete information, evidence, and testimony. Settling Defendants must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## XII.  ORDER ACKNOWLEDGMENTS

  **IT IS FURTHER ORDERED** that Settling Defendants obtain acknowledgments of receipt of this Order:

  **A.**  Settling Defendants, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

  **B.**  For 5 years after entry of this Order, Settling Defendants for any business that any of them, individually or collectively with any other Defendants, is the majority owner or controls

directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Settling Defendants delivered a copy of this Order, Settling Defendants must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XIII. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Settling Defendants make timely submissions to the Commission:

A. One year after entry of this Order, Settling Defendants must submit a compliance report, sworn under penalty of perjury. Each Settling Defendant must:

1. identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences;

2. identify all business activities, including any business for which Settling Defendant performs services whether as an employee or otherwise and any entity in which Settling Defendant has any ownership interest;

3. describe in detail Settling Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

4. identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Settling Defendant;

5. identify all of Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

22

6.     describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Settling Defendant must describe if he knows or should know due to her own involvement);

7.     describe in detail whether and how Settling Defendant is in compliance with each Section of this Order; and

8.     provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.     For 10 years after entry of this Order, Settling Defendants must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.     name, including aliases or fictitious names, or residence address;

2.     title or role in any business activity, including any business for which Settling Defendants perform services whether as an employee or otherwise and any entity in which Settling Defendants have any ownership interest, and identify the name, physical address, and any Internet address of the business or entity;

3.     any designated point of contact; or

4.     the structure of any entity that Settling Defendants have any ownership interest in or control directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.     Settling Defendants must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America

23

that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Blair McNea, X170048.

## XIV.   RECORDKEEPING

**IT IS FURTHER ORDERED** that Settling Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Settling Defendants for any business that each such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.     accounting records showing the revenues from all goods or services sold;

B.     personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.     records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.     all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.     a copy of each unique advertisement or other marketing material.

## XV.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any Assets as required by this Order:

24

1    A.    Within 14 days of receipt of a written request from a representative of the

2    Commission, Settling Defendants must:  submit additional compliance reports or other requested

3    information, which must be sworn under penalty of perjury; appear for depositions; and produce

4    documents for inspection and copying.  The Commission is also authorized to obtain discovery,

5    without further leave of court, using any of the procedures prescribed by Federal Rules of Civil

6    Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

7    B.    For matters concerning this Order, the Commission is authorized to communicate

8    directly with Settling Defendants.  Settling Defendants must permit representatives of the

9    Commission to interview any employee or other person affiliated with any Defendant who has

10    agreed to such an interview.  The person interviewed may have counsel present.

11    C.    The Commission may use all other lawful means, including posing, through its

12    representatives, as consumers, suppliers, or other individuals or entities, to Settling Defendants

13    or any individual or entity affiliated with Settling Defendants, without the necessity of

14    identification or prior notice.  Nothing in this Order limits the Commission's lawful use of

15    compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

16    D.    Upon written request from a representative of the Commission, any consumer

17    reporting agency must furnish consumer reports concerning Settling Defendants, pursuant to

18    Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

19                    XVI.   RETENTION OF JURISDICTION

20    IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for

21    all purposes.

22

23    SO STIPULATED

24

25    FOR THE PLAINTIFF FEDERAL TRADE COMMISSION:

26    _____          IT IS SO ORDERED.
      SARAH WALDROP
27    MICHELLE SCHAEFER              _____  4/10/2018
                                    UNITED STATES DISTRICT JUDGE
28

                                    25

600 Pennsylvania Avenue, NW CC-9528
Washington, DC 20580
Tel. 202-326-3444, -3515
swaldrop@ftc.gov, mschaefer@ftc.gov

**FOR DEFENDANTS BLAIR MCNEA AND CORPORATE DEFENDANTS:**

GIOVANNI RUSCITTI
Berg Hill Greenleaf Ruscitti LLP
1712 Pearl Street
Boulder, CO 80302
Tel. 303-402-1600
gmr@bhgrlaw.com

**DEFENDANT BLAIR MCNEA**

BLAIR MCNEA
*Individually and on behalf of all Corporate Defendants*

IT IS SO ORDERED:

UNITED STATES DISTRICT JUDGE

DATED:

26