Byron Z. Moldo, CA SBN 109652
 bmoldo@ecjlaw.com
Admitted Pro Hac Vice
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile (310) 859-2325

Bart K. Larsen, Nevada Bar #8538
 blarsen@klnevada.com
KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, NV 89145
Telephone (702) 362-7800
Facsimile (702) 362-9472

Attorneys for Joshua Teeple, Permanent Receiver

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>REVMOUNTAIN, LLC, a Nevada limited liability company, et al.<br><br>Defendants. | Case No. 17-CV-02000-APG-GWF<br><br>STIPULATION TO EXTEND TIME FOR RECEIVER TO FILE AND SERVE FINAL REPORT; ORDER<br><br>The Hon. Andrew P. Gordon |

IT IS HEREBY STIPULATED by and between Joshua Teeple, Permanent Receiver ("Receiver"), plaintiff Federal Trade Commission ("Plaintiff"), defendants RevMountain, LLC; RoadRunner B2C, LLC, d/b/a RevGo; Wave Rock, LLC; Juniper Solutions, LLC; Jasper Woods, LLC; Wheeler Peak Marketing, LLC; ROIRunner, LLC; Cherry Blitz, LLC; Flat Iron Avenue, LLC; Absolutely Working, LLC; Three Lakes, LLC; Bridge Ford, LLC; How and Why, LLC; Spruce River, LLC; TrimXT, LLC; Elation White, LLC; IvoryPro, LLC; Doing What's Possible,

16177.1:9365567.1

LLC; RevGuard, LLC ("RevGuard"); RevLive!, LLC; Blue Rocket Brands, LLC; Convertis, LLC; Convertis Marketing, LLC; Turtle Mountains, LLC; Boulder Black Diamond, LLC; Mint House, LLC; Thunder Avenue, LLC; University & Folsom, LLC; Boulder Creek Internet Solutions, Inc.; Walnut Street Marketing, Inc.; Snow Sale, LLC; Brand Force, LLC; Wild Farms, LLC; Salamonie River, LLC; Indigo Systems, LLC; Night Watch Group, LLC; Newport Crossing, LLC; Greenville Creek, LLC; Brookville Lane, LLC; Anasazi Management Partners, LLC; Honey Lake, LLC; Condor Canyon, LLC; Brass Triangle, LLC; Solid Ice, LLC; Sandstone Beach, LLC; Desert Gecko, LLC; Blizzardwhite, LLC; Action Pro White, LLC; First Class Whitening, LLC; Spark Whitening, LLC; Titanwhite, LLC; Dental Pro At Home, LLC; Smile Pro Direct, LLC; Circle of Youth Skincare, LLC; DermaGlam, LLC; Sedona Beauty Secrets, LLC; Bella at Home, LLC; SkinnyIQ, LLC; Body Tropical, LLC; and each of their subsidiaries, affiliates, successors, and assigns ("Corporate Defendants"), and defendant Blair McNea ("McNea"), as follows:

## RECITALS

A. On July 25, 2017, this Court entered Plaintiff's Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue.

B. On September 1, 2017, this Court entered its Preliminary Injunction with Asset Freeze, Appointment of Receiver, and Order Equitable Relief as to Defendants Blair, McNea, Jennifer Johnson, and Entity Defendants ("Preliminary Injunction").

16177.1:9365567.1    2

C. The Preliminary Injunction also provided that Joshua Teeple was appointed as permanent Receiver of the Receivership Entities[1] with full powers of an equity receiver. The Preliminary Injunction includes the duties and authorities of the Receiver. Those powers include, but are not limited to: taking exclusive custody, control, and possession of all Assets[2] and Documents of, or in the possession, custody, or under the control of any of the Receivership Entities, wherever situated; and conserving, holding, managing, and preventing the loss of all Assets of the Receivership Entities, and performing all acts necessary or advisable to preserve the value of those Assets.

D. On April 10, 2018, this Court entered the Stipulated Permanent Injunction and Other Equitable Relief as to Defendant Blair McNea and All Corporate Defendants ("Permanent Injunction"). The Permanent Injunction provided in section IX. "that the Receiver is directed to, within 180 days of the date of entry of this Order, unless good cause is shown to extend the receivership beyond 180 days, file and serve on the parties a final report ("Final Report") and request payment of fees and expenses."

E. The Permanent Injunction at section VII. directed the Receiver to liquidate, for fair market value, all of the receivership's Assets, including the Assets identified in Sections IV(B), (C), (D), (E), (F), and (G) of the Permanent Injunction.

F. All Assets of the receivership estate have been liquidated except the following:

1) Defendant McNea's rights and interests in The Grid, Inc. ("Grid"), Tubular Labs, Inc. ("Tubular") and Seek Capital, Inc. ("Seek");

---

[1] "Receivership Entities" means Entity Defendants as well as any other entity that has conducted any business related to Defendants' marketing of negative option offers, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

[2] "Asset" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

2) Intellectual property owned by the Corporate Defendants;

3) Collection of outstanding accounts receivable owed to the Corporate Defendants;

4) Defendant McNea's painting titled "Black Roses Painting" ("Painting"); and

5) The real property located at 6331 Snowberry lane, Niwot, Colorado 80503 ("Property").

G. The Receiver expects that the intellectual property owned by the Corporate Defendants, and defendant McNea's rights and interests in Grid, Tubular, and Seek, and the Painting, will be liquidated by January 31, 2019.

H. The Receiver has unsuccessfully attempted to liquidate the intellectual property owned by the Corporate Defendants, but will continue his liquidation efforts.

I. The Receiver commenced certain litigation to collect outstanding accounts receivable owed to the Corporate Defendants. The Receiver is uncertain at this time if all of the litigation will be concluded by January 31, 2019.

J. Although the Receiver retained the services of a licensed real estate broker to list and sell the Property immediately after entry of the Permanent Injunction, and the Property has been continuously marketed at all times thereafter, the Property has not yet sold despite the listing price having been reduced.

K. Due to the assets listed in recital F. above not having been sold, the Receiver will not be able to file and serve a final report within 180 days after entry of the Permanent Injunction.

L. The Receiver is confident that defendant McNea's interests in Grid, Tubular, and Seek will be sold by January 31, 2019, but he is less certain that the litigation to collect outstanding accounts receivable with conclude, and that the Property can be sold so that he can file his final report by January 31, 2019.

M. For the reasons set forth above the Receiver believes that good cause

exists to extend the date to file and serve a final report as the Property has not yet sold.

N.   In order to extend the date for submission of his final report, the Parties have entered into this stipulation.

NOW, THEREFORE, in consideration of the foregoing, the Parties agree as follows:

1.   IT IS HEREBY STIPULATED that the time for the Receiver to file and serve a final report is extended to January 31, 2019.

2.   IT IS FURTHER STIPULATED that if good cause is shown, the January 31, 2019 date for the Receiver to file and serve a final report may be further extended.

DATED: October 17, 2018                    ERVIN COHEN & JESSUP, LLP


By: */s/ Byron Z. Moldo*
Byron Z. Moldo
Attorneys for Joshua Teeple,
Permanent Receiver


DATED: October 17, 2018                    FEDERAL TRADE COMMISSION


By: */s/ Sarah Waldrop*
Sarah Waldrop
Attorneys for Plaintiff Federal
Trade Commission


**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE
Dated: October 18, 2018.